UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARTE-HANKS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLES R. DALL'ACQUA and )<br>PROTOCOL MARKETING GROUP, )<br>)<br>Defendants. )<br>) | Civil Action No.:<br><br>04 11548 DPW |

## MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, Plaintiff, Harte-Hanks, Inc. ("Harte-Hanks"), respectfully moves the Court to issue a preliminary injunction prohibiting Defendant Charles R. Dall'Acqua from "attempt[ing] directly or through others to influence any employee of Harte-Hanks to terminate their employment with Harte-Hanks or to recruit Harte-Hanks employees for other employment." As grounds for this motion, Harte-Hanks states:

1. Dall'Acqua is a former Senior Vice-President of Harte-Hanks.

2. While in that position, Dall'Acqua entered into a Confidentiality/Non-Disclosure Agreement with Harte-Hanks (the "Agreement"), whereby he agreed that he would not "attempt[] directly or through others to influence any employee of Harte-Hanks to terminate their employment with Harte-Hanks or to recruit Harte-Hanks employees for other employment" for a period of two years following his departure from Harte-Hanks.

3. Dall'Acqua was terminated from Harte-Hanks on or about March 5, 2004, and is now the Chief Executive Officer of Protocol Marketing Group, a corporation with a principal place of business in Illinois and a competitor of Harte-Hanks.

4. In or about April-May 2004, Dall'Acqua contacted John Martus, a Controller with Harte-Hanks in Massachusetts, and sucessfully solicited Martus to leave the employment of Harte-Hanks and to become a Massachusetts employee of Protocol.

5. Harte-Hanks learned of Dall'Acqua's solicitation of Martus and of Martus's employment by its competitor Protocol on or about May 24, 2004.

6. By letter dated June 8, 2004, Paul Steven Hacker, Vice-President, Legal and Secretary of Harte-Hanks, notified Dall'Acqua that his actions with respect to Martus were in direct violation of the Agreement.

7. On or about June 17, 2004, Mr. Hacker received a letter from Susan C. Levy of the Chicago law firm of Jenner & Block, which had reportedly been retained to represent Dall'Acqua and Protocol.

8. Ms. Levy indicated, on behalf of Dall'Acqua, that (a) the signature on the Agreement was "forged and unauthorized," and (b) he did not intend "to abide by any term of this purported agreement."

9. Harte-Hanks initiated this action to recover for Dall'Acqua's past breach, and to prevent future breaches, of the Agreement.

10. Harte-Hanks is likely to succeed on the merits, as the Agreement is enforceable and Dall'Acqua has breached.

11. Harte-Hanks will suffer irreparable harm if the injunction requested does not issue.

12. Dall'Acqua will not be substantially harmed if the requested injunction issues.

13. The public interest will not be harmed by the issuance of the requested injunction.

14. A memorandum and declarations of Elaine Dernoga, Dean H. Blythe; and Paul Steven Hacker are submitted in support of this motion.

WHEREFORE, Harte-Hanks respectfully requests that the Court issue a preliminary injunction, prohibiting and restraining Defendant Dall'Acqua from "attempt[ing] directly or through others to influence any employee of Harte-Hanks to terminate their employment with Harte-Hanks or to recruit Harte-Hanks employees for other employment."

Dated: July 12, 2004

HARTE-HANKS, INC.,

By its attorneys,

David B. Chaffin
BBO# 549245
Kathleen A. Kelley
BBO # 562342
HARE & CHAFFIN
160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

## CERTIFICATE OF CONSULTATION

Pursuant to Rule 7.1(A) of the Local Rules of this Court, I certify that on July 8, 2004, counsel conferred in a good faith attempt to resolve or narrow the issues presented by this motion, but were unable to do so.

_____
David B. Chaffin

422004.062804