UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARTE-HANKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHARLES R. DALL'ACQUA and <br> PROTOCOL MARKETING GROUP, <br><br> Defendants. | Civil Action No.: <br><br> 04 - 11540 DPW |

## DECLARATION OF DEAN H. BLYTHE

I, Dean H. Blythe, state and declare the following:

1. I am over the age of 21. I reside in Texas. I am the Senior Vice-President and the Chief Financial Officer of Harte-Hanks, Inc. ("Harte-Hanks"). The statements made in this declaration are based on my personal knowledge, unless otherwise indicated.

2. Harte-Hanks, Inc. ("Harte-Hanks") is a Delaware corporation with a principal place of business in San Antonio, Texas. Harte-Hanks conducts business and maintains an office and employees in the Commonwealth of Massachusetts. Harte-Hanks is a worldwide direct and targeted marketing company.

3. Defendant Protocol Marketing Group ("Protocol") is, according to its website, a corporation with a principal place of business in Illinois. Based on Protocol's website and publicly available information, Protocol conducts business and maintains an office and employees in the Commonwealth of Massachusetts. Protocol is a competitor of Harte-Hanks.

4. Charles Dall'Acqua was employed in Maryland by Harte-Hanks, in various positions, from approximately 1982 to March 2004, when he was terminated. Before he was terminated, Mr. Dall'Acqua was a Senior Vice-President and was one of the top five executives of the company.

5. In or about January 2002, in an effort to ensure that all employment records and agreements were consistent throughout the company and were in compliance with company policy, Harte-Hanks undertook a review of all such records and agreements.

6. I am informed and believe that on or about January 25, 2002, in connection with this review and pursuant to Harte-Hanks standard practice and policy, Mr. Dall'Acqua was asked to sign and did sign a Confidentiality/Non-Disclosure Agreement (hereinafter the "Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit A.

7. On or about March 5, 2004, Mr. Dall'Acqua's employment with Harte-Hanks was terminated.

8. John Martus is a former Harte-Hanks employee.

9. In late 2003, while Mr. Martus was working at Harte-Hanks's Baltimore office, Harte-Hanks offered him a promotion to a new position with the Company, with an increase in salary and benefits. The offer was conditional on Mr. Martus's relocating to Massachusetts, at Harte-Hanks's expense. Mr. Martus accepted the offer, moved to Massachusetts (at Harte-Hanks's expense), and began to work at Harte-Hanks's offices in Billerica.

10. On or about October 10, 2003, Mr. Martus executed a Non-Compete Agreement with Harte-Hanks. A true and correct copy of Mr. Martus's Non-Compete Agreement is attached hereto as Exhibit B.

2

11. By virtue of his position as Controller, Mr. Martus had access to and knows proprietary and confidential information concerning Harte-Hanks's business, including information concerning employee salaries, product and service costs, and pricing.

12. Mr. Martus resigned from Harte-Hanks and began to work at Protocol's Massachusetts office in or about May 2004. I believe Mr. Martus is still employed at Protocol.

SIGNED UNDER THE PENALTIES OF PERJURY
ON THIS 6th DAY OF JULY, 2004.

_____
Dean Blythe

422003.062904