UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARTE-HANKS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.  04-11548-DPW |
| v. ) | |
| ) | |
| CHARLES R. DALL'ACQUA and ) | |
| PROTOCOL MARKETING GROUP, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS CHARLES R. DALL'ACQUA'S AND PROTOCOL SERVICES, INC.'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES**

Defendants Charles R. Dall'Acqua ("Dall'Acqua") and Protocol Services, Inc. ("Protocol")[1] (referred to collectively as "Defendants") answer the Complaint and Demand for Trial by Jury filed by Harte-Hanks, Inc. ("Harte-Hanks" or "Plaintiff") as follows:

**Jurisdiction and Venue**

1. Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

**Factual Allegations**

3. Upon information and belief, Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.  **[Was Charles a top 5 executive of Harte-Hanks?]**

---

[1] Defendant Protocol Services, Inc. is incorrectly identified as Protocol Marketing Group in the Complaint.

1

7. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 7 of the Complaint, and, accordingly, deny the allegations contained in Paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit that the quoted language appears in Paragraph 10 of Exhibit A of the Complaint (the "Purported Dall'Acqua Agreement"), but denies any further allegations of Paragraph 11 of the Complaint.

12. Defendants admit that the quoted language appears in Paragraph 12 of the Purported Dall'Acqua Agreement, but denies any further allegations of Paragraph 12 of the Complaint.

13. Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14. Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15. Upon information and belief, Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 16 of the Complaint, and, accordingly, deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 17 of the Complaint, and, accordingly, deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20. Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21. Defendants admit the allegations contained in Paragraph 21 of the Complaint, except Defendants deny that Martus began work at Protocol in May 2004.

22. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 22 of the Complaint, and, accordingly, deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24. Defendants admit the allegations contained in Paragraph 24 of the Complaint.

25. Defendants admit the allegations contained in Paragraph 25 of the Complaint.

26. Defendants admit the allegations contained in Paragraph 26 of the Complaint.

27. Defendants admit that the June 17, 2004 letter to Paul Steven Hacker ("Hacker") contains the quote referenced in Paragraph 27 of the Complaint, but deny that the assertions in the letter written by Susan C. Levy concerning the Purported Dall'Acqua Agreement are false.

28. Defendants admit the allegations contained in Paragraph 28 of the Complaint.

29. Defendants admit the allegations contained in Paragraph 29 of the Complaint, except Defendants deny that Ms. Levy "threatened" anyone.

30. Defendants admit the allegations contained in Paragraph 30 of the Complaint, except Defendants deny that the assertion that the Purported Dall'Acqua Agreement was "forged and unauthorized" is false.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

## COUNT I

32. Defendants repeat and incorporate by reference herein their answers to Paragraphs 1 -31 above.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

## COUNT II

36. Defendants repeat and incorporate by reference herein their answers to Paragraphs 1 -35 above.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

## COUNT III

40. Defendants repeat and incorporate by reference herein their answers to Paragraphs 1 -39 above.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

## COUNT IV

46. Defendants repeat and incorporate by reference herein their answers to Paragraphs 1 -45 above.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

## **AFFIRMATIVE AND OTHER DEFENSES**

For their Affirmative and Other Defenses, Defendants state the following:

1. Plaintiff's claims fail to state a claim upon which relief can be granted.

2. The signature of Dall'Acqua on the Purported Dall'Acqua Agreement is a forgery and the Purported Dall'Acqua Agreement is unenforceable.

WHEREFORE, Defendants Charles R. Dall'Acqua and Protocol Services, Inc. respectfully request that the Complaint be dismissed with prejudice, and with costs awarded to Defendants.

Dated: August 2, 2004                               Respectfully submitted,

CHARLES R. DALL'ACQUA and
PROTOCOL SERVICES, INC.


By:   */s/ John F. Rooney, III*
John F. Rooney III
Angela L. Lackard
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA  02109
(617) 523-6200

Susan C. Levy
Carla J. Rozycki
Darren M. Mungerson
JENNER & BLOCK, LLP
One IBM Plaza
Chicago, IL  60611
(312) 222-9350

Attorneys for Defendants Charles R. Dall'Acqua and Protocol Services, Inc.

5