UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HARTE-HANKS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 04 CV 11548 DPW |
| v. ) | |
| ) | |
| CHARLES R. DALL'ACQUA and ) | |
| PROTOCOL MARKETING GROUP, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT OF ELLEN MULCRONE SCHUETZNER AND STATEMENT OF REASONS

Plaintiff, Harte-Hanks, Inc., respectfully moves the Court to strike the affidavit of Ellen Mulcrone Schuetzner ("Schuetzner Affidavit"), a purported handwriting expert, which was submitted by Defendants in opposition to Plaintiff's motion for a preliminary injunction.

### Statement Of Reasons

**Applicable Legal Principles**

Ms. Schuetzner's opinions are admissible only if they meet the standards in Rule 702 of the Federal Rules of Evidence and under Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), and Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999). Among other things, they been have been "arrived at in a scientifically sound and methodologically reliable fashion." United States v. Mooney, 315 F.3d 54, 63 (1st Cir.2002) (admissibility of expert testimony concerning handwriting).

Moreover, her opinions must be relevant and probative. As New York's highest court

recently explained with respect to opinions such as have been offered by Ms. Schuetzner:

> [W]here an expert is used to counter the moving party's prima facie proof, the expert opinion must . . . <u>state with reasonable professional certainty that the signature at issue is not authentic</u>.

Banco Popular North America v. Victory Taxi Management, Inc., 1 N.Y.3d 381, 384, 806 N.E.2d 488, 490, 774 N.Y.S.2d 480, 482 (2004) (handwriting expert's conclusion that "Albaz [the defendant] can not be identified as the writer of the questioned signatures" was "the equivalent of stating that he was not able to determine whether Albaz was the signatory on the documents," and was therefore insufficient to avoid summary judgment for the plaintiff) (emphasis added).

**Application**

Ms. Schuetzner's opinions do not pass muster under Rule 702 and <u>Daubert</u> and its progeny. Her affidavit and report are rife with errors. She fails to articulate the specific methodology and criteria she employed. She fails to describe with the requisite specificity the actual examination and analysis purportedly undertaken. She utilizes generalized and conclusory language, such as "significant differences" and "dissimilarities" (Schuetzner Affidavit, ¶ 5), without sufficient foundational basis in particular factual findings and criteria presumably recognized and accepted as significant in the field of handwriting analysis. She interjects an opinion that lacks any degree of probability or reasonable degree of certainty and, instead, expresses a belief that is merely speculative, to wit, "<u>I believe</u> the questioned signature <u>may be an attempt</u> to simulate or trace an authentic signature." (<u>Id.</u>, ¶ 6 (emphasis added).) She interjects a conclusion that is improper, wholly lacking in foundation, and beyond any expert's prerogative, namely, "<u>My conclusion is that there is no evidence</u> to indicate that the person who prepared the known Charles Dall'Acqua signatures on the samples known to be authentic executed the

questioned signature on Exhibit B." (Id. ¶ 7 (emphasis added).) Her opinions are untrustworthy because, as explained in the accompanying Declaration of Charles M. Shure, Ms. Schuetzner (a) relied on photocopies (some of poor quality) and a non-representative sample of known signatures, (b) relied on "signatures" on expense reports that are not in fact signatures, (c) refers to microscopic examination (in an apparent attempt to make the opinion sound scientific) even though microscopic examination of photocopies derives no useful information and can be counter-productive, (d) refers to the "Guideline for the Examination of Handwritten Items," even though there is no universally-accepted or adopted "Guideline for the Examination of Handwritten Items," and the written standards that do exist do not call for the microscopic examination of photocopies, (e) draws unwarranted and insupportable conclusions from the variations in signatures, and (f) draws exactly the wrong conclusion concerning the existence of evidence. (Declaration of Charles M. Shure ¶¶ 9-25.) Thus, Ms. Schuetzner's opinions were not "arrived at in a scientifically sound and methodologically reliable fashion." Mooney, 315 F.3d at 63. They should be stricken.

Ms. Schuetzner's opinions should be stricken also because they are neither relevant nor probative. Ms. Schuetzner says three things. First, she points out that there are differences between the signature on the agreement and other "known" signatures by Mr. Dall'Acqua. (Schuetzner Aff., ¶ 5.) This proves nothing, because there unquestionably are also differences among the "known" signatures. She then says that the signature on the agreement "may be an attempt to simulate or trace an authentic signature." (Id., ¶ 6.) This is speculation, not proof. She also says that "there is no evidence to indicate that" the person who signed Mr. Dall'Acqua's "known" signatures also signed the agreement. (Id., ¶ 7.) This statement obviously is based on

3

the prior two statements (especially the first), which are, as noted, fatally flawed. It falls with them. Further, she is not competent to opine as to the state of the evidence. The statement is as to a subject that is not within the ken of a handwriting expert. To advance the ball, opinions to a reasonable degree of certainty as to (1) whether the document is a forgery, and (2) whether the signature is Mr. Dall'Acqua's are needed. Ms. Schuetzner offers neither. Her opinions should be stricken.

WHEREFORE, Harte-Hanks respectfully requests that the Court strike the Schuetzner Affidavit in its entirety.

Dated: August 9, 2004                                HARTE-HANKS, INC.,

                                                     By its attorneys,


                                                     _____
                                                     David B. Chaffin
                                                     BBO# 549245
                                                     Kathleen A. Kelley
                                                     BBO # 562342
                                                     HARE & CHAFFIN
                                                     160 Federal Street
                                                     Boston, Massachusetts 02110
                                                     (617) 330-5000

## CERTIFICATE OF CONSULTATION

I certify that counsel have conferred in a good faith attempt to resolve or narrow the issue presented by this motion but have been unable to do so.

                                                     _____
                                                     Kathleen A. Kelley

4

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing document was served by hand on counsel of record for defendants this 9th day of August 2004.

_____
Kathleen A. Kelley

422004.080504