UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARTE-HANKS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 04-11548-DPW |
| ) | |
| CHARLES R. DALL'ACQUA and ) | |
| PROTOCOL MARKETING GROUP, ) | |
| ) | |
| Defendants. ) | |

## SUPPLEMENTAL DECLARATION OF PAUL STEVEN HACKER

I, Paul Steven Hacker, state, under the penalties of perjury:

1.      I am over the age of 21. I submit this declaration to supplement the information provided in my previous (July 7, 2004) declaration submitted in this matter. The statements in this declaration are made upon my personal knowledge, unless otherwise indicated.

2.      Harte-Hanks's records indicate that Charles Dall'Acqua's compensation for employment during recent years was as follows:

| YEAR | BASE SALARY | BONUS | TOTAL |
|---|---|---|---|
| 1998 | $255,000 | $148,000 | $403,000 |

| 1999 | $275,000 | $40,000 | $315,000 |
| 2000 | $300,000 | $148,000 | $448,000 |
| 2001 | $320,000 | -------- | $320,000 |
| 2002 | $320,000 | $5,000 | $325,000 |
| 2003 | $320,000 | $22,000 | $342,000 |
| 2004 | $340,000 | -------- | $340,000 |

In addition to salary and bonuses, Mr. Dall'Acqua, Mr. Dall'Acqua was granted options for tens of thousands of shares of Harte-Hanks stock, which is listed on the New York Stock Exchange. He exercised many of those options, reaping hundreds of thousands of dollars in profits.

4. In or about May of this year, I became involved in an investigation concerning reports of Mr. Dall'Acqua's solicitation of an employee, John Martus, to leave Harte-Hanks and work for Protocol Services, Inc.

5. I was advised that Mr. Dall'Acqua had signed a Confidentiality/Non-Disclosure

Agreement with Harte-Hanks that prohibited this behavior. My office is in San Antonio, Texas. Mr. Dall'Acqua had been based in Maryland.

6.  I contacted Billie Gray, a Vice President of Human Resources at Harte-Hanks's Jacksonville, Florida offices, to attempt to locate Mr. Dall'Acqua's agreement. I was told that the agreement would be in Mr. Dall'Acqua's personnel file in Maryland. Ms. Gray agreed to try to obtain the agreement for me.

7.  As a result of these inquiries, on June 1, 2004, I received a fax from Elaine Demoga. It included a copy of the Confidentiality/Non-Disclosure Agreement showing the signature of Charles Dall'Acqua, dated January 25, 2002. Attached hereto as Exhibit A is a true and correct copy of the fax from Ms. Demoga. The fax bears the number of the fax machine from which the fax was sent. I had not seen Mr. Dall'Acqua's agreement before then.

SIGNED UNDER THE PENALTIES OF PERJURY
THIS ___ DAY OF AUGUST, 2004.

_____
Paul Steven Hacker

422004.080204

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on 8/5/04
_____