UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARTE-HANKS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLES R. DALL'ACQUA and )<br>PROTOCOL MARKETING GROUP, )<br>)<br>Defendants. )<br>) | Civil Action No. 04-11548-DPW |

**DEFENDANT CHARLES R. DALL'ACQUA'S UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL AFFIDAVIT INSTANTER**

Defendant Charles R. Dall'Acqua ("Dall'Acqua") respectfully requests that this Court grant Dall'Acqua leave to file the attached Supplemental Affidavit of Ellen Mulcrone Schuetzner. In support of this motion, Dall'Acqua states the following:

1.  On or about July 12, 2004, Plaintiff Harte-Hanks, Inc. ("Harte-Hanks") filed with this Court its Complaint against Dall'Acqua and his current employer, Protocol Services, Inc. ("Protocol")[1] and Motion for Preliminary Injunction against Dall'Acqua.

2.  On or about August 2, 2004, Dall'Acqua filed with this Court his Response in Opposition to Plaintiff's Motion for Preliminary Injunction ("Response").

3.  Attached to Dall'Acqua's Response as Exhibit 5 was an Affidavit of Ellen Mulcrone Schuetzner ("Schuetzner"), a Chicago-based forensic document examiner certified by the American Board of Forensic Document Examiners and retained by Dall'Acqua to determine whether the purpoted Dall'Acqua signature on a January 25, 2002 Confidentiality/Non-

---

[1] Defendant Protocol Services, Inc. is incorrectly identified as Protocol Marketing Group in the Complaint.

1

Disclosure Agreement allegedly executed by Dall'Acqua (the "Purported Dall'Acqua Agreement") was Dall'Acqua's authentic signature.

4. At the time that Schuetzer conducted her initial analysis and executed the Affidavit attached to Dall'Acqua's Response, Schuetzer had not been provided access to the original of the Purported Dall'Acqua Agreement, which remained in the control of Harte-Hanks and/or its counsel, and based her findings and analysis on a first generation copy.

5. Harte-Hanks' counsel agreed to provide Schuetzner access to the original Purported Dall'Acqua Agreement on Friday, August 6, 2004, from 2:00 p.m. until 5:00 p.m., at Harte-Hanks' counsel's offices in Boston, Massachusetts.

6. On August 6, 2004, Schuetzner traveled to Boston and reviewed and analyzed the original Purported Dall'Acqua Agreement.

7. Based upon this review and analysis, Schuetzer has supplemented her earlier report, which was attached to her earlier Affidavit as Exhibit D, and has executed a Supplemental Affidavit.

8. Dall'Acqua respectfully requests that this Court should allow him to file this Supplemental Affidavit of Ellen Mulcron Schuetzner.

9. Harte-Hanks' counsel has indicated that it does not oppose the granting of this motion, on the condition that they receive a copy of the motion and attachments at the time this motion is filed with this Court. Dall'Acqua's counsel has met this condition.

WHEREFORE, Dall'Acqua respectfully requests that this Court enter an order granting leave to file the Supplemental Affidavit of Ellen Mulcrone Schuetzner.

Dated: August 9, 2004

Respectfully submitted,

CHARLES R. DALL'ACQUA and
PROTOCOL SERVICES, INC.


By:  /s/ John F. Rooney, III
       John F. Rooney III
       Angela L. Lackard
       MELICK, PORTER & SHEA, LLP
       28 State Street
       Boston, MA  02109
       (617) 523-6200

       Susan C. Levy
       Carla J. Rozycki
       Darren M. Mungerson
       JENNER & BLOCK, LLP
       One IBM Plaza
       330 N. Wabash
       40th Floor
       Chicago, IL  60611
       (312) 222-9350

       Attorneys for Defendants Charles R.
       Dall'Acqua and Protocol Services, Inc.

## CERTIFICATE OF CONSULTATION

      Pursuant to Rule 7.1(A) of the Local Rules of this Court, I certify that on August 9, 2004, counsel conferred in good faith attempt to resolve or narrow the issues presented by this motion, and that counsel for Plaintiff agreed that they would not oppose this motion on the condition that Defendant's counsel provide them with a copy of this motion and attachments at the time that this motion is filed with the Court. Defendant's counsel has agreed to and met this condition..

                                              /s/ John F. Rooney, III
                                              John F. Rooney III

CHICAGO11374222 8/9/2004 2:39 PM