UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARTE-HANKS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLES R. DALL'ACQUA and )<br>PROTOCOL MARKETING GROUP, )<br>)<br>Defendants. )<br>) | Civil Action No.04-11548-DPW |

**MOTION FOR MODIFICATION OF PRE-TRIAL
SCHEDULE WITH RESPECT TO EXPERT
REPORTS CONCERNING DAMAGES**

Plaintiff, Harte-Hanks, Inc., respectfully moves to modify the deadlines for the submission of its expert report on damages and for the submission of rebuttal expert reports. Defendants do not oppose this motion and have agreed to the proposed schedule modification. The grounds for this motion are:

1. The Court has adopted the parties' Proposed Pre-Trial Schedule (the "Schedule"), which provides for expedited discovery.

2. Under the Schedule, Harte-Hanks is required to serve its expert reports today, Defendants are to serve their expert reports on October 1, 2004, and reply expert reports (if any) are to be served on October 15, 2004.

3. Harte-Hanks has served the reports of two of its three experts. Harte-Hanks's two experts on the key issue in the case – whether the Confidentiality/Non-Disclosure Agreement is a

forgery – have completed their work, and their reports have been provided. (Meeting the deadline with respect to these reports has been no mean feat, in part because one of the experts, Gerald ("Gerry") Richards, has been swamped by requests by various media outlets for his opinion with respect to the memoranda about which CBS News reported.)

4. Harte-Hanks's expert on damages, Elizabeth Becker of The Analysis Group, has not completed her report. Because Harte-Hanks's counsel were very busy with, among other things, the preparation and issuance of discovery requests, the compilation of information, and work with the document examiners; and because it was not easy to locate someone qualified to opine as to the damages in this case, Ms. Becker only recently began her work. The investigation and work she has done thus far indicates that the damages analysis will require a substantial amount of additional work, including interviewing a number of Harte-Hanks employees and compiling information as to employee turn-over costs.

5. No party would be prejudiced by the requested modifications of the schedule. Under the Schedule, expert depositions are unlikely to begin before November. Defendants therefore will have Ms. Becker's report well in advance of her deposition. Further, the requested modifications include an enlargement of the time within which Defendants must serve their expert report(s) on damages.

6. The requested modifications will not delay the case.

7. Defendants do not oppose this motion, and have agreed to the proposed modifications to the Schedule.

WHEREFORE, Harte-Hanks respectfully requests that the Schedule be modified to permit Harte-Hanks to serve its expert report on damages on or before October 1, 2004, and to

permit all parties to submit rebuttal expert reports on or before October 29, 2004. Further, in the event Harte-Hanks deems a rebuttal expert report on damages to be necessary, it will serve it on or before November 5, 2004.

Dated: September 17, 2004

HARTE-HANKS, INC.,

By its attorneys,

s/David B. Chaffin
David B. Chaffin
BBO No. 549245
Kathleen A. Kelley
BBO No. 562342
HARE & CHAFFIN
160 Federal Street
Boston, MA 02110
(617) 330-5000

## CERTIFICATE OF CONSULTATION

I certify that I consulted with co-counsel for Defendants and we were able to resolve the issue presented by this motion.

s/David B. Chaffin

422004.091604