UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

_____
HARTE-HANKS, INC.,                )
                                  )
       Plaintiff,              )
                                  )
v.                                )   Civil Action No. 04 CV 11548 DPW
                                  )
CHARLES R. DALL'ACQUA and         )
PROTOCOL MARKETING GROUP,         )
                                  )
       Defendants.             )
_____)

## EMERGENCY MOTION FOR ORDER
## CONCERNING ORIGINAL EXHIBITS

Plaintiff, Harte-Hanks, Inc., respectfully moves the Court to require Defendants' counsel immediately to return the original exhibits to counsel for Harte-Hanks. The grounds for this motion are:

1. On September 2, 2004, the parties filed a stipulation concerning the handling of the original exhibits from the evidentiary hearing in August, including the original of Mr. Dall'Acqua's Confidentiality/Non-Disclosure Agreement (the "Dall'Acqua Agreement"). The stipulation provides, in relevant part:

    1. Counsel for Harte-Hanks may take possession from the Court of the original exhibits marked during the hearing on August 10 and 12, 2004;

    2. Counsel for Harte-Hanks may retain the original exhibits until September 10, 2004, when counsel for Harte-Hanks shall deliver them, by hand, to counsel for Defendants;

3.   The parties thereafter shall cooperate to ensure that each party has sufficient access to such exhibits;

4.   **The parties shall document through correspondence between counsel the chain-of-custody of such documents;**

5.   **Counsel shall take the utmost care in the handling and use of the original exhibits; . . ..**

(See Exhibit A (emphasis added).)

3.   Consistent with the stipulation, Harte-Hanks's counsel retained the original exhibits at their offices in Boston from September 2 to September 10. (Much of the time, the exhibits were in a safe.) Harte-Hanks's two document examiners worked with the exhibits in Harte-Hanks's counsel's offices in Boston, which required the experts to travel here from Maryland and Martha's Vineyard.

4.   On Monday, Defendants' Chicago co-counsel advised Harte-Hanks's General Counsel, Mr. Hacker, that one of Defendants' experts, whose office is apparently in New York City, had taken the original of the Dall'Acqua Agreement to a conference in Denver last weekend and "handed [it] around."

5.   Yesterday morning, the undersigned called Defendants' Boston co-counsel, Angela Lackard. He asked Ms. Lackard where the original exhibits were and whether it was true that Defendants' expert had taken the original of the Dall'Acqua Agreement to Denver. Ms. Lackard confirmed that Defendants' expert had the exhibits and agreed to find out whether the original of the Dall'Acqua Agreement had been taken to Denver. The undersigned said that he would be very troubled if it were true that the agreement had been taken to Denver and "shown around," and that he would view it as a violation of the stipulation.

6. Ms. Lackard called the undersigned later and confirmed that the original of the Dall'Acqua Agreement had been taken to Denver. She said that she did not view this as a violation of the stipulation because it does not require that the exhibits be kept in a particular location. The undersigned said, in words or substance, that the exhibits, particularly Mr. Dall'Acqua's agreement, are critical evidence; that Harte-Hanks's counsel had retained the originals in their offices at all times before turning them over to Defendants' counsel; that sending them to New York was bad enough; and that the expert's transporting of the agreement 2,000 miles so that he could show it around was a violation of the requirement that the exhibits be handled with the utmost care.

7. The undersigned told Ms. Lackard that he wanted the original exhibits returned to him by overnight mail. Ms. Lackard indicated that they would be returned promptly. The undersigned had the impression after the call that it was probable that he would receive the original exhibits, including the original of the Dall'Acqua Agreement, back today.

8. At 5:00 last evening, the undersigned received a letter from Ms. Lackard. Contrary to her prior assurances, the letter states:

> As a follow up to our telephone conversation of today regarding the original exhibits, we restate that there has been no violation of the Stipulation Concerning Custody of Original Exhibits. As you were informed, the original exhibits are currently in the possession, custody and control of one of our handwriting experts, Peter Tytell. Mr. Tytell, a preeminent expert in his field, understands the importance of the original Exhibit 1 to this litigation and is using the utmost care in his handling of it. Mr. Tytell has not completed his examination of Exhibit 1 nor has he completed his expert report. As you know, our expert disclosure is not yet due as the deadline was impacted by the modified pre-trial schedule. We require additional time with the original exhibits.

> Your request that the originals be over-nighted to you today is not required by the Stipulation Concerning Custody of Original Exhibits. Additionally, you have not indicated that you or your experts have a further need for the exhibits at this time. Our experts, on the other hand, do have a further need for the originals. Consistent with paragraph 3 of the Stipulation, the parties are required to cooperate to ensure each party has sufficient access to the exhibits. We are prepared to cooperate and we look forward to your cooperation as well.

(See Exhibit B.)

9. The stipulation required Defendants to take the "utmost care" in handling the exhibits and to document the chain of custody through correspondence. They violated both of these requirements. No amount of rhetoric can render the sending of the exhibits on a multi-state tour consistent with the "utmost care" obligation. No amount of rhetoric can cure the abject failure to adhere to the requirement to document the chain of custody by correspondence between counsel.

10. In view of Defendants' breach of the stipulation, the original exhibits should be returned to Harte-Hanks's counsel within 24 hours.

11. Defendants' plea for more time with the exhibits should fall on deaf ears. Harte-Hanks's counsel had the original exhibits for eight days. Defendants (or their expert) have had them for over a month. Any alleged need for more time is the result of Defendants' dilatoriness. In any event, Harte-Hanks's counsel will make the exhibits available at their offices upon two hours notice.

