UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARTE-HANKS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 04-11548-DPW |
| v. ) | |
| ) | |
| CHARLES R. DALL'ACQUA and ) | |
| PROTOCOL MARKETING GROUP, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR ORDER CONCERNING ORIGINAL EXHIBITS

Defendants, Charles R. Dall'Acqua ("Dall'Acqua") and Protocol Services, Inc. ("Protocol"), by their attorneys, hereby request that this Honorable Court deny plaintiff's Emergency Motion for an order requiring the defendants to immediately return the original exhibits to plaintiff's counsel. As grounds for their Opposition, the defendants state as follows:

There has been no violation of the Stipulation Concerning Custody of Original Exhibits (see plaintiff's Exhibit A). The original exhibits are currently in the possession, custody and control of one of the defendants' handwriting experts, Peter Tytell. Mr. Tytell, a pre-eminent expert in his field, understands the importance of the original exhibits to this litigation and is using the utmost care in his handling of them. The authoritative standard of care and guidelines for handling documents is set out in "Scientific Examination of Questioned Documents" by Hilton, chapter 16, p. 349-360. Mr. Tytell has represented that he has followed these guidelines in the handling of the exhibits.

Consistent with paragraphs 5 and 6 of the Stipulation, the defendants and their experts have taken the utmost care in the handling and use of the original exhibits and no destructive

1

testing has been performed.  The transfer of custody of the documents from defendants' counsel to their handwriting experts was contemplated by the parties and in no way implies or shows a lack of care in handling the documents.  If the plaintiff did not want the exhibits to leave the Commonwealth, it could have at minimum relayed that to the defendants or request that provision in the Stipulation.  The Stipulation did not speak to this point.

Consistent with paragraph 4 of the Stipulation, the parties are required to document through correspondence the chain-of-custody of the original exhibits.  There was no timeline specified in the Stipulation as to when such documentation was to be supplied by each party.  In light of the plaintiff's recent inquiries, the defendants have just sent a letter to plaintiff's counsel outlining the chain of custody.  (See Defendant's Exhibit A)

Consistent with paragraph 3 of the Stipulation, the parties are required to cooperate to ensure each party has sufficient access to the exhibits.  The plaintiff made its demand to immediately return the original exhibits on October 14, 2004.  The plaintiff's request that the originals be overnight mailed to them is not required by the Stipulation Concerning Custody of Original Exhibits.  The plaintiff has not indicated that either it or its experts have a further need for the exhibits at this time.

The defendants' experts, on the other hand, do have a further need for the originals. These experts have not yet completed their examination of the exhibits nor have they completed their expert reports.  The defendants' expert disclosure is not yet due as the deadline was impacted by the modified pre-trial schedule.  We require additional time with the original exhibits.  Immediate return of the original exhibits is neither required under the Stipulation nor practicable, given the continuing need of the defendants' experts.  Under the 30 day stay granted by the court on September 28, 2004, the parties curtailed discovery activities while settlement

negotiations were ongoing.  The defendants' experts have completed only preliminary reports in furtherance of settlement discussions.  The defendants' experts will require additional time to examine the exhibits in order to finalize their reports.  The defendants are willing to re-transfer the original exhibits to the plaintiffs within 9 days after the expiration of the order for the 30 day stay.

      WHEREFORE, the defendants, Charles R. Dall'Acqua ("Dall'Acqua") and Protocol Services, Inc. ("Protocol"), hereby request this Honorable Court to deny the plaintiff's Emergency Motion.


Dated: October 15, 2004                  Respectfully submitted,

                                            CHARLES R. DALL'ACQUA and
                                            PROTOCOL SERVICES, INC.


                                            By:   /s/  John F. Rooney, III
                                                John F. Rooney III
                                                Angela L. Lackard
                                                MELICK, PORTER & SHEA, LLP
                                                28 State Street
                                                Boston, MA  02109
                                                (617) 523-6200

                                                Susan C. Levy
                                                Daniel
                                                Darren M. Mungerson
                                                JENNER & BLOCK, LLP
                                                One IBM Plaza
                                                330 N. Wabash
                                                40th Floor
                                                Chicago, IL  60611
                                                (312) 222-9350

                                                Attorneys for Defendants Charles R.
                                                Dall'Acqua and Protocol Services, Inc.