UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARTE-HANKS, INC. )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CHARLES R. DALL'ACQUA and )<br>PROTOCOL MARKETING GROUP, )<br>)<br>Defendants. ) | Civil Action No. 04-11548-DPW |

DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

Defendants Protocol Services, Inc. and Charles R. Dall'Acqua, by their attorneys, and pursuant to Federal Rule of Civil Procedure 12(h)(3), submit this motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction. As set forth below, both plaintiff Harte-Hanks and defendant Protocol Marketing Group, which is the trade name or d/b/a for Protocol Services, Inc., are Delaware corporations. As such, because there is not complete diversity between the parties, the Court lacks subject matter jurisdiction and the complaint must be dismissed.[1] In support of this motion, defendants state as follows:

---

[1] Counsel for Protocol Services did not recognize this jurisdictional deficiency at the time the complaint was filed because Harte-Hanks wrongly identified "Protocol Marketing Group" rather than Protocol Services, Inc. as the proper defendant and failed to identify Protocol Services' state of incorporation in its complaint. In paragraph 3 of the complaint, Harte-Hanks' place of incorporation and principal place of business are noted. In paragraph 4 of the complaint, Protocol Marketing Group's principal place of business is noted. Absent is any allegation as to its place of incorporation. Therefore, as drafted, the complaint appears to satisfy the diversity requirement. After review of the complaint, this issue was unnoticed as Protocol Services worked to respond to Harte-Hanks' emergency motion for entry of a preliminary injunction. After the preliminary injunction hearing, and before beginning the bulk of fact and expert discovery, the parties agreed to a 30-day moratorium on case activity to explore the possibility of settlement. It was only during this period, as Protocol was preparing to file counterclaims, that it first realized that the Court lacks subject matter jurisdiction.

**Plaintiff's Allegations of Citizenship**

1. Plaintiff has premised this Court's subject matter jurisdiction over this case solely on diversity of citizenship, pursuant to 28 U.S.C. § 1332. (Complaint ¶ 1.)

2. Plaintiff's complaint alleges that Harte-Hanks is a Delaware corporation, with its principal place of business in San Antonio, Texas. (Complaint ¶ 3.)

3. The two named defendants are Charles Dall'Acqua and Protocol Marketing Group. (Complaint ¶¶ 4-5.)

4. With respect to Protocol, Plaintiff's complaint alleges: " Defendant Protocol Marketing Group ("Protocol") is, upon information and belief, a corporation with a principal place of business in Illinois." (Complaint ¶ 4.) Plaintiff failed to identify Protocol's state of incorporation in its complaint.

**Protocol's State of Incorporation**

5. Protocol Marketing Group is the "doing business as" name for Protocol Services, Inc. (Froetscher Decl. ¶ 2 (attached hereto as Exhibit A).) In early 2003, Protocol Services began utilizing the trade name "Protocol Marketing Group" in connection with its operating activities. (Id.) Among other things, in early 2003, Protocol Services applied to the United States Patent and Trademark Office to obtain trademark registration for "Protocol Marketing Group" and/or variations thereof. (Id.)

6. Protocol Services is a privately-held business incorporated in the State of Delaware. (Froetscher Decl. ¶ 3; see also Delaware Secretary of State Gateway print-out (attached hereto as Exhibit B); Dall'Acqua employment agreement with Protocol Services, Inc. (redacted version attached hereto as Exhibit C).) Protocol Services was incorporated in Delaware in approximately May 1998. (Froetscher Decl. at ¶ 3.) It has remained a Delaware

corporation since that time.  (Id.)   In particular, in July 2004, at the time the complaint was filed, Protocol was a Delaware corporation.  (Id.)

7. Protocol's Services' headquarters and principal place of business are in Deerfield, Illinois.  (Froetscher Decl. ¶ 4.)

8. Under 28 U.S.C. § 1332(c)(1), "a corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]"  28 U.S.C. § 1332(c)(1).  Thus, for purposes of diversity jurisdiction, a corporation has dual citizenship, that of the state of its incorporation and that of the state where it has its principal place of business.  See id.; Rodriguez v. SK & F Co., 833 F.2d 8, 9 (1st Cir. 1987).

9. Accordingly, for diversity purposes, Protocol is deemed a citizen of both Delaware and Illinois.

## Standard of Decision

10. Federal jurisdiction based on diversity of citizenship requires that the matter in controversy be between citizens of different states and that the amount in controversy exceed $75,000.  See 28 U.S.C. § 1332(a); Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 49 (1st Cir. 1992).

11. The federal courts are courts of limited jurisdiction, they are empowered only to hear those cases that fall within Article III of the Constitution or an explicit grant of jurisdiction by Congress there under.  See Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998).

