## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HARTE-HANKS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.  04-11548-DPW |
| v. | ) | |
| | ) | |
| CHARLES R. DALL'ACQUA and | ) | |
| PROTOCOL MARKETING GROUP, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' EMERGENCY MOTION TO STAY DISCOVERY
## PENDING RESOLUTION OF PENDING RULE 12(H)(3) MOTION TO DISMISS

The defendants respectfully move this Honorable Court to stay all outstanding discovery until this Court issues a ruling on the Fed. R. Civ. P. 12(h)(3) Motion to Dismiss.

Harte-Hanks has premised this Court's subject-matter jurisdiction based upon diversity of citizenship.  The recently-filed Motion to Dismiss is premised upon the uncontroverted fact that both the plaintiff Harte-Hanks and the defendant, Protocol Marketing Group, are Delaware corporations.  As such, complete diversity of citizenship did not exist at the time the complaint was filed (nor subsequent thereto), and this Court is required to dismiss the case.   See Fed. R. Civ. P. 12(h)(3); Muratore v. Darr, 375 F.3d 140, 148 (1st Cir. 2004); Valentin v. Hospital Bella Vista, 254 F.3d 358, 361 (1st Cir. 2001).

The lack of subject-matter jurisdiction is fatal to the plaintiff's complaint.  Valentin, 254 F.3d  at 361.  As such, this Court should stay all outstanding discovery until resolution of the subject-matter jurisdiction issue.  A stay of discovery pending the determination of this Motion to Dismiss "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." Wyatt v. Kaplan, 686 F.2d

276, 284 (5th Cir. 1982)("When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted.").  See also, 8 C. Wright & A. Miller, Federal Practice & Procedure, § 2009 (2004)("The presence of a jurisdictional issue does not necessarily bar discovery on other issues but the court may choose to stay discovery on the merits until the jurisdictional question is resolved.").

Finally, the outstanding discovery is not relevant to the pending motion to dismiss for lack of subject matter jurisdiction.  Coastal States Gas Corp., 84 F.R.D. 278, 282 (D.Del.1979) ("discovery should precede consideration of dispositive motions when the facts sought to be discovered are relevant to consideration of the particular motion at hand.").

For the all of the above reasons, the defendants respectfully request this Court stay all outstanding discovery.

Dated: October 29, 2004                    Respectfully submitted,

                                           CHARLES R. DALL'ACQUA and
                                           PROTOCOL MARKETING GROUP

                                           By:_____/s/ John F. Rooney, III_____
                                                John F. Rooney III
                                                Angela L. Lackard
                                                MELICK, PORTER & SHEA, LLP
                                                28 State Street
                                                Boston, MA  02109
                                                (617) 523-6200

                                                Susan C. Levy
                                                Daniel J. Winters
                                                JENNER & BLOCK, LLP
                                                One IBM Plaza
                                                Chicago, IL  60611
                                                (312) 222-9350

                                                Attorneys for Defendants
                                                Charles R. Dall'Acqua and Protocol
                                                Marketing Group