**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HARTE-HANKS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.  04-11548-DPW |
| v. ) | |
| ) | |
| CHARLES R. DALL'ACQUA and ) | |
| PROTOCOL MARKETING GROUP, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO STAY DISCOVERY PENDING RESOLUTION OF PENDING RULE 12(H)(3) MOTION TO DISMISS**

The defendants submit this reply memorandum in further support of their Emergency Motion to Stay Discovery Pending Resolution of Pending Rule 12(H)(3) Motion to Dismiss. Based on the admissions made by the plaintiff in its Opposition memorandum, as to the jurisdiction of the Court over the non-diverse parties, the defendants' Motion for Stay is further justified until this Court rules on the pending Motion to Dismiss.

In its opposition, the plaintiff states that Harte-Hanks and defendant Protocol are both Delaware corporations, thus conceding that there is not complete diversity of citizenship as required for federal jurisdiction.  See 28 U.S.C. § 1332(a); Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 49 (1st Cir. 1992).  (See Opposition, p.6, admitting the "common citizenship" of the plaintiff and defendant Protocol;  referring to Protocol as the "...non-diverse party...").  By virtue

of this admission, therefore, the plaintiff is admitting that the matter may not proceed in Federal court while Protocol remains a defendant in the case.[1]

The plaintiff states that they may pursue this matter "solely against Mr. Dall'Acqua in this Court, and/or against Dall'Acqua and/or Protocol in state court." (See Opposition, p. 6). If the plaintiff decides to continue the current matter by dismissing its claims against Protocol, its pending discovery requests will be rendered moot, as to this defendant.

If, on the other hand, the plaintiff declines to dismiss defendant Protocol from the current matter, the federal action must be dismissed in its entirety. With the dismissal of the case, all discovery requests would be extinguished. Therefore, the plaintiff would not be entitled to discovery from either defendant until such time that a state court action might be initiated.

The plaintiff's assertion that they would be entitled to discovery "sooner or later" is not a persuasive legal ground to justify denial of the defendants' Emergency Motion for Stay.

For the all of the above reasons, the defendants respectfully renew their request that this Court stay all outstanding discovery.

---

[1] Nothing stated herein should be construed as the defendants taking a position regarding whether defendant Protocol is an indispensable party to this matter.

Dated: November 3, 2004  Respectfully submitted,

CHARLES R. DALL'ACQUA and
PROTOCOL MARKETING GROUP

By: _/s/ John F. Rooney, III_
John F. Rooney III
Angela L. Lackard
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA  02109
(617) 523-6200

Susan C. Levy
Daniel J. Winters
JENNER & BLOCK, LLP
One IBM Plaza
Chicago, IL  60611
(312) 222-9350

Attorneys for Defendants
Charles R. Dall'Acqua and Protocol
Marketing Group