UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HARTE-HANKS, INC., | ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | Civil Action No. 04 CV 11548 DPW |
| CHARLES R. DALL'ACQUA and PROTOCOL MARKETING GROUP, | ) ) ) ) |  |
| Defendants. | ) ) |  |

**MEMORANDUM OF REASONS IN SUPPORT OF MOTION
TO COMPEL AND TO MODIFY PRE-TRIAL SCHEDULE**

Plaintiff, Harte-Hanks, Inc., respectfully submits this memorandum in support of its motion (a) to compel defendant Dall'Acqua to respond immediately to Harte-Hanks's written discovery requests of him, **without objection**, and (2) to modify the pre-trial schedule based on the delay associated with the anticipated dismissal of Protocol, Inc.

**Background**

Harte-Hanks filed its Complaint and Demand for Trial by Jury (the "Complaint") on July 12, 2004. The Complaint contains four counts. The first two, which are asserted against Mr. Dall'Acqua alone, are for breach of the non-solicitation provision of Mr. Dall'Acqua's January 25, 2002 Confidentiality/Non-Disclosure Agreement (the "Agreement") and for a preliminary injunction prohibiting further breaches of the provision. **These counts are the centerpiece of this case.** The third and fourth counts, which are asserted against Mr. Dall'Acqua and Protocol, are for intentional interference with John Martus's non-competition agreement and for a

preliminary injunction prohibiting interference with other such agreements with other Harte-Hanks employees. (Complaint, Docket Number 1, at 7-9.)

On August 2, defendants filed their answer to the Complaint. They admitted the jurisdictional allegations, and many of the substantive factual allegations, of the Complaint. (Answer, Docket Number 11, at 1-4.) They denied, however, that Mr. Dall'Acqua had signed the Agreement. Indeed, as the Court is well aware, Mr. Dall'Acqua claims that his signature was forged.

On August 10, 12, and 18, 2004, the Court conducted an evidentiary hearing on Harte-Hanks's motion for a preliminary injunction. Given defendants' admissions and position, only one substantial issue was presented – whether Mr. Dall'Acqua's signature on the Agreement is authentic.[1] The Court ruled on the motion from the bench on August 18, 2004. The Court found, on a provisional basis, that Mr. Dall'Aqua had signed the agreement. Based on this finding and extensive findings with respect to the other elements of the standard for injunctive relief, the Court prohibited Mr. Dall'Acqua and Protocol from soliciting any other Harte-Hanks employees until March 5, 2006, or until further order of the Court. The ruling from the bench was memorialized in an Electronic Order, entered August 18, as well as a Preliminary Injunction Order, entered August 25. (Transcript and Orders, Docket Nos. 24-26, 29-30, and 33; Preliminary Injunction Order, Docket No. 34.) Defendants did not appeal the ruling.

**The Pre-Trial Schedule**

The Court indicated on August 18 that in view of the preliminary injunction, the case

---

[1] Defendants also argued that the Agreement was not supported by adequate consideration. The Court quickly dispensed with this argument.

would proceed expeditiously to trial.  The Court instructed the parties to submit a proposed pre-trial schedule providing for expedited proceedings.  (Transcript at 93-95.)

On August 27, the parties submitted a joint Proposed Pretrial Schedule.  (Docket No. 35.)  On August 31, the Court adopted the Proposed Pretrial Schedule as an Order of the Court and set the final pre-trial conference for December 9, barely one month from today.

**Harte-Hanks's Discovery Requests**

Consistent with the expedited schedule, Harte-Hanks promptly served separate requests for the production of documents by, and interrogatories to, each defendant.

**The Deadline For Defendants' Responses**

Before it was revised, the Proposed Pre-Trial Schedule required defendants to serve responses to Harte-Hanks's written discovery requests and to produce documents on October 2, "unless sooner required."  At the parties' request, the Court extended all of the deadlines in the pre-trial schedule by 30 days.  Under the revised schedule, (a) responses to Harte-Hanks's monitoring interrogatories (a short set of interrogatories designed to monitor compliance with the preliminary injunction) were to be served on Monday, November 1, (b) responses to Harte-Hanks's other interrogatories and its requests for production were to served on Wednesday, November 3, and (c) defendants were to produce documents on Wednesday, November 3.

**The Motions To Dismiss And To Stay**

On October 25, defendants filed a motion to dismiss the case for lack of subject matter jurisdiction.  (Docket No. 48.)  They argue that they recently discovered that Harte-Hanks and Protocol are non-diverse, that diversity jurisdiction therefore is lacking, and that the case therefore must be dismissed in its entirety.  The motion was filed:

3

    (1)    three and one-half months after this action was filed;

    (2)    two and one-half months after defendants admitted the jurisdictional allegations of the Complaint;

    (3)    over two months after the preliminary injunction was issued at the conclusion of the extended evidentiary hearing;

    (4)    nearly two months after written discovery requests were served on defendants;

    (5)    one month after the parties had obtained a 30-day extension of the aggressive pre-trial discovery schedule;

    (6)    less than one month after the Court instructed the parties that there would be no further extensions to the pre-trial schedule; and

    (7)    ten or fewer days before the due date on defendants' responses to Harte-Hanks's written discovery requests.

