# EXHIBIT 2

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HARTE-HANKS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 04 CV 11548 DPW |
| CHARLES R. DALL'ACQUA and PROTOCOL MARKETING GROUP, | ) ) | |
| Defendants. | ) ) | |

## DECLARATION OF ALAN T. ROBILLARD

I, Alan T. Robillard, under the penalties of perjury, state:

1.    I am a questioned document examiner. I live in Oak Bluffs, Massachusetts. A copy of my curriculum vitae was supplied to the Court in August.

2.    I make this declaration to address two issues. The first is how my findings regarding the indented writing examinations I conducted compare to those of Ms. Schuetzner. The second is whether the paper of the Dall'Acqua Agreement is distinctive from the paper of other documents from the office of Harte-Hanks, Inc. in Glen Burnie, MD. The latter issue was examined in connection with Mr. Tytell's assertions in his report, which I have read and to which a fulsome reply is being prepared, concerning the distinctiveness of the paper of the original Dall'Acqua Agreement.

3.    Last August 5, 2004, when I first examined the Dall'Acqua Agreement, I prepared what is known as an indented writing lift, which is an item on which the indented writings

"impressed" on a document are visualized. (I note that to my knowledge I prepared my lift before Ms. Schuetzner prepared hers, which means that, given the subsequent handling of the document by Mr. Tytell, etc., my visualizations have the potential to be of higher quality than hers. Indented writing can be lost due to handling.)

4.    On November 11, 2004, I received documents provided to me by counsel for Harte-Hanks in an effort to identify the writings that account for the indentations on the Dall'Acqua Agreement. These documents are a copy of Harte-Hanks fax cover page, dated 6/1/04, and a letter bearing Charles M. Shure's signature, dated 7/15/04. True and correct copies of these documents are attached hereto as Exhibits A and B, respectively.

5.    I was able to associate the indentations found on the Dall'Acqua Agreement to handwritten entries on both the fax cover sheet and the letter with Mr. Shure's signature. In particular the dates ("6/1/04" and "7/15/04") on these documents were found to be indented on the Dall'Acqua Agreement. Other writings such as names, initials and a signature from those documents were associated as well.

6.    I did not visualize any dates that matched the indentations that Ms. Schuetzner discussed in her October 22, 2004 report. In particular, I did not detect "6/11/04," "3/15/04," or "5/15/04."

7.    Without intercomparing the "lifts" that Ms. Schuetzner created, I cannot say with certainty that the dates I associated from the "fax" and "Shure" signature are the same ones to which she is referring. But, in as much as I have excellent quality lifts and have not been able to develop any dates different from the ones I described, it is likely that we are discussing the same specific data. I have the source documents which reflect the true dates, however.

2

8.    With respect to the paper comparison, a bit of explanation is required. A comparison of the sort Mr. Tytell suggests is of only limited utility, for several reasons. First, paper varies. Second, it is impossible to control for all of the factors that might, under the circumstances presented here, as I understand them, explain a difference between two pieces of paper.

9.    I found ten documents which were a representative sampling of those provided, all reportedly prepared on or about January 25, 2002 (and many of which bore that or a very close date), the paper of which matches the paper of the Dall'Acqua Agreement based on tests of (a) physical dimension, including thickness, (b) color, (c) degree of fluorescence, when exposed separately to short and long wave ultraviolet light, (d) opacity/translucence, when lighted from below, including the degree of uniformity of fibers throughout the paper, and (e) visual appearance, including the wire pattern created during the manufacturing process. I found no distinguishing characteristics between, on the one hand, the paper of the Dall'Acqua Agreement, and, on the other, the ten documents.

10.    Incidentally, in the course of my training with the FBI, I studied the paper manufacturing process, and I am familiar with the intercomparison of paper by questioned document examiners.

SIGNED UNDER THE PENALTIES OF PERJURY
ON THIS  15  DAY OF NOVEMBER, 2004.

_____
Alan T. Robillard

422003.111304

3

EXHIBIT A

HARE AND CHAFFIN        Fax:617-330-1996        Nov 15 '04   14:41   P.05

NOV 10 2004 15:26 FR                              TO 916173301996   P.02/02

JUN 01 04 09:19

HARTE
HANKS ®

**We make it happen.**

6701 Baymeadow Drive
Suite E
Glen Burnie, MD 21060
Phone: (310) 412-1751
Fax: (410) 412-1801

www.harte-hanks.com

Date: 6/1/04

Time:

Pages to Follow:

To: Eliz Sewell

Company:

Recipient's Fax Number:

Recipient's Tel Number:

From: Elaine Dernoga

Re:

# Fax

Notes:

○ For Review    ○ Urgent    ○ Please Respond    ○ FYI

Privileged and Confidential Information

EXHIBIT B

**HARE & CHAFFIN**
ATTORNEYS AT LAW
160 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110-1701
(617) 330-5000
TELECOPIER (617) 330-1996

PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT
ATTORNEY-CLIENT COMMUNICATION

July 13, 2004

VIA U.S. EXPRESS MAIL

Mr. Charles M. Shure
Bradford Associates
P.O. Box 311
Needham Heights, MA 02494

Re:    Harte-Hanks, Inc. v. Charles R. Dall'Acqua and Protocol
       Marketing Group, Case No. 04 CV 11548 DPW (D. Mass.)

Dear Mr. Shure:

This letter constitutes the retention of Bradford Associates by this firm, acting on behalf of Harte-Hanks, Inc., to provide assistance in the above-referenced matter.

Your work, to be performed under our direction, will consist of an analysis of handwriting/signatures in connection with certain employment-related agreements, and performing such other tasks as may be identified during the course of this engagement. I am enclosing, for your file and review, six original documents containing the defendant's signature: The January 25, 2002 Confidentiality/Non-Disclosure Agreement is the agreement at issue here.

If we require your participation as an expert witness at trial, that work will be the subject of a separate engagement letter.

All communications between and/or among our respective firms and Harte-Hanks, Inc., as well as any materials or information developed or received by any of us pursuant to this arrangement, whether oral or written, are protected by applicable legal privileges and, therefore, will be treated as confidential.

Accordingly, such information held by your firm, or any information you receive or develop in the course of your work for Harte-Hanks, should not be disclosed to any person or entity apart from Harte-Hanks and/or our firm, except subject to applicable law or court order.

Mr. Charles M. Shure
July 13, 2004
Page 2

If access to or disclosure of any of the materials in your possession relating to this arrangement is sought by a third party, kindly notify us promptly of such action, and we will tender to you our assistance and/or defense in responding to such request.

I understand that the work described above will be completed by you, and your billing rate per hour for this engagement, exclusive of out-of-pocket expenses, will be $125.00.

Harte-Hanks will also be responsible for approved out-of-pocket expenses incurred in the completion of the work required under this engagement.

Harte-Hanks will provide a retainer to your firm of $1,000.00. Thereafter, billings may be submitted monthly, and payment will be due within 30 days of receipt of the invoice. Please confirm, by your signature hereunder, that your company has no conflicts relating to this matter, and also confirm your understanding of, and agreement with, the terms of this letter.

We look forward to working with you in this matter.

Very truly yours,

Kathleen A. Kelley

**BRADFORD ASSOCIATES**

By: _C. M. Shure_  7/15/04
Charles M. Shure

KAK:me
Enclosures
cc:    Steven Hacker, Esq.
       David B. Chaffin, Esq.
422004.071304