UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

HARTE-HANKS, INC.,

Plaintiff,

v.

CHARLES R. DALL'ACQUA and PROTOCOL MARKETING GROUP,

Defendants.

Civil Action No. 04 CV 11548 DPW

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL AND TO MODIFY PRE-TRIAL SCHEDULE**

Plaintiff, Harte-Hanks, Inc. ("Harte-Hanks"), respectfully submits this supplemental memorandum in support of its motion to compel and to modify the pre-trial schedule.

**Argument**

At approximately 3:00 p.m. today, the undersigned received the letter from defendants' counsel that is attached hereto as Exhibit A. In the letter, defendants' counsel advise the undersigned that recently-noticed depositions would not go forward "until the Court rules upon [defendants'] emergency motion." At the same time, they request that plaintiff's counsel supplement plaintiff's expert disclosures.

The position articulated in the letter is consistent with defendants' behavior this week: Defendants have ignored the deadlines for responding to Harte-Hanks's discovery requests. They have not responded to Harte-Hanks's requests for production or interrogatories, and they have not produced a single document. Meanwhile, Harte-Hanks has served responses to

defendants' three separate requests for production and two separate sets of interrogatories and has produced over 6,700 documents.[1]

The irony and unfairness of defendants' position has not gone unnoticed. Attached hereto as Exhibit B is a copy of the response to Exhibit A.

**Conclusion**

For the foregoing reasons and the reasons previously stated, Harte-Hanks's motion to compel and to modify should be granted.

Dated: November 16, 2004

Respectfully submitted,

HARTE-HANKS, INC.,

By its attorneys,

s/David B. Chaffin
David B. Chaffin
BBO No. 549245
Kathleen A. Kelley
BBO No. 562342
HARE & CHAFFIN
160 Federal Street
Boston, MA 02110
(617) 330-5000

422003.1105

[1] The undersigned requested that defense counsel not open the envelope and boxes that were produced. Defense counsel agreed.

# EXHIBIT A

# MELICK, PORTER & SHEA, LLP

Counsellors at Law

28 State Street
Boston, Massachusetts 02109-1775
(617) 523-6200
Fax (617) 523-8130
www.melicklaw.com

Two Richmond Square - Suite 104
Providence, Rhode Island 02906
(401) 941-0909
Fax (401) 941-6269

65 Main Street
Plymouth, Massachusetts 02360
(508) 746-5976

Richard J. Shea
Robert P. Powers
John F. Rooney, III *(DC & NH)
William D. Chapman
Michael J. Mazurczak *(WI)
Robert T. Treat
William L. Keville, Jr.
Michael R. Byrne
Andre A. Sansoucy
Amy E. Goganian
Robert W. Healy
Jennifer B. Hardy
Allen J. McCarthy
Carly K. Wee *(NY)
Angela L. Lockard
Maureen E. Lane *(NH)
Christine C. Healion
Adam M. Guttin *(RI)
T. Dos Urbanski *(RI)
Megan B. Kures
John E. DeWick
Matthew Grygorcewicz
Margaret M. Carlson
Cheryl Mancuso
Kerry D. Florio
Paul T. Terrault
Jessica M. Farrelly *(FL)

Of Counsel
Thomas W. Porter, Jr.

*Also Admitted

November 5, 2004

**BY FAX**

Mr. David B. Chaffin
Ms. Kathleen Kelley
HARE & CHAFFIN
160 Federal Street, 23rd Floor
Boston, MA 02110-1701

Re: *Harte-Hanks, Inc. V. Protocol Marketing Group and Charles Dall'Acqua*
Civil Action No. 04-CV-11548

Dear Counsel:

We are in receipt of your correspondence of November 1, 2004, wherein you served Notices of Deposition of Joel Bakal, Charles Dall'Acqua, John Martus, Ellen Schuetzner and Peter Tytell. First, with regard to Mr. Tytell's deposition which you noticed for November 10, 2004, that can not go forward as scheduled due to Mr. Tytell's availability. It is also our position that depositions will not go forward until the Court rules upon our emergency motion. If, however, the case proceeds in the federal court against Mr. Dall'Acqua only and discovery recommences, we would like to visit the issue with you of the dates, times, and locations of each deposition. We will extend you the same courtesy with regard to the depositions that we notice.

As to the location of the depositions, we would propose that Mr. Tytell, Mr. Bakal, Ms. Schuetzner, and Mr. Dall'Acqua's depositions take place in Chicago, and that Mr. Martus' deposition take place in Boston.

On a related topic, it appears that we are missing some exhibits relied upon by Alan Robillard. In his report, he states that he examined a total of sixty (60) known documents bearing the signature of Mr. Dall'Acqua. This is not the same number of original exhibits, which numbered approximately 45, that were delivered to us for analysis by our experts and subsequently returned to your custody. We would like clarification, perhaps in the form

of a list, identifying the documents used by Mr. Robillard in the preparation of his expert report. We also request that you identify and produce for analysis by our experts documents K1-38 to K1-41, which have remained in your custody, according to the report and documents K1-42 to K1-60, which were retained by Mr. Robillard, again according to his report.

Also, at page 5 of Mr. Robillard's report he references an "Indented Writing Examination" during which he created photocopies of the indented writing "lifts," copies of which he planned to provide to you under separate cover. We request that you also produce these documents as well as the results of his analysis and any additional reports that describe his findings.

Thank you for your anticipated cooperation.

Very truly yours,

John F. Rooney, III
Angela L. Lackard

# EXHIBIT B

HARE & CHAFFIN
ATTORNEYS AT LAW
160 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110-1701
(617) 330-5000
TELECOPIER (617) 330-1996

November 5, 2004

BY FAX AND MAIL

John F. Rooney III, Esq.
Angela L. Lackard, Esq.
Melick Porter & Shea
28 State Street
Boston, MA 02109-1775

Re: Harte-Hanks, Inc. v. Charles R. Dall'Acqua and Protocol Marketing Group, No. 04-11548-DPW (D. Mass.)

Dear John and Angela:

I write in response to your letter of November 5, 2004, wherein you address the dates and locations for depositions, state your position with respect to discovery (viz., that it should not "go forward until the Court rules upon our emergency motion"), and request that we supplement Mr. Robillard's report. You are, in other words, refusing to provide any discovery (i.e., you will produce nothing and no one) until the Court rules on your motion to stay (a position that has no basis in law) at the same time you are asking us to provide more discovery.

Is it just me, or are you trying to have things both ways?

On a related subject, we are in the process of reviewing hundreds, if not thousands, of additional email that was recently retrieved, and will be supplementing our production as soon as possible.

Thank you.

Very truly yours,

David B. Chaffin

DBC:kgg
422004.1105