UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARTE-HANKS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 04-11548-DPW |
| v. ) | |
| ) | |
| CHARLES R. DALL'ACQUA and ) | |
| PROTOCOL MARKETING GROUP, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE
AMENDED ANSWER AND COUNTERCLAIM**

The defendant, Charles R. Dall'Acqua, moves the Court pursuant to Rule 15(a) of the Federal Rules of Civil Procedure for leave to amend his answer in order to assert a counterclaim seeking relief based on Massachusetts General Law ch. 93A. As grounds for his motion, the defendant states:

1. On July 12, 2004, Harte-Hanks filed a complaint against Protocol (and Dall'Acqua) in the United States District Court for the District of Massachusetts (Civil Action No. 04-11548-DPW). Harte-Hanks' complaint was premised on the alleged breach of the forged agreement. Harte-Hanks also filed an emergency motion for a preliminary injunction seeking to prevent Protocol (and Dall'Acqua) from exercising its right to employ whoever it considered the best qualified employees to work for it.

2. The federal court action remains pending as against Dall'Acqua (defendant Protocol is to be dismissed).

3.	Harte-Hanks has engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduct of its business in violation of Mass. Gen. Laws. ch. 93A, § 2(a).

4.	Harte-Hanks' conduct occurred primarily and substantially within the Commonwealth of Massachusetts.

5.	Dall'Acqua has suffered damages as a result of Harte-Hanks' conduct.

6.	The defendant seeks to amend his answer to the complaint in order to assert counterclaims seeking redress under Mass. Gen. Law ch. 93A.

7.	It is both expedient and appropriate that the issues be resolved in the same action.

8.	Defendant Dall'Acqua's answer to the complaint was filed on August 2, 2004 and no depositions have taken place. Discovery is still ongoing.

9.	The resolution of the counterclaims will require little, additional discovery and/or evidence at trial, as they are premised on the same set of facts at issue in the underlying action.

10.	The plaintiff will not be prejudiced by the allowance of the proposed amendment.

For the foregoing reasons, the defendant, Charles Dall'Acqua, respectfully requests that his motion be ALLOWED. A copy of the proposed amended answer and counterclaim is filed herewith.

Dated: November 17, 2004        Respectfully submitted,

                                     CHARLES R. DALL'ACQUA

                                     By: */s/ John F. Rooney, III*
                                             John F. Rooney III
                                             Angela L. Lackard
                                             MELICK, PORTER & SHEA, LLP
                                             28 State Street
                                             Boston, MA  02109
                                             (617) 523-6200

                                             Susan C. Levy
                                             Daniel J. Winters
                                             JENNER & BLOCK, LLP
                                             One IBM Plaza
                                             Chicago, IL  60611
                                             (312) 222-9350

                                             Attorneys for Defendants
                                             Charles R. Dall'Acqua and Protocol
                                             Marketing Group