UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARTE-HANKS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLES R. DALL'ACQUA )<br>)<br>Defendant. )<br>) | Civil Action No.  04-11548-DPW |

## CHARLES DALL'ACQUA'S
## EMERGENCY MOTION FOR PROTECTIVE ORDER

Now comes the Defendant, Charles Dall'Acqua, ("Dall'Acqua") and moves, pursuant to Fed. R. Civ. P. 26(c), that this Court issue a protective order to prohibit two Keeper of Record depositions noticed by the plaintiff, Harte-Hanks, Inc. ("Harte-Hanks"). Harte-Hanks has subpoenaed the divorce files of Dall'Acqua's ex-wife, currently in the custody of her divorce attorney, George Petros, Esq. ("Petros"), and the divorce file of Dall'Acqua's divorce attorney, Ronald M. Naditch ("Naditch").  Dall'Acqua requests that this discovery not be allowed, as the subpoena is over broad in scope, unreasonable, oppressive and seeks disclosure of privileged and protected information for the sole purpose of harassment to Dall'Acqua.   As this court knows, at the preliminary injunction hearing on August 12, 2004, Harte-Hanks' counsel provided the court a picture of the depth to which the attack focuses.  In their cross-examination of Dall'Acqua, Harte-Hanks counsel posits:

> Question:  **"Sir, you ruined your marriage because you were having an affair with a women in Chicago; isn't that true?"**   (Transcript, p. 84).

This court sustained Dall'Acqua's attorney's objection, noting that the inquiry was "wholly inappropriate" and had "nothing to do with this." (Transcript, p. 85). If nothing else, Harte-Hanks has been consistent in their effort to personally attack Dall'Acqua. This is evidenced by Harte-Hanks' service of a deposition notice on Dall'Acqua's fiancé immediately prior to their wedding and honeymoon.

I.   **BACKGROUND**

As the court is aware, this case arises out of allegations by Harte-Hanks that Dall'Acqua solicited Harte-Hanks employees to join Protocol Marketing Group in violation of a purported Confidentiality/Non-Disclosure Agreement prohibiting such solicitation of employees allegedly signed by Dall'Acqua on January 25, 2002. The central issue in this case and the chief dispute between the parties concerns the authenticity of the Dall'Acqua signature.

Harte-Hanks has served a Keeper of Records Subpoena upon Petros (Notice of Deposition of Keeper of Records of George Petros, Esq., attached hereto as "**EXHIBIT A**") and upon Naditch (Notice of Deposition of Keeper of Records of Ronald Naditch, Esq., attached hereto as "**EXHIBIT B**"). The subpoenas cast a wide-reaching net and command the attorneys to produce:

> **Any and all documents relating to or concerning Charles R. Dall'Acqua and/or to the matter of <u>Dall'Acqua v. Dall'Acqua</u>, Case No. 2001-69392 DIV (Cir. Ct. Arundel Cty., MD)**

II.  **ARGUMENT**

Federal Rule of Civil Procedure 26(b) states that "[p]arties may obtain discovery regarding any matter, **not privileged**, that is **relevant** to the claim or defense of any party." (Emphasis added). Documents sought by deposition subpoena must conform to the requirements of Rule 26(b). ***Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Service Center, Inc.,*** 211

F.R.D. 658, 662 (D. Kan. 2003)("It is well settled, however, that the scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34. Thus, the court must examine whether a request contained in a subpoena is overly broad or seeks irrelevant information under the same standards as set forth in Rule 26(b)."). While relevancy is generally construed broadly, a request for discovery should be disallowed if it is clear that the information sought can have no possible bearing on the claim or defense of a party.  *See* **Mack v. Great Atl. & Pac. Tea Co.,** 871 F.2d 179, 187 (1st Cir. 1989)(holding that a party may not "undertake wholly exploratory operations in the vague hope that something helpful will turn up.").

Harte-Hanks subpoenas seek the Dall'Acqua divorce records that are wholly unrelated to the issue concerning the authenticity of the Dall'Acqua signature.  It is inconceivable to believe that such marital estate records could have any bearing on the issue of whether Dall'Acqua signed the Agreement.  Harte-Hanks has no basis to believe that information regarding the Agreement itself is contained in the divorce files.  The information that Harte-Hanks seeks only relates to the private, former relationship between Dall'Acqua and his ex-wife.  The divorce files likely contain private information regarding finances, privileged attorney/client communications, as well as personal details that have no place or relevance to this action.  This Court has already ruled on August 12, 2004 that the private details of Dall'Acqua's life are not what this case is about.

The United States Supreme Court has directed trial judges to "firmly apply" the relevance standard and has instructed trial courts to "not neglect their power to restrict discovery where 'justice requires [protection for] a party or person from annoyance, embarrassment, or undue burden or expense …. ' Rule 26(c)."  **Herbert v. Lando**, 441 U.S. 153, 177 (1979).  *Accord* **In re**

***Recticel Foam Corp.***, 859 F.2d 1000, 1006 (1st Cir. 1998)(authority to limit discovery is within the trial judge's broad discretion in determining pretrial matters).

