chief operating officer or chief executive officer level. In January 2002, Dall'Acqua remained open to the possibility of pursuing other employment opportunities.

For all of these reasons, Dall'Acqua was less than satisfied with his employment at Harte-Hanks. Further answering, Dall'Acqua refers Harte-Hanks to his affidavit and testimony at the preliminary injunction hearing on this subject.

16.  Please state the basis in detail for your contention that your employment with Harte-Hanks ruined your marriage.

**ANSWER:**  Dall'Acqua objects to this interrogatory on the grounds it is utterly irrelevant to the issues in this litigation and not reasonably likely to lead to the discovery of admissible evidence. Dall'Acqua further objects on the grounds that this interrogatory constitutes harassment and an invasion of Dall'Acqua's privacy. Dall'Acqua will not respond to this interrogatory.

17.  Please state the basis in detail for your contention that you would not have asked Elaine Dernoga to meet you at the Baltimore-Washington International Airport on January 25, 2002.

**ANSWER:**  Dall'Acqua incorporates by reference his affidavit and testimony at the preliminary injunction hearing on this subject.

18.  Please describe in detail your conversations with Dean Blythe in March 2004.

**ANSWER:**  Dall'Acqua objects to this interrogatory as vague and ambiguous in not identifying the specific conversations at issue. Without waiving said objections, Dall'Acqua states as follows regarding his March 1, 4 and 5, 2004 conversations with Dean Blythe. Dall'Acqua had been invited to have dinner with Richard Hochhauser in Manhattan on March 1, 2004, in advance of a March 2 Harte-Hanks' officers meeting. When Dall'Acqua arrived for the

11

## VERIFICATION

Charles R. Dall'Acqua states on his oath that he has read the foregoing Charles R. Dall'Acqua's Objections and Responses to Plaintiff's First Set of Interrogatories and that the facts stated therein are true and correct to the best of his knowledge and belief.

Dated: November 15, 2004

_____
Charles R. Dall'Acqua

## CERTIFICATE OF SERVICE

I, Matthew Grygorcewicz, hereby certify that on this day, I forwarded notice of the foregoing document(s) by first class mail to:

> Mr. David B. Chaffin
> Ms. Kathleen Kelly
> HARE & CHAFFIN
> 160 Federal Street, 23rd Floor
> Boston, MA 02110-1701

*Matthew Grygorcewicz*
Matthew Grygorcewicz

Date: 11-17-04

# EXHIBIT C

Case 1:04-cv-11548-DPW    Document 74-4    Filed 12/02/2004    Page 4 of 20

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARTE-HANKS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-11548-DPW |
| ) | |
| CHARLES R. DALL'ACQUA and ) | |
| PROTOCOL MARKETING GROUP, ) | |
| ) | |
| Defendants. ) | |

**CHARLES R. DALL'ACQUA'S FIRST AMENDED OBJECTIONS AND
RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Charles R. Dall'Acqua ("Dall'Acqua"), by his attorneys, hereby objects and responds to Plaintiff Harte-Hanks, Inc.'s First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

1. Dall'Acqua objects to these interrogatories on the grounds that they exceed the maximum number of interrogatories a party may serve under Rule 33(a) of the Federal Rules of Civil Procedure. In particular, including all discrete subparts as well as the interrogatories included in its "Monitoring Interrogatories," Harte-Hanks has submitted well in excess of the permitted twenty-five (25) interrogatories.

2. Dall'Acqua objects to these interrogatories to the extent they seek information which is within the attorney-client privilege, the attorney work product privilege or any other recognized privilege or immunity. Dall'Acqua and his counsel hereby assert such privileges and immunities and will not produce any such protected information.

3. Dall'Acqua objects to these interrogatories, including the definitions and instructions, to the extent they seek to impose discovery obligations on Dall'Acqua greater than

those specified in the Federal Rules of Civil Procedure. Dall'Acqua will respond to these interrogatories in accordance with his obligations pursuant to the Federal Rules of Civil Procedure.

