UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARTE-HANKS, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 04 CV 11548 DPW<br>) |
| CHARLES R. DALL'ACQUA, | )<br>) |
| Defendant. | )<br>) |

## MOTION TO COMPEL ANSWERS TO
## MONITORING INTERROGATORIES

Plaintiff, Harte-Hanks, Inc., respectfully moves the Court to compel defendant Dall'Acqua to respond properly to Harte-Hanks's monitoring interrogatories. The grounds for this motion are set forth in the accompanying memorandum of law. In support of this motion, Harte-Hanks submits the memorandum of law and declarations of David B. Chaffin and Paul Steven Hacker.

WHEREFORE, Harte-Hanks respectfully requests that the Court order Mr. Dall'Acqua to provide full and complete answers to Harte-Hanks's monitoring interrogatories.

## REQUEST FOR ORAL ARGUMENT

Harte-Hanks respectfully requests oral argument on this motion.

Dated: December 10, 2004                    HARTE-HANKS, INC.,

                                            By its Attorneys,


                                            s/David B. Chaffin
                                            David B. Chaffin
                                            BBO No. 549245
                                            Kathleen A. Kelley
                                            BBO No. 562342
                                            HARE & CHAFFIN
                                            160 Federal Street
                                            Boston, MA 02110
                                            (617) 330-5000


## CERTIFICATE PURSUANT TO LOCAL RULES 7.1 AND 37.1

I certify that on December 8 and 10, 2004, I complied with Local Rules 7.1 and 37.1. I conferred with opposing counsel and we were unable to resolve or narrow the issue in dispute.


                                            s/David B. Chaffin


422004.1209

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARTE-HANKS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                                          ) | Civil Action No. 04 CV 11548 DPW |
| ) | |
| CHARLES R. DALL'ACQUA, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM IN SUPPORT OF MOTION TO
### COMPEL ANSWERS TO MONITORING INTERROGATORIES

Plaintiff, Harte-Hanks, Inc., submits this memorandum in support of its motion to compel Mr. Dall'Acqua to respond properly to Harte-Hanks's monitoring interrogatories.

### Background

On August 18, 2004, the Court ruled from the bench on Harte-Hanks's motion for a preliminary injunction. The Court said, among other things:

> So, my view is that there is an irreparable harm demonstrated here by the hiring decisions that Mr. Dall'Acqua and Protocol are making that pose the prospect of irreparable harm to Harte-Hanks by taking valuable employees from their ranks. Those valued employees, in theory, could choose to do that on their own. But under the injunction that I will put in place, Mr. Dall'Acqua may not directly or indirectly induce them to do so. And the proper prophylactic under those circumstances, from the perspective of Mr. Dall'Acqua and Protocol Marketing Group to avoid further litigation over whether or not there has been a violation of the injunction, would simple be: Don't hire someone from Harte-Hanks during the time period.

\* \* \* \*

> . . . But Mr. Dall'Acqua, you should be clear, you've heard it from me that you are enjoined from at any time during the period two years subsequent to your termination of employment with Harte-Hanks unless there has been a further order of the Court from attempting directly or indirectly through others or to influence any employees of Harte-Hanks to terminate their employment with Harte-Hanks or to recruit Harte-Hanks employees for other employment. That is applicable to you, to Protocol Marketing Group, and to all other persons acting in concert with you who are made aware of that order.

(Docket No. 33 at 93, 97.)

On August 25, the Court entered a Preliminary Injunction Order. It provides, in relevant part:

> Defendants Charles A. Dall'Acqua and Protocol Marketing Group, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of this preliminary injunction are hereby enjoined for a period not to exceed March 5, 2006 from attempting, directly or through others, to influence any employee of Harte-Hanks to terminate employment with Harte-Hanks and from recruiting any Harte-Hanks employees for any other employment.

(Docket No. 34.)

