UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HARTE-HANKS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHARLES R. DALL'ACQUA, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 04-11548-DPW |

### DALL'ACQUA'S RESPONSE IN OPPOSITION TO HARTE-HANKS' MOTION TO COMPEL ANSWERS TO MONITORING INTERROGATORIES

Harte-Hanks' so-called "monitoring interrogatories" and its pending motion to compel regarding the same are merely the latest examples of Harte-Hanks' attempt to use this litigation as a tool to attempt to harass Dall'Acqua (and his family).  Contrary to the baseless accusations in Harte-Hanks' motion, Dall'Acqua is in full compliance with this Court's preliminary injunction order.  He has done nothing since the Court entered its Order to influence any Harte-Hanks employee to terminate his or her employment with Harte-Hanks or to otherwise recruit any Harte-Hanks employee for other employment.  Dall'Acqua represented as such in his responses to Harte-Hanks' monitoring interrogatories.  As to Deb Kennedy (whose situation was reported to the Court during the November 18, 2004 hearing), Protocol only offered her employment <u>after</u> she was terminated by Harte-Hanks.  Neither the Court's Order nor the alleged non-solicitation agreement places any restrictions on Dall'Acqua (or Protocol) in such circumstances.

Harte-Hanks' motion, therefore, is without merit and should be denied.

**Dall'Acqua's Responses To "Monitoring Interrogatories" Are Proper**

Under the guise of gauging Dall'Acqua's compliance with the Court's August 25, 2004 preliminary injunction order, Harte-Hanks tendered so-called "monitoring interrogatories" seeking detailed information regarding all written or oral communications (on any subject) between Dall'Acqua and all current and former Harte-Hanks employees from January 1, 2004 to the present. [See Pl. Mon. Interrog. Nos. 1-2.]

To the extent Harte-Hanks is truly interested in monitoring Dall'Acqua's compliance with the Court's Order, the only legitimate inquiry is whether Dall'Acqua has had any conversations with current Harte-Hanks employees that relate to the topics prohibited therein. As to this subject matter, Dall'Acqua unequivocally stated in his responses that he has not had any conversations with any Harte-Hanks employees that violate the Court's preliminary injunction order. [See Def. Resp. to Mon. Interrogs. Nos. 1-2.] As there have been no such conversations, there is no additional detail to provide.

Harte-Hanks' monitoring interrogatories, however, seek massive amounts of additional information utterly unrelated to Dall'Acqua's compliance with the Court's Order. Dall'Acqua properly objected to the interrogatories on these grounds, and he stands on those objections.

*First*, the interrogatories are not limited to communications prohibited by the Court's preliminary injunction order. Rather, they seek detailed information regarding all communications on any topic Dall'Acqua has had with all current and former Harte-Hanks employees. Having devoted more than 20-years of his professional life to Harte-Hanks, Dall'Acqua developed numerous personal and social relationships with Harte-Hanks employees. These relationships continued after his termination in March 2004, and included conversations regarding such irrelevant and personal matters as Dall'Acqua's recent marriage and the holidays.

Dall'Acqua stated in his verified responses that he had no conversations with any of these people in contravention of the Court's Order. There is no basis for requiring Dall'Acqua to provide information regarding other unrelated conversations he has had with these persons.

*Second*, the monitoring interrogatories are overbroad in seeking information regarding all communications between Dall'Acqua and any current/former Harte-Hanks employee from January 1, 2004 to the present. The Court's Order was entered on August 25, 2004. Accordingly, only communications subsequent to entry of the Court's Order would be relevant to monitoring Dall'Acqua's compliance with it.

*Finally*, the interrogatories are improper in that they are premised on the notion that Dall'Acqua has somehow violated the Court's Order. Dall'Acqua, however, has done nothing to violate the Order. Rather, at all times, he has steadfastly complied with it. In the absence of some improper conduct, it is unnecessary and offensive for Harte-Hanks to move to compel regarding its "monitoring interrogatories."

**Protocol's Employment of Deb Kennedy, After She Was Terminated By Harte-Hanks, Is Entirely Proper**

Though captioned a motion to compel regarding Dall'Acqua's responses to its monitoring interrogatories, Harte-Hanks' motion is essentially an accusation that Dall'Acqua violated the Court's preliminary injunction order in regards to Deb Kennedy. That is untrue and Harte-Hanks' accusations should be stricken from the record.

Kennedy contacted Dall'Acqua in September to say that she was being terminated by Harte-Hanks. [Dall'Acqua Decl. ¶ 2.] Dall'Acqua advised her regarding the Court's Order and informed her that he could not talk to her regarding any employment-related issues. [Id. at ¶ 3.] Dall'Acqua then terminated the conversation. [Id.] The next conversation was in October, after Kennedy had been terminated by Harte-Hanks. [Id. at ¶ 4.] Kennedy was not offered

3

employment by Protocol until October 28, 2004.  [Id. at ¶ 5.]  Her first date working at Protocol was November 8, 2004.  [Id.]

Dall'Acqua's conduct was entirely proper and consistent with the Court's Order.  Indeed, Harte-Hanks conceded as much when it failed to raise this as an issue when Deb Kennedy's situation was discussed with the Court during the November 18, 2004 hearing (regarding Dall'Acqua's motion for sanctions regarding Elaine Dernoga's spoliation of evidence).

## CONCLUSION

For above-stated reasons, Dall'Acqua respectfully requests that the Court deny Harte-Hanks' motion and strike its baseless accusations against him from the record.

CHARLES R. DALL'ACQUA

By:     /s/ Matthew Grygorcewicz

John F. Rooney III
Angela L. Lackard
Matthew Grygorcewicz
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA  02109
(617) 523-6200

Susan C. Levy
Daniel J. Winters
JENNER & BLOCK LLP
One IBM Plaza
330 North Wabash
Chicago, Illinois  60611
(312) 222-9350

Dated:  December 27, 2004

Document No. 1192840

4