UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HARTE-HANKS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 04-11548-DPW |
| CHARLES R. DALL'ACQUA and PROTOCOL MARKETING GROUP, | ) ) ) |
| Defendants. | ) ) |

**CHARLES R. DALL'ACQUA'S REPLY MEMORANDUM
IN SUPPORT OF EMERGENCY MOTION FOR PROTECTIVE ORDER**

Defendant Charles R. Dall'Acqua ("Dall'Acqua") respectfully submits this reply memorandum in support of his emergency motion for a protective order to quash the subpoenas recently served by Harte-Hanks on Dall'Acqua's and his ex-wife's divorce attorneys seeking their entire files regarding his divorce. This case is about the authenticity of an alleged non-solicitation agreement. Yet, Harte-Hanks appears to have a vendetta against its former 20+ year executive and is attempting to use this litigation as a means to pry into his personal and family life.[1]

To justify the subpoenas, Harte-Hanks advances several arguments. (See Pl. Resp. Br. at 4-5.) None, however, withstand scrutiny.

---

[1] Why else attach as part of its public filing the Judgment of Absolute Divorce which sets forth the details of Dall'Acqua's financial alimony and child support obligations as well as the educational plans for Dall'Acqua's minor child? Why else attach the portions of the divorce court's opinion which discuss disagreements between Dall'Acqua and his ex-wife regarding whether to have another child?

- ° Harte-Hanks argues it needs the divorce files to impeach Dall'Acqua regarding the timing of his divorce. But, the timing of Dall'Acqua's divorce is a matter of public record and is not disputed by the parties.

- ° Harte-Hanks argues it needs the divorce files to determine whether Dall'Acqua was taking Prozac at the time. This back-door attempt to access Dall'Acqua's medical history is improper. Whether or not Dall'Acqua was taking prescription medications at the time, especially where it had absolutely no impact on his professional life, has absolutely nothing to do with the authenticity of the alleged agreement.[2]

- ° Harte-Hanks argues it needs the divorce files to establish that Dall'Acqua was well paid by Harte-Hanks. Not only is Dall'Acqua's financial situation irrelevant, but Harte-Hanks' own records provide ample evidence regarding the compensation Dall'Acqua received from the company. There is no need to subpoena the divorce lawyers' files to establish this point.

- ° Finally, Harte-Hanks argues it needs the divorce files to determine why Dall'Acqua's first marriage resulted in divorce. But, when Harte-Hanks' attorney tried to explore this topic at the preliminary injunction hearing, he was chastised by the Court that this subject was "wholly inappropriate" and had "nothing to do with this [litigation]." (See 8/12/04 Trans. at 84-85.) Mr. Chaffin apologized. (Id.)

---

[2] Although Harte-Hanks selectively quotes from the public divorce records to suggest that Dall'Acqua was under immense stress in early 2002, the divorce judge noted just the opposite in his February 2002 opinion: "Mr. Dall'Acqua takes a prescription for Prozac sometimes and complains of stress. But, obviously, he is getting along real well. He seems to be set. Other than the several days referred to about the time of the parties' separation [in late 1999 and early 2000], I have never heard that it caused him to lose work." (2/28/02 Opinion at 3 (attached as Exhibit A to Pl. Resp. Br.).)

Harte-Hanks contends Dall'Acqua opened the door to his divorce proceedings by somehow relying on it to affirmatively advance his case. That is simply untrue. The two instances at the preliminary injunction hearing when the divorce was referenced was in response to questions from Harte-Hanks' attorney. Dall'Acqua did <u>not</u>, and will <u>not</u>, rely on or otherwise use any aspect of his divorce to establish his defenses in this litigation.

The Court, therefore, should grant Dall'Acqua's emergency motion for a protective order and enter an Order quashing the subpoenas issued by Harte-Hanks on Dall'Acqua's and his ex-wife's divorce attorneys.

                CHARLES R. DALL'ACQUA

              By:   */s/ John F. Rooney, III*

                John F. Rooney III
                Angela L. Lackard
                Matthew Grygorcewicz
                MELICK, PORTER & SHEA, LLP
                28 State Street
                Boston, MA  02109
                (617) 523-6200

                Susan C. Levy
                Daniel J. Winters
                JENNER & BLOCK LLP
                One IBM Plaza
                330 North Wabash
                Chicago, Illinois  60611
                (312) 222-9350

Dated:  January 4, 2005