UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HARTE-HANKS, INC., Plaintiff, | ) | |
| v. | ) | Civil Action No. 04 CV 11548 DPW |
| CHARLES R. DALL'ACQUA, Defendant. | ) | |

**DECLARATION OF DAVID B. CHAFFIN IN SUPPORT OF EMERGENCY MOTION FOR LEAVE TO TAKE MORE THAN TEN DEPOSITIONS**

I, David B. Chaffin, state, under the penalties of perjury:

1. I am co-counsel for Plaintiff.

2. I make this declaration in support of Harte-Hanks's motion for leave to take more than ten deposition.

3. To establish the authenticity of the Mr. Dall'Acqua's Confidentiality/Non-Disclosure Agreement, Harte-Hanks has offered, and will offer at trial, among other things, evidence that the other employees for whom Elaine Dernoga was responsible also signed a Confidentiality/Non-Disclosure Agreement within days of Mr. Dall'Acqua's signature of his.

4. On December 10, 2004, I caused to be hand-delivered to Mr. Dall'Acqua's co-counsel, among other documents, (a) the documents that Mr. Robillard had concluded match the Dall'Acqua Agreement, and (b) the original Dall'Acqua

Agreement.

5. Attached hereto as Exhibit A is a copy of a letter from Matthew Grygorcewicz to me.

6. On December 20, 2004, the documents that had been forwarded to Mr. Tytell on December 10 were returned to me "[a]fter the completion of his examination." A copy of the letter containing the quoted language is attached hereto as Exhibit B.

7. Supplemental expert reports were due on December 17. That day, Harte-Hanks served the supplemental reports of its two Questioned Document Examiners, Messrs. Robillard and Richards. (Copies of the reports (without their exhibits) are attached hereto as Exhibits C and D, respectively.)

8. That day, I received from Mr. Dall'Acqua's counsel only (1) a third supplemental report by Ms. Schuetzner (wherein she effectively conceded that her indented writing analysis, which, as the Court will recall, was trumpeted in Mr. Dall'Acqua's spoliation motion, had been incorrect), and (2) new exhibits to Mr. Tytell's prior report. (A copy of Mr. Dall'Acqua's entire supplemental expert submission is attached hereto as Exhibit E.)

9. During the last two weeks, I repeatedly asked Mr. Dall'Acqua's counsel whether they would stipulate to the authenticity of the other employees' agreements in order to avoid, among other things, the burden and expense of deposing the other employees (some of whom are not longer employed by Harte-Hanks).

10. On January 7, 2005, Daniel Winters, Mr. Dall'Acqua's co-counsel, told me that they will not stipulate to the other agreements' authenticity.

SIGNED UNDER THE PENALTIES OF PERJURY
THIS 10th DAY OF JANUARY 2005

David B. Chaffin

422004.0105