# EXHIBIT B

# MELICK, PORTER & SHEA, LLP

Counsellors at Law

28 State Street
Boston, Massachusetts 02109-1775
(617) 523-6200
Fax (617) 523-8130
www.melicklaw.com

Richard J. Shea
Robert P. Powers
John F. Rooney, III *(DC & NH)
William D. Chapman
Michael J. Mazurczak *(WI)
Robert T. Treat
William L. Keville, Jr.
Michael R. Byrne
Andre A. Sansoucy
Amy E. Goganian
Robert W. Healy
Jennifer B. Hardy
Allen J. McCarthy
Carly K. Wee *(NY)
Angela L. Lackard
Maureen E. Lane *(NH)
Christine C. Heshion
Adam M. Guttin *(RI)
T. Dos Urbanski *(RI)
Megan E. Kures
John E. DeWick
Matthew Grygorcewicz
Margaret M. Carleen
Cheryl Mancuso
Kerry D. Florio
Paul T. Tetrault
Jessica M. Farrelly *(FL)
Stephen D. Eldridge

Of Counsel
Thomas W. Porter, Jr.

*Also Admitted

Two Richmond Square - Suite 104
Providence, Rhode Island 02906
(401) 941-0909
Fax (401) 941-6269

65 Main Street
Plymouth, Massachusetts 02360
(508) 746-5976

December 20, 2004

**BY HAND**

Mr. David B. Chaffin
Ms. Kathleen Kelley
HARE & CHAFFIN
160 Federal Street, 23rd Floor
Boston, MA 02110-1701

Re:   *Harte-Hanks, Inc. V. Protocol Marketing Group
      and Charles Dall'Acqua*
      Civil Action No. 04-CV-11548

Dear Counsel:

Pursuant to the chain-of-custody correspondence requirement in the second stipulation concerning custody of original documents, I write to inform you of the following:

It is my understanding that Peter Tytell received a Federal Express delivery at his home on Saturday, December 11, 2004, from Melick, Porter & Shea, LLP, under tracking number 841645107207. The FedEx Pak envelope was opened by Mr. Tytell and the contents checked against the cover letter from my office. The envelope contained the documents marked as Plaintiff's Exhibits P-1 through P-12 and Defendant's Exhibits D-1 through D-3 as listed in Tytell's report of October 22, 2004. It also included twenty-nine (29) additional items, as follows:

Nineteen (19) additional documents previously reviewed by Plaintiff's expert (the "Additional Documents") and ten (10) documents (the "Paper Samples") purportedly created contemporaneous to the date of Questioned Document.

I understand that Mr. Tytell noted that the multi-page Additional Documents, as well as many of the other multi-page Plaintiff's exhibits, were stapled well in from the corner. One group of four (4) separate documents from the Additional Documents was stapled together in a manner that interfered with the examination; these items (listed above as A-15 through A-18) were unstapled and the staple retained.

MELICK, PORTER & SHEA, LLP

David B. Chaffin
December 20, 2004
Page 2

      It is my further understanding that the envelope with the documents was transported by Mr. Tytell to his office by taxi. The documents were kept in Mr. Tytell's office, under his control, not seen by any other person, and kept in a locked Class D fireproof file. After the completion of his examination, Mr. Tytell delivered the documents to a Federal Express office on Saturday, December 18, 2004, for return to Melick, Porter and Shea by Monday, December 20, 2004, under tracking No. 848460304967.

      This office received the documents via Federal Express on the morning of December 20, 2004.

                                                  Very truly yours,

                                                  Matthew Grygorcewicz

cc: Daniel J. Winters