# EXHIBIT D

# RICHARDS FORENSIC SERVICES
EXAMINER OF QUESTIONED DOCUMENTS AND PHOTOGRAPHS
15307 Alan Drive, Laurel, Maryland 20707
301-725-3778; Fax 301-725-1714

December 17, 2005

Mr. David B. Chaffin
Hare & Chaffin
160 Federal Street
Boston, Massachusetts 02110

**REFERENCE:** Report of Mr. Alan T. Robillard dated December 16, 2005.

**LABORATORY FILE NUMBER:** A04058D.

**SUBMITTED ITEMS:** Documents examined at Hare & Chaffin in Boston, Massachusetts November 8, 2004, listed below. Report and images of Mr. Alan T. Robillard, Forensic Science Applications, dated December 16, 2004.

**EXAMINATION:** This examination and review is based on the evidence noted in my report dated September 15, 2004;
   Q1
   K1-1 through K1-37
   K1-38 through K1-60

and the evidence examined November 8, 2004 and listed in Mr. Robillard's report dated December 16, 2004;
   K1-61 through K1-66
   K1-67 through K1-266
   K1-267 through K1-310
   K2-1 through K2-2
   K3-1 through K3-8
   K4
   K5-1 through K5-2

**REQUEST:** Compare the paper used to create specimen Q1 and papers from the files of Harte-Hanks which are dated approximately during the same time period. In addition, review the report and opinions of Mr. Robillard, dated December 16, 2004, rebutting the findings and conclusions expressed in the report of Mr. Peter V. Tytell, dated October 22, 2004 and the report of Ms. Ellen Mulcrone Schuetzner, dated October 22, 2004. Upon completion of this review, comment on the degree of concurrence or non-concurrence I have with Mr. Robillard's report and opinions.

**PAPER EXAMINATION:** On November 8, 2004 I conducted a paper examination of Q1, which consists of two standard 8 ½ inch by 11 inch sheets of white paper, comparing it with the known specimens K2-1, K2-2 and K3-1 through K3-8. This examination was conducted in coincidence with the examination of Alan T. Robillard.

Neither Q1 or the known specimens contained a watermark. The questioned and known documents were measured regarding their length, width and thickness. All had similar physical measurements, with no significant differences noted. The questioned and known paper was also examined, side-by-side, using visible light reflectance (color/brightness), transmitted visible light (translucence/opacity), shortwave ultraviolet light fluorescence and longwave ultraviolet light fluorescence. All of the paper appeared the same, with no discernable difference noted. The questioned and known specimens were further examined microscopically regarding the paper's "wire" pattern, which is produced during the manufacturing process. No significant differences were noted between the questioned and known paper.

Based on the limits of this non-destructive examination, it was determined that there is nothing to suggest or indicate that the Q1 document, and the K2-1, K2-2 and K3-1 through K3-8 documents, were produced from different paper sources.

**REVIEW OF MR. ROBILLARD'S REPORT AND OPINION:** I have had the opportunity to thoroughly review Mr. Robillard's report and exhibits dated December 16, 2004 and all of the underlaying evidence involved in the production of that report. I have determined that Mr. Robillard has conducted a professional and thorough examination, reporting accurately the significant facts and observations he has made. Based on my review of the evidence and Mr. Robillard's report, I fully concur with his findings and opinions regarding this matter.

Gerald B. Richards