UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARTE-HANKS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLES R. DALL'ACQUA, )<br>)<br>Defendant. )<br>) | Civil Action No. 04-11548-DPW |

**DALL'ACQUA'S RESPONSE IN OPPOSITION TO HARTE-HANKS'
EMERGENCY MOTION FOR LEAVE TO TAKE MORE THAN TEN DEPOSITIONS**

Charles Dall'Acqua, by his attorneys, respectfully submits this response in opposition to Harte-Hanks' emergency motion to take an indefinite number of depositions in excess of the 10 permitted under the Federal Rules of Civil Procedure. Harte-Hanks' request is part of a continuing litigation strategy by Harte-Hanks, a large public company, to bury Dall'Acqua, an individual defendant, in unnecessary legal costs and expenses. This case is simple and straight-forward: it concerns whether or not a non-solicitation agreement was forged. This case does not warrant an exception to the discovery limits set forth in the Federal Rules. Harte-Hanks' motion should be denied.

Although Harte-Hanks failed to state in its motion just how many extra depositions it seeks (it told counsel for Dall'Acqua during their Local Rule 37.1 conference it was seeking to depose 22 fact witnesses), the majority appear to be related to confidentiality agreements allegedly executed by other Harte-Hanks employees in January 2002. However, there is nothing about these other agreements sufficient to grant Harte-Hanks an exception to the discovery limits

set forth in the Federal Rules. *First*, to the extent these depositions are necessary due to Harte-Hanks' own misconduct--namely, its" losing" the originals of the agreements (the subject of a recent motion for sanctions)--that should not justify a significant expansion of discovery at the expense of Dall'Acqua. (If allowed, Dall'Acqua's resulting legal fees should be reimbursed by Harte-Hanks.) *Second*, given that the only purpose of preserving these witnesses' testimony is to bolster Ms. Dernoga's testimony regarding the authenticity of the alleged agreement, Harte-Hanks should develop a case theory that can be accomplished within the confines of the Federal Rules. *Finally*, Harte-Hanks' current arguments regarding the importance of these witnesses' testimony is belied by Harte-Hanks' failure to identify any of them in its Rule 26 disclosures. [See 9/10/04 Harte-Hanks Rule 26 Discl. at 1-4 (identifying persons likely to have discoverable information that it may use to support its claims).] Accordingly, Harte-Hanks has failed to provide any legitimate justification for more than doubling the permitted number of depositions. See generally Cognex Corp. v. Electro Scientific Ind., Inc., 2002 WL 32309413, *5 (D.Mass. July 2, 2002) ("There are limits on the number of depositions . . . even though more might well produce relevant information. There is no exception to those limitations based upon one party's willingness to pay. The sense of fairness underpinning our system of justice will not be enhanced by the courts participating in giving strategic advantage to those with deeper pockets.").

      Despite the discrete issues presented by this case, Harte-Hanks is engaged in a campaign of attrition to drive up the legal costs of Dall'Acqua, an individual defendant and former long-time employee of Harte-Hanks, and unnecessarily prolong the discovery phase of the case. To this end, Harte-Hanks has issued subpoenas to, among others, Dall'Acqua's fiancé (now wife), Dall'Acqua's ex-wife, Dall'Acqua's divorce attorney, Dall'Acqua's ex-wife's divorce attorney,

the outside investors in Protocol (Willis Stein, BCI Partners and Nightingale Associates) and the executive recruiting firm involved in placing Dall'Acqua. Harte-Hanks has also threatened to depose Dall'Acqua's ex-wife and current wife. Such tactics (the subject of a pending motion for a protective order) should not be permitted to continue.

Accordingly, for the above-stated reasons, Dall'Acqua respectfully requests that the Court deny Harte-Hanks' motion and award Dall'Acqua his costs responding to this motion.

Respectfully submitted,

CHARLES R. DALL'ACQUA

By: /s/ John F. Rooney, III
One of His Attorneys

John F. Rooney III
Angela L. Lackard
Matthew Grygorcewicz
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109
(617) 523-6200

Susan C. Levy
Daniel J. Winters
JENNER & BLOCK LLP
One IBM Plaza
330 North Wabash
Chicago, Illinois 60611
(312) 222-9350

Dated: January 11, 2005

CHICAGO_1199564_2