UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARTE-HANKS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLES R. DALL'ACQUA, )<br>)<br>Defendant. )<br>) | Civil Action No. 04 CV 11548 DPW |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR
LEAVE TO TAKE MORE THAN TEN DEPOSITIONS**

Plaintiff, Harte-Hanks, Inc., submits this reply memorandum in support of its motion for leave to take more than ten depositions.

**Argument**

Mr. Dall'Acqua suggests that Harte-Hanks's request for leave to take more than ten depositions is part of a litigation strategy to "bury [him], an individual defendant, in unnecessary legal costs and expenses." (Dall'Acqua's Response in Opposition to Harte-Hanks's Emergency Motion for Leave to Take More Than Ten Depositions ("Dall'Acqua Response") at 1.) Sandwiched between this argument and a similar argument that "Harte-Hanks is engaged in a campaign of attrition to drive up the legal costs of Dall'Acqua, an individual defendant . . ." (id. at 2), is a claim that there is nothing about the other employees' "agreements sufficient to grant Harte-Hanks an exception to the limits set forth in the Federal Rules." (Id. at 1-2.)

The following are just some of the flaws in Mr. Dall'Acqua's arguments.

- While he portrays himself as a lone David facing the Goliath Harte-Hanks, Mr. Dall'Acqua neglects to mention that Protocol has sued Harte-Hanks in the Illinois state courts, asserting a claim that is almost identical to Mr. Dall'Acqua's counterclaim in this action. (Chaffin Dec., Ex. A.)

- He neglects to mention that Jenner & Block, a firm of over 400 lawyers, represents both Protocol in the Illinois action and him here. (Chaffin Dec., Ex. A, ¶ 3.)

- He neglects to mention that Protocol is a portfolio company of a multi-billion dollar venture capital firm headquartered in Chicago, whose principals have been heavily involved in this dispute.[1] (See protocolusa.com and willisstein.com and Chaffin Dec., ¶ 4.)

- He neglects to mention that, even assuming he is going it alone, which he clearly is not, his personal pockets are not shallow. (Chaffin Dec., Exs. B, C.)

- He neglects to mention that he could avoid the expense of the additional depositions Harte-Hanks seeks by simply agreeing that the other employees' agreements are authentic, but he refuses to do so even though their authenticity was a premise of his spoliation motion[2] and declarations attesting to the authenticity of most of them have been provided.

- He neglects to explain why, if this is an anti-competitive scheme based on a forged agreement, Harte-Hanks did not sue him until four months after he was terminated and three months after it was learned that he had taken a job with a competitor.

- He neglects to explain why, if this is an anti-competitive scheme based on a forged agreement, Harte-Hanks (1) sues not on a non-competition agreement, but on a non-solicitation agreement, (2) seeks not to stop him from competing, but to stop him from soliciting its employees, and (3) acknowledges that its key witness does not recall seeing him execute the agreement at issue.

- He neglects to explain why, if this is such a scheme, Harte-Hanks's response to the news of the first breach (the hiring of Mr. Martus) was not to sue, but to warn

---

[1]  Indeed, Avy Stein, a Managing Partner of the venture capital firm, wrote directly to most or all of the members of Harte-Hanks's Board of Directors, demanding that Harte-Hanks drop the case, based on an inaccurate account of the evidence and prior proceedings. (Chaffin Dec., ¶ 4.)

[2]  Unless Mr. Dall'Acqua intends to drop his spoliation claim and not to seek an adverse inference instruction, he is judicially estopped to challenge the authenticity of the other employees' agreements. See, e.g., Alternative System Concepts, Inc. v. Synopsys, Inc., 374 F.2d 23, 32-36 (1st Cir. 2004).

    Mr. Dall'Acqua not to do it again, to which he responded with his forgery claim. (Chaffin Dec., Ex. D.)

- He neglects to mention that he has had it within his power all along to bring the hostilities to a halt by simply agreeing to stop soliciting Harte-Hanks employees (not by agreeing not to compete). (A fair inference from the ferocity of his defense is that he has designs on other Harte-Hanks employees (and the continuing contact with Harte-Hanks employees is further support for the inference).)

- He neglects to explain why, if he is so appalled by the way Harte-Hanks is prosecuting its case and believes that "[t]his case is simple and straighforward" (Dall'Acqua Response at 1), involving only whether the Agreement was forged, he has seen fit to notice (purportedly) the depositions, in Boston, in mid-winter, of persons who could not possibly have personal knowledge as to this issue, including Harte-Hanks Board members, including Dr. Peter Flawn, the 79-year old President Emeritus of the University of Texas, who resides in Texas. (Chaffin Dec., Exs. E, F.) (A motion for a protective order as to these depositions will be filed soon.)

- He neglects to explain in the course of his rant concerning discovery as to his divorce why he should be entitled to rely on **volunteered** testimony concerning his divorce and then, after it is learned that the testimony is false, shield the divorce records from discovery.

- He also neglects to mention in the course of his accusation that Harte-Hanks has sought or intends to seek certain discovery solely to harass him that (a) he does not know Harte-Hanks's intentions, and requests for some of this discovery are not pending; and (b) in any event, every document and witness he mentions is or may be a source of relevant information. (Chaffin Dec., ¶ 10.)

- He neglects to provide a coherent explanation for his contention that Harte-Hanks has not provided "any legitimate justification" for its request to take more than ten depositions. (Harte-Hanks's motion papers make clear why the additional depositions must be taken.)

- And finally, he continues to make assertions without providing any evidentiary support and to speculate as to the intentions and motivations of Harte-Hanks and its counsel. **Indeed, not a single scrap of evidence, admissible or otherwise, is presented in support of Mr. Dall'Acqua's response.**

## Conclusion

For these reasons and the reasons previously stated, Harte-Hank respectfully requests that its motion for leave to take more than ten depositions be granted.

Dated: January 14, 2005 HARTE-HANKS, INC.,

By its Attorneys,

s/David B. Chaffin
David B. Chaffin
BBO No. 549245
Kathleen A. Kelley
BBO No. 562342
HARE & CHAFFIN
160 Federal Street
Boston, MA 02110
(617) 330-5000

422004.0113