UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARTE-HANKS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04 CV 11548 DPW |
| ) | |
| CHARLES R. DALL'ACQUA, ) | |
| ) | |
| Defendant. ) | |

**DECLARATION OF DAVID B. CHAFFIN IN SUPPORT OF REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO TAKE MORE THAN TEN DEPOSITIONS**

I, David B. Chaffin, state, under the penalties of perjury:

1. I am co-counsel for plaintiff, Harte-Hanks, Inc. The statements herein are based on personal knowledge, except where indicated.

2. Attached hereto as Exhibit A is a copy of the complaint filed by Protocol in Cook County, Illinois.

3. I have conducted research on the Internet concerning Jenner & Block. The research indicates that it comprises more than 400 attorneys.

4. I am advised that on or about November 5, 2004, most or all of the members of the Board of Directors of Harte-Hanks received a letter from Avy Stein, a Managing Partner of Willis Stein & Partners, demanding that Harte-Hanks stop this action and threatening counter-action. I have read a copy of the letter. Suffice it to say that the letter mischaracterizes the evidence and prior proceedings.

5. Submitted herewith as a sealed Exhibit B is a copy of Mr. Dall'Acqua's contract with Protocol.

6. Attached hereto as Exhibit C is a copy of some materials our Baltimore counsel obtained form the public Dall'Acqua divorce file.

7. Attached hereto as Exhibit D is a copy of Harte-Hanks's warning letter to Mr. Dall'Acqua, which was made an exhibit during the August hearing.

8. Attached hereto as Exhibit E is a copy of a notice of depositions that I received from Mr. Dall'Acqua's counsel this week.

9. Attached hereto as Exhibit F is a copy of the summary c.v. of Dr. Peter Flawn, one of the individuals Mr. Dall'Acqua is seeking to depose in Boston two weeks from now. I am advised that Dr. Flawn lives in Austin.

10. No notices of the deposition of Mr. Dall'Acqua's ex-wife or of Mr. Dall'Acqua's current wife are outstanding. Although these women very well may have discoverable information – including, perhaps, the ability to identify Mr. Dall'Acqua's signature, knowledge concerning whether he signed the Agreement, and knowledge concerning multiple assertions made by Mr. Dall'Acqua during the hearing in August (including his assertion, on which he relies heavily, that he was unhappy at Harte-Hanks in early 2002 and had been pursuing other employment) – Harte-Hanks has not made a final decision as to whether to depose them. The

decision depends to some extent on the Court's ruling with respect to Mr. Dall'Acqua's motion for a protective order.

SIGNED UNDER THE PENALTIES OF PERJURY<br>
THIS 14TH DAY OF JANUARY, 2005

_____
David B. Chaffin

422004.0113