UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARTE-HANKS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLES R. DALL'ACQUA, )<br>)<br>Defendant. )<br>) | Civil Action No. 04 CV 11548 DPW |

**RESPONSE TO MOTION TO COMPEL PRODUCTION OF ALL
DOCUMENTS ELAINE DERNOGA SIGNED ON BEHALF OF DALL'ACQUA**

Plaintiff, Harte-Hanks, Inc., respectfully submits this response to, but does not oppose, Mr. Dall'Acqua's motion to compel the production of all documents Elaine Dernoga signed on behalf of Mr. Dall'Acqua.

**Argument**

There are two premises to Mr. Dall'Acqua's motion. The first is that his third request for production was timely served. This premise underlies his argument that Harte-Hanks's objection that the third request was untimely is invalid. The second premise is, of course, that the documents he seeks have not been produced.

Neither premise is correct. As to the first, under the initial pre-trial schedule, "Service of written discovery requests" was to be completed on or before September 15, 2004. (Pre-Trial Schedule (entered August 31, 2004), Docket No. 35, 36.) This deadline was never modified. The subsequent modifications to the schedule related to subsequent deadlines only. (See

September 17, 2004 Motion to Modify Pre-Trial Schedule With Respect to Expert Reports Concerning Damages (entered September 20, 2004), Docket No. 41; September 27, 2004 Joint Motion to Modify Pre-Trial Schedule to Facilitate Settlement Discussions (entered September 28, 2004), Docket No. 42.) The third request was not served until September 21, 2004. It **was** untimely. The objection was and remains valid.[1]

As to the second, the documents have been produced, and Mr. Dall'Acqua's co-counsel have been so advised. During a telephone conference on December 29, 2004, the undersigned explained to Mr. Grygorcewicz that even though Harte-Hanks had objected to the request, some, and possibly all, of the documents Ms. Dernoga had signed on Mr. Dall'Acqua's behalf had been collected and produced. The undersigned told Mr. Grygorcewicz that they included a letter to Senator Mukulski, which prompted a discussion concerning Mr. Grygorcewicz's familiarity with her because of his background. Mr. Grygorcewicz was also told that the documents were in a separate folder, and he was given the approximate location of the documents within Harte-Hanks's substantial production (and told that the burden on the undersigned of finding the exact bates numbers of the documents would be the same as the burden on Mr. Grygorcewicz). (Declaration of David B. Chaffin in Support of Response to Motion to Compel Production of Documents Signed by Ms. Dernoga on Behalf of Mr. Dall'Acqua, ¶ 2.) The undersigned has since confirmed that there are no documents other than those produced that Ms. Dernoga signed on Mr. Dall'Acqua's behalf. (Id., ¶ 3.)

---

[1] Mr. Dall'Acqua mentions that Harte-Hanks served supplemental discovery requests in early December, suggesting that this was an admission by Harte-Hanks that the September 15 cut-off had been modified. He neglects to tell the Court that the supplemental requests were occasioned by, and sought information as to, Mr. Dall'Acqua's counterclaim, which, as the Court will recall, was not filed until November. He also does not tell the Court that he responded to Harte-Hanks's counterclaim-related discovery requests (albeit poorly (a motion to compel is forthcoming)) and did not object that they were untimely.

Since Mr. Dall'Acqua has the documents his motion seeks (even though his entitlement to them is questionable), one is left to wonder why this motion has been brought. The answer lies in the extensive argument concerning matters having no bearing on the issue the motion raises. The motion is a pretext.

## Conclusion

Mr. Dall'Acqua's motion to compel the production of documents Ms. Dernoga signed on behalf of Mr. Dall'Acqua should be denied as moot.

Dated: January 14, 2005                                         Respectfully submitted,

                                                                HARTE-HANKS, INC.,

                                                                By its attorneys,

                                                                s/David B. Chaffin
                                                                David B. Chaffin
                                                                BBO No. 549245
                                                                Kathleen A. Kelley
                                                                BBO No. 562342
                                                                HARE & CHAFFIN
                                                                160 Federal Street
                                                                Boston, MA 02110
                                                                (617) 330-5000

422003.011005