WHEREFORE, Harte-Hanks respectfully requests that the Court order Defendants to return all of the original exhibits to Harte-Hanks's counsel within 24 hours.

Dated: October 14, 2004

HARTE-HANKS, INC.,

By its attorneys,

s/David B. Chaffin
David B. Chaffin
BBO# 549245
Kathleen A. Kelley
BBO # 562342
HARE & CHAFFIN
160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

**CERTIFICATION OF CONSULTATION**

Pursuant to Rule 7.1(A) of the Local Rules of this Court, I certify that I have conferred with opposing counsel in an attempt to narrow or resolve the issue presented by this motion but have been unable to do so.

s/Kathleen A. Kelley

422004.101304

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HARTE-HANKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHARLES R. DALL'ACQUA and <br> PROTOCOL MARKETING GROUP, <br><br> Defendants. | Civil Action No. 04 CV 11548 DPW |

### STIPULATION CONCERNING CUSTODY OF ORIGINAL EXHIBITS

Plaintiff, Harte-Hanks, Inc., and defendants, Charles R. Dall'Acqua and Protocol Marketing Group (a/k/a Protocol Services, Inc.), stipulate and agree that:

1. Counsel for Harte-Hanks may take possession from the Court of the original exhibits marked during the hearing on August 10 and 12, 2004;

2. Counsel for Harte-Hanks may retain the original exhibits until September 10, 2004, when counsel for Harte-Hanks shall deliver them, by hand, to counsel for Defendants;

3. The parties thereafter shall cooperate to ensure that each party has sufficient access to such exhibits;

4. The parties shall document through correspondence between counsel the chain-of-custody of such documents;

54

5. Counsel shall take the utmost care in the handling and use of the original exhibits; and

6. No destructive testing of the documents shall be performed absent agreement and an Order of the Court.

Dated: September 2, 2004

HARTE-HANKS, INC.,

By its attorneys,

_____
David B. Chaffin
BBO# 549245
Kathleen A. Kelley
BBO# 562342
HARE & CHAFFIN
160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

CHARLES R. DALL'ACQUA and
PROTOCOL MARKETING GROUP,

By their attorneys,

_____
John F. Rooney, III
BBO# 426895
Angela L. Lackard
BBO# 637789
MELICK PORTER & SHEA
28 State Street
Boston, MA 02109-1775
(617) 523-6200

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 9/3/04
Karen Gibson

422004.0901

# EXHIBIT B

# MELICK, PORTER & SHEA, LLP

Counsellors at Law

28 State Street
Boston, Massachusetts 02109-1775
(617) 523-6200
Fax (617) 523-8130
www.melicklaw.com

Two Richmond Square - Suite 104
Providence, Rhode Island 02906
(401) 941-0909
Fax (401) 941-6269

65 Main Street
Plymouth, Massachusetts 02360
(508) 746-5076

Richard J. Shea
Robert P. Powers
John P. Rooney, III *(DC & NH)
William D. Chapman
Michael J. Mazurczak *(WI)
Robert T. Treu
William L. Keville, Jr.
Michael R. Byrne
Andre A. Sansoucy
Amy B. Goguslian
Robert W. Healy
Jennifer R. Hurdy
Allen J. McCarthy
Carly K. Wee *(NY)
Angela L. Lackard
Maureen D. Lane *(NH)
Christine C. Hashion
Adam M. Guttin *(RI)
T. Dos Urbanski *(RI)
Megan D. Kures
John E. DeWick
Heather M. Spelman *(CT & RI)
Matthew Grygorcewicz
Margaret M. Carleen
Cheryl Mancuso
Kerry D. Florio
Paul T. Tetrault
Jessica M. Purcelly *(FL)

Of Counsel
Thomas W. Porter, Jr.

*Also Admitted

October 12, 2004

**VIA FAX (617) 330-1996 & MAIL**

Mr. David B. Chaffin
HARE & CHAFFIN
160 Federal Street, 23rd Floor
Boston, MA 02110-1701

Re:   *Harte-Hanks, Inc. V. Protocol Marketing Group and Charles Dall'Acqua*
      Civil Action No. 04-CV-11548

Dear David:

As a follow up to our telephone conversation of today regarding the original exhibits, we restate that there has been no violation of the Stipulation Concerning Custody of Original Exhibits. As you were informed, the original exhibits are currently in the possession, custody and control of one of our handwriting experts, Peter Tytell. Mr. Tytell, a preeminent expert in his field, understands the importance of the original Exhibit 1 to this litigation and is using the utmost care in his handling of it. Mr. Tytell has not completed his examination of Exhibit 1 nor has he completed his expert report. As you know, our expert disclosure is not yet due as the deadline was impacted by the modified pre-trial schedule. We require additional time with the original exhibits.

Your request that the originals be over-nighted to you today is not required by the Stipulation Concerning Custody of Original Exhibits. Additionally, you have not indicated that you or your experts have a further need for the exhibits at this time. Our experts, on the other hand, do have a further need for the originals. Consistent with paragraph 3 of the

# MELICK, PORTER & SHEA, LLP

David Chaffin, Esq.
October 12, 2004
Page 2.

Stipulation, the parties are required to cooperate to ensure each party has sufficient access to the exhibits. We are prepared to cooperate and we look forward to your cooperation as well.

Very truly yours,

John F. Rooney, III
Angela L. Lackard

JFR/ALL/srg