12. A defect in subject matter jurisdiction is always fatal to a complaint, thus requiring dismissal.  See Fed. R. Civ. P. 12(h)(3); Valentin v. Hospital Bella Vista, 254 F.3d 358, 361 (1st Cir. 2001) (affirming dismissal of complaint for lack of diversity jurisdiction).

3

13. The jurisdiction of the court depends upon the state of things at the time of the action brought. Mollan v. Torrance, 6 L. Ed. 154 (1824); see also Valentin, 254 F.3d at 361. This time-of-filing rule: "measures all challenges to subject matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing – whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." Grupo Dataflux v. Atlas Global Group, L.P., -- U.S. --, 124 S. Ct. 1920, 1924 (2004).

14. Federal Rule of Civil Procedure 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Muratore v. Darr, 375 F.3d 140, 148 (1st Cir. 2004) ("Rule 12(h)(3) of the Federal Rules of Civil Procedure states that a court 'shall dismiss' an action over which it lacks subject-matter jurisdiction.").

**Effect of Lack of Subject Matter Jurisdiction**

15. Here, both Harte-Hanks and Protocol Services were incorporated in Delaware and, therefore, citizens of Delaware for diversity purposes. See 28 U.S.C. § 1332(c)(1). Therefore, complete diversity of citizenship did not exist at the time the complaint was filed (nor has it existed at any time thereafter) and this action must be dismissed. See, e.g., Valentin, 254 F.3d at 361 (affirming dismissal of complaint for lack of diversity jurisdiction).

16. Such relief is necessary regardless of the current procedural posture of this litigation. "Challenges to subject-matter jurisdiction can of course be raised at any time prior to final judgment." Grupo, 124 S. Ct. at 1924 (citation omitted); see also In re Healthco International, 136 F.3d 45, 50 n.4 (1st Cir. 1998). As the federal courts are courts of limited jurisdiction, conferred by Article III of the United States Constitution, the jurisdictional requirement cannot be conferred by agreement of the parties and cannot be waived. See

4

Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982). Similarly, estoppel arguments are unavailing where a lack of jurisdiction goes unnoticed for a period of time. See id.; see also American Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP, 362 F.3d 136, 142 (1st Cir. 2004) ("To permit the exercise of jurisdiction in this case based solely on estoppel principles would give federal courts power that Congress saw fit to deny them, and would 'work a wrongful extension of federal jurisdiction.'" (quoting Am. Fire & Cas. Co. v. Finn, 341 U.S. 6, 8 (1951)).

      17.      In addition to dismissing the complaint, the Court should also vacate its prior rulings. When a suit is dismissed for lack of jurisdiction, previously entered rulings on the merits rendered prior to the dismissal are void *ab initio*, or nullities. See 46 Am. Jur. 2d, Judgments § 24. "When a federal court concludes that it lacks subject matter jurisdiction over a case, it is precluded from rendering any judgments on the merits of the case." Christopher v. Stanley-Bostitch, Inc., 240 F.3d 95, 100 (1st Cir. 2001) (citing Willy v. Coastal Corp., 503 U.S. 131, 137 (1992) ("A final determination of lack of subject-matter jurisdiction of a case in a federal court, of course, precludes further adjudication of it.")). As the United States Supreme Court has stated: "Without jurisdiction the court cannot proceed at all in any cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Id. (citing Ex parte McCardle, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)). "The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" Id. at 94-95 (citing Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884)). For a court to act without jurisdiction is, "by very definition, for a court to act ultra

vires." Id. at 101-102; see also American Fire & Casualty Co. v. Finn, 341 U.S. 6, 17-18 (1951) ("To permit a federal trial court to enter a judgment in a case removed without right from a state court where the federal court could not have original jurisdiction of the suit even in the posture it had at the time of judgment, would by the act of the parties work a wrongful extension of federal jurisdiction and give district courts power the Congress has denied them.").

18.  Accordingly, because the Court never had subject matter jurisdiction over the case, the Court had no jurisdiction to rule on any motions or enter its preliminary injunction order.  Protocol, therefore, respectfully requests that the Court's Orders in this case be vacated.

WHEREFORE, for the above-stated reasons, defendants respectfully seek entry of an Order dismissing this lawsuit for lack of subject matter jurisdiction, vacating the Court's preliminary injunction order and awarding such other and further relief as deemed just and equitable.

THE DEFENDANTS RESPECTFULLY REQUEST A HEARING IN THIS MATTER.

Respectfully submitted,

PROTOCOL SERVICES, INC. and
CHARLES R. DALL'ACQUA


By:     /s/ John F. Rooney, III_____

John F. Rooney III
Angela L. Lackard
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, Massachusetts 02109
(617) 523-6200

Susan C. Levy
Daniel J. Winters
JENNER & BLOCK LLP
One IBM Plaza
Chicago, Illinois 60611-7603
(312) 222-9350


Dated: October 25, 2004