The motion to dismiss was not filed on an emergency basis, nor does it contain any reference to a stay of discovery. Harte-Hanks's opposition to the motion to dismiss is due on Monday, November 8.

On October 29, defendants filed an emergency motion to stay discovery pending the Court's decision on the motion to dismiss. (Docket No. 49.) They argue, in summary, that discovery should not be conducted because the case should be dismissed. Harte-Hanks responded to the emergency motion yesterday, pointing out, among other things, that under clear precedent, including cases cited by defendants, the appropriate course would be to preserve jurisdiction by dismissing Protocol. (Docket No. 52.)

**Defendants' Refusal To Respond To
Harte-Hanks's Discovery Requests**

Neither defendant served responses to the monitoring interrogatories on the due date, November 1. Neither defendant served responses to Harte-Hanks's other interrogatories or its

4

requests for production on the due date, November 3. Neither defendant produced documents on the due date, November 3.

## Argument

### I. MR. DALL'ACQUA SHOULD RESPOND IMMEDIATELY

As will be explained in more detail in Harte-Hanks's opposition to defendants' motion to dismiss, the premise of defendants' refusal to respond to any of Harte-Hanks's discovery requests – that the case should be dismissed in its entirety – is incorrect. The appropriate approach in view of the apparent lack of diversity between Harte-Hanks and Protocol is to dismiss Protocol and thereby to preserve diversity jurisdiction. See, e.g., Grupo Dataflux v. Atlas Global Group, L.P., 124 S. Ct. 1920 (2004). Thus, Mr. Dall'Acqua will remain a party, and he should be required to respond immediately, without objection.

Mr. Dall'Acqua was sailing far too close to the edge in opting to ignore Harte-Hanks's discovery requests and the Court's deadlines. On the due dates that he ignored, Mr. Dall'Acqua was a party to a pending action who had merely joined in a motion to dismiss and a motion for a stay of discovery; the case had not been dismissed, and no stay had been granted. Without more, he should have responded.

Moreover, he (or, more accurately, his counsel) had cited authority indicating that the likely outcome of the motion to dismiss is that only Protocol will be dismissed. He knew, therefore, that the dismissal of the case in its entirety – the premise for his refusal to respond – is very much in doubt. Yet, he ignored the deadlines. He should be ruled to have waived all objections except as to privilege and ordered to respond in full immediately. See, e.g., Bamberg

v. KPMG, LLP, 219 F.R.D. 33, 36 n.3 (D. Mass. 2003) (Collings, M.J.) (failure to respond to discovery requests can lead to waiver of objections).

## II. THE PRE-TRIAL SCHEDULE SHOULD BE MODIFIED

Protocol's failure to point out the lack of diversity until two weeks ago requires that the pre-trial schedule be modified. Had Protocol not moved to dismiss and the case proceeded in its current form, Harte-Hanks would have had Protocol's documents by now. Had Protocol pointed out the lack of diversity last summer (and not admitted the jurisdictional allegations), Harte-Hanks would have pursued Protocol via subpoena in September and would have had Protocol's documents by now. Instead, it appears that Protocol will be dismissed and that Harte-Hanks will have to pursue Protocol's documents and witnesses via subpoena. Under the best of circumstances, weeks of delay will result, and many weeks of delay probably would result were Protocol to raise extensive objections to Harte-Hanks's document subpoena. (Harte-Hanks's counsel do not know how quickly the United States District Court for the Northern District of Illinois would act on any motion to compel compliance with the subpoena.)

Harte-Hanks would request, therefore, that if and when Protocol is dismissed, the Court postpone each remaining deadline by (a) one month, provided Protocol agrees to raise no objections other than privilege to Harte-Hanks's subpoena duces tecum (which will mirror the request for production served in September), or (b) two months, if Protocol will not so agree.

## Conclusion

For the foregoing reasons, Harte-Hanks respectfully requests that the Court compel Mr. Dall'Acqua to respond immediately to Harte-Hanks's discovery requests and that the Court modify the pretrial schedule as indicated.

Dated: November 4, 2004                    HARTE-HANKS, INC.,

                                           By its Attorneys,


                                           s/David B. Chaffin
                                           David B. Chaffin
                                           BBO# 549245
                                           Kathleen A. Kelley
                                           BBO # 562342
                                           HARE & CHAFFIN
                                           160 Federal Street
                                           Boston, Massachusetts 02110
                                           (617) 330-5000


422004.1104