Fishing expeditions are not allowed in this Circuit. ***Eastern Food Service, Inc. v. Pontifical,*** 357 F.3d 1, 9 (1st Cir. 2004). As one court colorfully observed: "Even if one is entitled to embark on a **fishing expedition,** one must at least use "rod and reel, or even a reasonably sized net [; not] drain the **pond** and collect the fish from the bottom." ***In re IBM Peripheral EDP Devices Antitrust Litigation,*** 77 F.R.D. 39, 42 (N.D.Cal.1977). Harte-Hanks request for "any and all documents relating to or concerning Charles R. Dall'Acqua …" is an attempt to drain the pond without any justification or expectation that there may be some fish in the pond.[1]

Even if these records contained information that is relevant to Dall'Acqua's employment in general with Harte-Hanks, such information is also available either through publicly available court documents or through Harte-Hanks own records, were they to bother to undertake a search. See ***Ameristar Jet Charter, Inc. v. Signal,*** 244 F.3d 189, 193 (1st Cir. 2001)(holding that the trial court "may limit discovery if it determines that 'the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive....").

Harte-Hanks cannot demonstrate a need for this information, other than to further harass Dall'Acqua by blindly casting its line on its unchecked fishing expedition with no focused idea

---

[1] Harte-Hanks may claim that the discovery is a necessary part of its investigation. As noted by Chief Judge Emeritus Karlton of the Eastern District of California, "one person's fishing expedition is another's exhaustive investigation." ***United States v. Tomison***, 969 F. Supp. 587, 594 n. 18 (E.D. Cal. 1997). The subpoenas issued in this matter, however, seek documents relating to a divorce between former husband and wife. Such documents bear no relevance to the authenticity of the alleged signature involved in this case, and therefore an argument that Harte-Hanks is aggressively discovering this case is specious at best.

of the size, type or species of the fish. The motive underlying Harte-Hanks subpoenas is concerning. Harte-Hanks sought these files before receiving *any* of Dall'Acqua's discovery responses. Dall'Acqua has recently answered two separate sets of Interrogatories and responded to eighty (80) Requests for Production of Documents. Despite this full disclosure, Harte-Hanks' tactic seeks to invade the privileged files of Dall'Acqua's ex-wife's attorney and his own divorce attorney before knowing what information they may have received through the usual course of discovery. This strategy demonstrates that Harte-Hanks seeks to attack Dall'Acqua on the most personal level. This Court should not allow such harassment, and should issue the appropriate protective order precluding discovery of the divorce files.

### III. CONCLUSION

WHEREFORE, Dall'Acqua respectfully requests that this Honorable Court ALLOW his emergency motion for a protective order and prohibit the production of the subpoenaed files.

Dated: November 23, 2004

Respectfully submitted,

CHARLES R. DALL'ACQUA

By:  */s/ John F. Rooney, III*
John F. Rooney III
Matthew Grygorcewicz
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA  02109
(617) 523-6200

Susan C. Levy
Daniel J. Winters
JENNER & BLOCK, LLP
One IBM Plaza
Chicago, IL  60611
(312) 222-9350

Attorneys for Defendant
Charles R. Dall'Acqua

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

     I certify that, pursuant to Rule 7.1(A)(2) of the Local Rules of the U.S. District Court of the District of Massachusetts, I conferred with opposing counsel on this date in a good faith effort to resolve or narrow the issues regarding the above motion and was unable to do so.

                                                                                           */s/ Matthew Grygorcewicz*

# EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF __MARYLAND__

| HARTE-HANKS | |
|---|---|
| V. | **SUBPOENA IN A CIVIL CASE** |
| CHARLES R. DALL'ACQUA and PROTOCOL MARKETING GROUP | CASE NUMBER: [1] 04 cv 11548 DPW (D. Mass) |

TO: George Z. Petros, Esquire
90 Cathedral Street
Annapolis, MD 21401

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): Any and all documents relating to or concerning Charles R. Dall'Acqua and/or to the matter of Dall'Acqua v. Dall'Acqua, Case No. 2001-69392 DIV (Cir. Ct. Arundel Cty., MD).

| PLACE | DATE AND TIME |
|---|---|
| Kramon & Graham, P.A., One South Street, Suite 2600, Baltimore, Maryland 21202 | September 27, 2004 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiff | September 17, 2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER James P. Ulwick, Kramon & Graham, P.A.,
One South Street, Baltimore, Maryland 21202 (410) 752-6030

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number

11/17/2004 18:49 FAX 410 539 1269        KRAMON & GRAHAM PA                               ⌀011/026

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT B

11/22/2004 12:52 FAX  410 269 0636      RONALD M. NADITCH, P.A.                    ☐002/002

NOV-18-04 08:28 FROM:KRAMON+GRAHAM              ID:4103521269               PAGE  3/4

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF  MARYLAND

HARTE-HANKS

V.                              **SUBPOENA IN A CIVIL CASE**

CHARLES R. DALL'ACQUA and            CASE NUMBER:  04 cv 11548 DPW
PROTOCOL MARKETING GROUP                           (D. Mass)

TO:  Ronald M. Naditch, P.A.                 D. Md. Misc. No. MJG-04-2967
     Forty-Nine Cornhill Street
     Annapolis, Maryland 21404-0749

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): Any and all documents relating to or concerning Charles R. Dall'Acqua and/or to the matter of Dall'Acqua v. Dall'Acqua, Case No. 2001-89392 Div (Cir. Ct. Arundel County, MD).

| PLACE | DATE AND TIME |
|---|---|
| Kramon & Graham, P.A., One South Street, Suite 2600, Baltimore, Maryland 21202 | November 29, 2004 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ [signature]   Attorney for Plaintiff | November 18, 2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  James P. Ulwick, Kramon & Graham, P.A.,
One South Street, Baltimore, Maryland 21202 (410) 752-6030

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

¹ If action is pending in district other than district of issuance, state district under case number.

3

                                      410 269 0636           97%                  P.02