4. Dall'Acqua objects to these interrogatories to the extent that any particular request is overly broad, vague, ambiguous, misleading, subject to differing interpretations or otherwise objectionable under the Federal Rules of Civil Procedure.

5. To the extent that any interrogatory calls for information generally available or otherwise known to defendants, Dall'Acqua objects on the grounds that such request is unduly burdensome and oppressive.

6. Dall'Acqua submits these answers and responses without conceding the relevancy or materiality of the subject matter of any interrogatory, and without prejudice to his right to object to any further discovery or to object to the admissibility of proof on the subject matter.

7. Dall'Acqua's investigation continues and, therefore, his responses are preliminary. Dall'Acqua expressly reserves the right to supplement these responses as necessary after discovery closes.

8. All of the above general objections are incorporated by reference into each and every one of the following specific responses.

## ANSWERS

1. Please identify the person answering each interrogatory set forth below, and any persons who assisted in answering each interrogatory or who provided information used in preparing the answer, and indicate the information provided by that or those persons.

**ANSWER:** Dall'Acqua objects to this interrogatory on the grounds it seeks information protected from disclosure by the attorney-client and attorney work product privileges. Dall'Acqua further objects to this interrogatory on the grounds it is overly broad and

chief operating officer or chief executive officer level. In January 2002, Dall'Acqua remained open to the possibility of pursuing other employment opportunities.

For all of these reasons, Dall'Acqua was less than satisfied with his employment at Harte-Hanks. Further answering, Dall'Acqua refers Harte-Hanks to his affidavit and testimony at the preliminary injunction hearing on this subject.

16.   Please state the basis in detail for your contention that your employment with Harte-Hanks ruined your marriage.

**ANSWER:**   Dall'Acqua objects to this interrogatory on the grounds it is utterly irrelevant to the issues in this litigation and not reasonably likely to lead to the discovery of admissible evidence. Dall'Acqua further objects on the grounds that this interrogatory constitutes harassment and an invasion of Dall'Acqua's privacy. Dall'Acqua will not respond to this interrogatory.

Further answering, Dall'Acqua states that as of January 2000, he was separated from his then-wife. Dall'Acqua's formal divorce proceedings were not final until February 2002. At the preliminary injunction hearing, in response to questions from Harte-Hanks' attorney, Dall'Acqua testified that his divorce was over as of January 2002. Immediately following this testimony, Dall'Acqua realized he meant to say he was separated at the time, and immediately asked his attorneys whether the record should be clarified as to the timing of his separation and divorce.

17.   Please state the basis in detail for your contention that you would not have asked Elaine Dernoga to meet you at the Baltimore-Washington International Airport on January 25, 2002.

**ANSWER:**   Dall'Acqua incorporates by reference his affidavit and testimony at the preliminary injunction hearing on this subject.

CHARLES R. DALL'ACQUA.

By:    */s/ John F. Rooney, III*
John F. Rooney III
Angela L. Lackard
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109
(617) 523-6200

Susan C. Levy
Daniel J. Winters
Darren M. Mungerson
JENNER & BLOCK, LLP
One IBM Plaza
330 North Wabash
Chicago, IL 60611
(312) 222-9350

Dated: November 26, 2004

## VERIFICATION

Charles R. Dall'Acqua states on his oath that he has read the foregoing Charles R. Dall'Acqua's First Amended Objections and Responses to Plaintiff's First Set of Interrogatories and that the facts stated therein are true and correct to the best of his knowledge and belief.

_____
Charles R. Dall'Acqua

Dated: November ____, 2004

# EXHIBIT D

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARTE-HANKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHARLES R. DALL'ACQUA and PROTOCOL MARKETING GROUP, <br><br> Defendants. | Civil Action No. 04 CV 11548 DPW |

### NOTICE OF SERVICE OF SUBPOENA

PLEASE TAKE NOTICE that plaintiff, Harte-Hanks, Inc., by its attorneys, Hare & Chaffin, will cause the attached subpoena to be served upon George Z. Petros, Esq.