On August 30, Harte-Hanks served Plaintiff's Monitoring Interrogatories Propounded to Defendant Charles R. Dall'Acqua. The first two of the three monitoring interrogatories are:

**Interrogatory 1**

Please identify, by providing his or her full name, address, telephone number, and e-mail address, each and every current or former employee of Harte-Hanks with whom you have communicated, whether in person or by telephone, e-mail, written correspondence, or otherwise, from January 1, 2004 to the date of your response.

**Interrogatory 2**

Please describe in complete detail each communication of any sort you have had with any current or former employee of Harte-Hanks from January 1, 2004, to the date of your response. Your description of each such communication should include, but not be limited to, (a) an identification of the individual with whom you communicated; (b) an identification of the method(s) (e.g., telephone, writing,

etc.) of communication employed; (c) an identification of the date(s) of the communication(s); (d) a word-for-word account of the communication(s) or, where such an account is not possible, a statement of the substance of the communication; (e) an identification of any witness(es) to the communication; and (f) an identification of any documents referring to, relating to, or memorializing the communication.

(Chaffin Dec., Ex. 1.)

On November 15, Mr. Dall'Acqua provided responses to the monitoring interrogatories.

The responses were inadequate. In response to the first interrogatory, he said:

> **RESPONSE**: Dall'Acqua objects to this interrogatory on the grounds it is overly broad, burdensome and harassing in seeking the identities of all current and former Harte-Hanks employees with whom Dall'Acqua communicated from January 1, 2004 to the present. Dall'Acqua further objects on the grounds that it seeks information not reasonably likely to lead to the discovery of admissible evidence. Subject to some significant narrowing of the scope of this interrogatory, Dall'Acqua will reconsider his response. Further answering, Dall'Acqua incorporates by reference his responses to Interrogatories Nos. 8, 11, 12 and 13 which discuss his (pre-preliminary injunction order) discussion with Harte-Hanks' employees regarding their possible employment at Protocol.[1]

(Chaffin Dec., Ex. 2.) In response to the second interrogatory, he said:

> **RESPONSE:** Dall'Acqua objects to this interrogatory on the grounds it is overly broad, burdensome and harassing in seeking the identities of all current and former Harte-Hanks employees with whom Dall'Acqua communicated from January 1, 2004 to the present. Dall'Acqua further objects on the grounds that it seeks information not reasonably likely to lead to the discovery of admissible evidence. Subject to some significant narrowing of the scope of this interrogatory, Dall'Acqua will reconsider his response. Further answering, Dall'Acqua incorporates by reference his responses to Interrogatories Nos. 8, 11, 12 and 13 which discuss his (pre-preliminary injunction order) discussion with Harte-Hanks' employees regarding their possible employment at Protocol.

(Chaffin Dec., Ex. 2.)

---

[1] In response to Interrogatories 8, 11, 12, and 13, Mr. Dall'Acqua simply (a) admitted that he had hired Messrs. Martus and Bakal and Ms. Kennedy to work at Protocol, and (b) outlined his solicitation of Messrs. Martus and Bakal. He provided little more than information already on record in this case. (Chaffin Dec., Ex. 3, answers to interrogatories 8, 11, 12, 13.)

3

At the hearing on November 18, the undersigned brought to the Court's attention that Harte-Hanks was dissatisfied with Mr. Dall'Acqua's responses to Harte-Hanks's interrogatories, and the Court instructed Mr. Dall'Acqua to provide "last and best responses." The colloquy was:

> MR. CHAFFIN: Just one quick one, Your Honor. There was another component to our motion to compel. That was a request that Your Honor rule that the objections have been waived. We received Mr. Dall'Acqua's last night at 3:40 the responses to our monitoring and to our interrogatories.
>
> THE COURT: To your –
>
> MR. CHAFFIN: To our monitoring and to our interrogatories - - I think there were three - - and our other interrogatories. And basically the monitoring to our interrogatories are nothing but objections and the other interrogatories are somewhat better, but not great. They are replete with objections, Your Honor.
>
> THE COURT: So, what are you going to do about it? Do I have to deal with motions to compel? I mean, give them real answers.
>
> MR. ROONEY: Judge, in all due respect, I believe he does have real answers and he has documents as well. He has Mr. Dall'Acqua's testimony. But I hear Your Honor. There is no reason for the Court to engage in a decision on a motion to compel. I'm sure counsel and I can work it out.
>
> THE COURT: I'm not going to say "waive" yet, but you have until next Friday to give your last and best responses and they better be good - -
>
> MR. CHAFFIN: Thank you.
>
> THE COURT: - - rather than out of the word processor of a lawyer's office.

(Docket No. 76 at 9-10.)

4

On November 26, Mr. Dall'Acqua served an amended response to Harte-Hanks's monitoring interrogatories. The amended response is not appreciably different from the original. As to the two monitoring interrogatories quoted above, Mr. Dall'Acqua said:

> **RESPONSE (to Interrogatory 2):** Dall'Acqua objects to this interrogatory on the grounds it is overly broad, burdensome and harassing in seeking the identities of all current and former Harte-Hanks employees with whom Dall'Acqua communicated from January 1, 2004 to the present. Dall'Acqua further objects on the grounds that it seeks information not reasonably likely to lead to the discovery of admissible evidence. Subject to some significant narrowing of the scope of this interrogatory, Dall'Acqua will reconsider his response. Without waiving this objection, Dall'Acqua states that he has had numerous communications with Harte-Hanks employees from January 1, 2004 to the present based upon his longtime association with the plaintiff. Further answering, Dall'Acqua incorporates by reference his responses to Interrogatories Nos. 8, 11, 12 and 13 which discuss his (pre-preliminary injunction order) discussions with Harte-Hanks' employees regarding their possible employment at Protocol. Subsequent to this Court's issuance of the preliminary injunction, Dall'Acqua has not had any conversations that violate this Court's Order.

\* \* \* \*

> **RESPONSE (to Interrogatory 3):** Dall'Acqua objects to this interrogatory on the grounds it is overly broad, burdensome and harassing in seeking the identities of all current and former Harte-Hanks employees with whom Dall'Acqua communicated from January 1, 2004 to the present. Dall'Acqua further objects on the grounds that it seeks information not reasonably likely to lead to the discovery of admissible evidence. Subject to some significant narrowing of the scope of this interrogatory, Dall'Acqua will reconsider his response. Without waiving this objection, Dall'Acqua states that he has had numerous communications with Harte-Hanks employees from January 1, 2004 to the present based upon his longtime association with the plaintiff. Further answering, Dall'Acqua incorporates by reference his responses to Interrogatories Nos. 8, 11, 12 and 13 which discuss his (pre-preliminary injunction order) discussions with Harte-Hanks' employees regarding their possible employment at Protocol. Subsequent to this Court's issuance of the preliminary injunction, Dall'Acqua has not had any conversations that violate this Court's Order.

(Chaffin Dec., Ex. 4.) Mr. Dall'Acqua has yet fully to describe his contacts with Harte-Hanks employees.

Recent events underscore Harte-Hanks's entitlement to the information Mr. Dall'Acqua has refused to provide. Until recently, Deborah Kennedy was a sales representative for Harte-Hanks. In the past, she was successful. Her performance deteriorated this year. In September, she was advised that unless her performance improved, she would be terminated. Her performance did not improve. As a result, she was terminated in October. Harte-Hanks has learned that Ms. Kennedy has been hired by Protocol. (Notably, Ms. Kennedy signed a non-competition agreement with Harte-Hanks. She was and is well aware of the agreement, as will become apparent in due course.) (Hacker Dec., ¶¶ 2-8.)