Dated: September 17, 2004            HARTE-HANKS, INC.,

By its attorneys,

_____
David B. Chaffin
BBO# 549245
Kathleen A. Kelley
BBO# 562342
HARE & CHAFFIN
160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

### CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing document was served by facsimile and mail on counsel of record for defendants this 17th day of September, 2004.

_____
David B. Chaffin

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF __Maryland__

HARTE-HANKS, INC.

V.

CHARLES R. DALL'ACQUA and
PROTOCOL MARKETING GROUP

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 04 CV 11548 DPW
(D. Mass)

TO: George Z. Petros, Esq.
90 Cathedral Street
Annapolis, MD 21401

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): Any and all documents relating to or concerning Charles R. Dall'Acqua and/or to the matter of __Dall'Acqua v. Dall'Acqua__, Case No. 2001-69392 DIV (Cir. Ct. Arundel Cty., MD).

| PLACE | DATE AND TIME |
|---|---|
| Kramon & Graham, P.A., One South Street, Suite 2600 Baltimore, Maryland 21202 | September 27, 2004 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James P. Ulwick
Kramon & Graham, P.A., One South Street, Suite 2600, Baltimore, Maryland 21202   (410) 752-6030

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE: *

SUBPOENA DUCES TECUM TO: * D. Md. Misc. No.
 MJG-04-2967
    George Z. Petros, Esquire *
    90 Cathedral Street
    Annapolis, Maryland 21401 *

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HARTE-HANKS, INC. *

    Plaintiff *

v. * Case No. 04 CV 11548 DPW
 (D. Mass)
CHARLES R. DALL'ACQUA and *
PROTOCOL MARKETING GROUP
 *
    Defendants
 *

---

## MOTION TO COMPEL AND/OR MOTION TO SHOW CAUSE

Plaintiff Harte-Hanks, Inc., by and through its attorneys, hereby respectfully requests that this Court compel deponent George Z. Petros, Esquire, to produce documents called for by a subpoena issued by this Court. The grounds for this Motion are stated below:

1. Harte-Hanks, Inc. is a Delaware corporation with a principal place of business in San Antonio, Texas. Charles Dall'Acqua is a former Senior Vice-President of Harte-Hanks. On July 12, 2004, a lawsuit was filed in the United States District Court for the District of Massachusetts captioned, "Harte-Hanks, Inc. v. Charles R. Dall'Acqua and Protocol Marketing Group," Case No. 04 CV 11548 DPW. This lawsuit concerns a Confidentiality/Non-Disclosure Agreement between Mr. Dall'Acqua and Harte-Hanks.

2. Mr. Dall'Acqua denies signing the Agreement, which appears to bear his signature. The genuineness of this signature is a material issue in the case.

3. On September 17, 2004, Harte-Hanks subpoenaed the records of George Petros, Esquire (attached as Exhibit A hereto). Mr. Petros is an attorney practicing in Anne Arundel County, Maryland, who represented Mr. Dall'Acqua's ex-wife in divorce litigation. Testimony by Mr. Dall'Acqua during the August evidentiary hearing on Harte-Hanks' Motion for a Preliminary Injunction, which was granted, puts in issue materials related to the divorce.

4. Mr. Petros agreed to accept service of the subpoena. (See letter from James P. Ulwick to Mr. Petros, dated September 21, 2004, attached as Exhibit B.) Mr. Petros did not file any objections pursuant to Rule 45 of the Federal Rules of Civil Procedure.

5. On September 27, 2004, Mr. Petros was obliged to present the documents called for by the subpoena. Before that date, however, the parties engaged in settlement

negotiations, and Mr. Petros was advised that he could suspend gathering the documents pending the outcome of settlement negotiations.