The news that Ms. Kennedy had been hired by Protocol prompted an inquiry into whether Mr. Dall'Acqua had violated the preliminary injunction (among other things) by hiring her. Mr. Dall'Acqua and Ms. Kennedy's telephone records have been reviewed. They reveal substantial contact during the pendency of this action, but before Ms. Kennedy was warned in September. Most notably, Mr. Dall'Acqua's telephone records indicate that on August 20, two days after the Court's ruling from the bench, and well before Ms. Kennedy had been warned, he had a seven and one-half minute conversation with Ms. Kennedy.[2] (Chaffin Dec., ¶ 8, Ex. 5; Hacker Dec., ¶ 8.)

In view of the extent and timing of the contact between Mr. Dall'Acqua and Ms. Kennedy, there is a substantial question concerning whether Mr. Dall'Acqua is in contempt. Under these circumstances, full and complete responses to the monitoring interrogatories should be provided.

---

[2] This was before Harte-Hanks had served its monitoring interrogatories.

**Argument**

## COMPLETE RESPONSES TO THE MONITORING INTERROGATORIES SHOULD BE PROVIDED

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b). In this context, "relevance" is to be interpreted expansively, and the presumption is that the discovery sought should be had. See, e.g., Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, n. 12 (1978) ("The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation.") (emphasis added) (quoting J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)); Schuurman v. Town of North Reading, 129 F.R.D. 276, 277 (D. Mass. 1991) (citations omitted). **Discovery concerning compliance with a preliminary injunction is permissible.** See, e.g., United States v. Cohen, 222 F.R.D. 652, 659 (W.D. Wash. 2004) ("the Court ORDERS that the United States may conduct discovery to ensure defendant's compliance with this preliminary injunction"); United States v. James, 2003 WL 21790435, *2 ("This Court orders that the United States may engage in post-judgment discovery to ensure compliance with the preliminary injunction."); cf. Szabo v. U.S. Marine Corp., 819 F.2d 714, 715 (7th Cir. 1987) (discovery as to compliance with injunction permitted after finding of contempt).

Under these principles, and all other things being equal, Harte-Hanks would be entitled to full and complete responses to the monitoring interrogatories. But all other things are not equal. The Court expressly instructed Mr. Dall'Acqua to provide his "last and best responses and they better be good . . . ." Further, there is, as described above, a substantial question as to whether

7

Mr. Dall'Acqua is in contempt.  Mr. Dall'Acqua promptly should provide full and complete responses to the monitoring interrogatories because compliance discovery is permissible, because the Court instructed him to do so, and because non-compliance is at issue.

## Conclusion

For the foregoing reasons, Harte-Hanks respectfully requests that the Court order Mr. Dall'Acqua to provide full and complete responses to Harte-Hanks's monitoring interrogatories.

Dated: December 9, 2004                              HARTE-HANKS, INC.,

By its Attorneys,


s/David B. Chaffin
David B. Chaffin
BBO No. 549245
Kathleen A. Kelley
BBO No. 562342
HARE & CHAFFIN
160 Federal Street
Boston, MA 02110
(617) 330-5000

## CERTIFICATE PURSUANT TO LOCAL RULES 7.1 AND 37.1

I certify that on December 8 and 10, 2004, I had three conferences with opposing counsel pursuant to Local Rules 7.1 and 37.1. On the 8th at approximately 6:00 p.m., I spoke with Mr. Rooney by telephone. We had a brief discussion about the matter that gives rise to this motion, and I indicated that we were prepared to move to compel with respect to the monitoring interrogatories. I told him that I would discuss the specifics of the motion with one of his associates. Today, I conferred with Mr. Grygorcewicz twice, by telephone, at about 11:30 a.m. and 12:15 p.m. (Ms. Kelley participated in the first conference.) During the first call, I asked Mr. Grygorcewicz if Mr. Dall'Acqua would agree to provide full and complete answers to the monitoring interrogatories and indicated that we needed an answer promptly. I also offered to narrow the scope to the period following January 28, 2004 (the approximate date of Mr. Dall'Acqua's first dealings with Protocol). Mr. Grygorcewicz called me at about 12:15 and said that we would have to file our motion.

s/David B. Chaffin

422004.1208