6. Settlement negotiations were unsuccessful. Mr. Petros was called on multiple occasions and requested to produce the documents. He has not returned any calls.

7. On November 12, 2004, counsel for Harte-Hanks wrote to Mr. Petros advising him that unless he contacted counsel to arrange for the production of the documents, counsel would be required to file a motion to compel. (See letter from James P. Ulwick to George Z. Petros, Esquire, dated November 12, 2004, attached as Exhibit C.) Mr. Petros did not respond.

8. Under these circumstances, the Court should grant the motion to compel. No objection having been made, there are no valid reasons not to produce the documents. Harte-Hanks respectfully requests that the Court issue an Order compelling Mr. Petros to produce the documents on or before November 30, 2004. The discovery order in this case requires that non-expert discovery be completed by December 3, 2004.

WHEREFORE, plaintiff Harte-Hanks respectfully requests that this Court issue an order compelling George Petros to produce documents called for by this Court's subpoena.

/s/
_____
James P. Ulwick
Kramon & Graham, P.A.
One South Street – Suite 2600
Baltimore, Maryland 21202-3201
(410) 752-6030
Facsimile No. 410-539-1269
julwick@kg-law.com

David B. Chaffin, Esquire
Hare & Chaffin
160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000
dchaffin@hare-chaffin.com
Facsimile No. 617-330-1996

**Attorneys for Plaintiff Harte-Hanks, Inc.**

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of November, 2004, copies of the foregoing Motion to Compel and/or Motion to Show Cause and a proposed Order were sent by facsimile and by Federal Express to:

>Daniel J. Winters, Esquire
>Jenner & Block
>One IBM Plaza
>Chicago, Illinois  60611-7603
>**Facsimile No. 312-840-7285**
>Attorney for Valerie LeBan
>
>John F. Rooney, III, Esquire
>Melick, Porter & Shea, LLP
>28 State Street, 22nd Floor
>Boston, Massachusetts  02109-1775
>**Facsimile No. 617-523-8130**
>Attorney for Charles R. Dall'Acqua and Protocol Marketing Group

and

>George Z. Petros, Esquire
>90 Cathedral Street
>Baltimore, Maryland  21401
>**Facsimile Nos. 410-268-3852 and 301-423-3862**

/s/
_____
James P. Ulwick

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: | * | |
| SUBPOENA DUCES TECUM TO: | * | D. Md. Misc. No. MJG-04-2967 |
| George Z. Petros, Esquire<br>90 Cathedral Street<br>Annapolis, Maryland 21401 | *<br><br>* | |

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HARTE-HANKS, INC. | * | |
| Plaintiff | * | |
| v. | * | Case No. 04 CV 11548 DPW<br>(D. Mass) |
| CHARLES R. DALL'ACQUA and<br>PROTOCOL MARKETING GROUP | *<br><br>* | |
| Defendants | * | |

---

MOTION TO COMPEL AND/OR MOTION TO SHOW CAUSE

EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF **MARYLAND**

HARTE-HANKS

V.

CHARLES R. DALL'ACQUA and
PROTOCOL MARKETING GROUP

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1] 04 cv 11548 DPW
(D. Mass)

TO: George Z. Petros, Esquire
90 Cathedral Street
Annapolis, MD 21401

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): Any and all documents relating to or concerning Charles R. Dall'Acqua and/or to the matter of Dall'Acqua v. Dall'Acqua, Case No. 2001-69392 DIV (Cir. Ct. Arundel Cty., MD).

| PLACE | DATE AND TIME |
| --- | --- |
| Kramon & Graham, P.A., One South Street, Suite 2600, Baltimore, Maryland 21202 | September 27, 2004 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *[signature]* Attorney for Plaintiff | September 17, 2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER James P. Ulwick, Kramon & Graham, P.A., One South Street, Baltimore, Maryland 21202 (410) 752-6030

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number