# EXHIBIT C

# HARE & CHAFFIN

ATTORNEYS AT LAW
160 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110-1701
(617) 330-5000
TELECOPIER (617) 330-1996

January 10, 2004

**BY FAX**

Daniel J. Winters, Esq.
Jenner & Block LLP
One IBM Plaza
Chicago, IL  60611-7603

    Re:    <u>Harte-Hanks, Inc. v. Charles R. Dall'Acqua, No. 04-11548-DPW (D. Mass.)</u>

Dear Dan:

    This letter responds to yours of January 7, 2004, and confirms the substance of our telephone conversations that same day.  A few preliminary points:

1. Your letter responds to mine of December 31 to Matt Grygorcewicz, wherein, on the last page, I related the too-lengthy sequence of events concerning my efforts to convene a Rules 7.1/37.1 conference and renewed my request for a prompt response to my concerns with respect to Mr. Dall'Acqua's responses to Harte-Hanks's written discovery because "we have a tight schedule."  It took you seven days to respond to the letter, which I wrote two days after the conference, which occurred about a week after I first attempted to convene it.  If this pattern continues, we will seek relief, including an enlargement of the discovery schedule.

2. Your letter ignores or side-steps multiple points in my letter of December 31, forcing me to raise them again, the result being more delay.

3. Thank you for the very helpful reversal of the order of discussion.  Yes, this comment is sarcastic.  Reversing the order of discussion leaves the false impression that the discovery concerns have been mutual (you will recall that I first sought a conference), does nothing to strengthen your position, and serves merely to make it more difficult to respond to your letter.  (Indeed, a suspicious person would infer that it is an attempt to obfuscate.)  The discussion that follows tracks not your letter, but the order of (a) the Rule 7.1/37.1 conference, and (b) the first letter concerning the matters in dispute, mine.

Daniel J. Winters, Esq.
January 10, 2005
Page 2

4.  At certain points, you attribute positions to me that I have not taken and then attack me for taking the position. I can hardly be faulted for a position that I have not taken. At other points, you provide bases for your position that were not articulated by Mr. Grygorcewicz, and then attack me for taking a contrary position. I can hardly be faulted for taking a position where the contrary was not justified.

5.  You have not responded to my request that you confirm that you will comply with Rule 45 in the future.

**Authenticity Of Other Agreements**

You advised me on January 7 that you will not stipulate to the authenticity of the agreements signed by the other employees for whom Ms. Dernoga was responsible.

**Deposition Dates/Dernoga Deposition**

Ms. Dernoga's deposition is confirmed for January 20 in Baltimore.[1] On January 7, I asked whether Mr. Dall'Acqua would be available for deposition on the 21st in Baltimore, where, according to Mr. Grygorcewicz (I believe), Mr. Dall'Acqua would prefer to be deposed. Please advise on this as soon as possible.

You ask for dates for the depositions of Messrs. Hochhauser, Harte, Flawn, Franklin, Blythe, Hacker, Platto, and Harrison and Ms. Gray. You insist that except for Mr. Platto, whom we do not control (and you will have to subpoena), the depositions must be in Boston.

First, please explain why you seek the depositions of Messrs. Franklin, Harte, Flawn, and Harrison. Absent some indication of the purpose for the depositions, we may seek a protective order. None of them has personal knowledge of any important event, and I can assure you that none of them has any knowledge, personal or otherwise, of the alleged forgery, for there was no forgery.

Second, we are considering the authority you cite but find it hard to believe that you can compel all of the listed persons, some of whom were not involved in the underlying events, to travel to Boston.

---

[1] I gather, then, that you will not be making good on Mr. Grygorcewicz's multiple threats to move to force us to produce her in Boston.

Daniel J. Winters, Esq.
January 10, 2005
Page 3

**Dall'Acqua's Response To Plaintiff's Request For Production**

**General Comments**. You promise to follow up on my request for confirmation that Mr. Dall'Acqua has reviewed his email for responsive documents and for the production of his calendars for January 2002 and for all of 2004. I appreciate your willingness to follow up, but this should have been addressed before January 7. (Indeed, it should have been done in the first instance.) Please let me know where you stand on this on or before Wednesday of this week. I would hate to waste time during Mr. Dall'Acqua's deposition on compliance matters, but it appears we are headed that way.

Thank you for confirming that Mr. Dall'Acqua has no Harte-Hanks records, but I do not recall being advised previously that he has none. Please explain your phrase "As previously indicated . . .." To borrow a phrase, I "do not understand" the reference.

**Request 1.** I proposed a reasonable, six-category, narrowing of Request 1 and related requests, including 22, 27, 46, and 49. You state that all documents concerning categories (1) and (4) have been produced. As to categories (2) (" the terms and conditions of Mr. Dall'Acqua's employment at Harte-Hanks"), (3) ("Mr. Dall'Acqua's compensation at Harte-Hanks"), and (5) ("agreements with Harte-Hanks"), you actually respond that "we do not understand this request . . ., " and go on to say that these materials are "all within your client's **exclusive** possession, custody and control." (Emphasis added.) You also say (somewhat inconsistently) that the requests are overbroad. (If you do not understand the requests, how do you know they are overbroad? This is sort of like saying something is forged **and** unauthorized.) As to the latter point, I have a distinct recollection of telling Mr. Grygorcewicz that I would be satisfied with documents from 1998 forward, based on Mr. Dall'Acqua's interrogatory responses, wherein he relates events from that time frame, apparently indicating that they are relevant. As to the former, I am confident that you **do** understand the requests, and I am certain that my client does not have **exclusive** possession, custody, and control of the documents. Mr. Dall'Acqua certainly has documents concerning categories (2), (3), and (5), and he must produce them. It is no excuse that my client may have some of the documents or more of the documents than Mr. Dall'Acqua has. He has to produce what he has on these relevant subjects.

As to category (6), we will not accept any narrowing. Mr. Dall'Acqua has danced around this issue enough. We want all documents concerning his efforts to solicit ANY Harte-Hanks employees or former employees, including Deb Kennedy, including telephone records and expense reports submitted to Protocol in which he sought reimbursement for any expense incurred in connection with contact with a Harte-Hanks employee. (If he sought reimbursement for an expense incurred in connection with the contact, the contact surely could not have been purely the result of a pre-existing personal relationship. Surely, Mr. Dall'Acqua wouldn't charge Protocol for a purely personal expense.)

Daniel J. Winters, Esq.
January 10, 2005
Page 4

    Please let me know on or before Wednesday of this week where you stand on these categories.

    **Request 6.** You agree to follow up on the telephone records (which should have been produced previously). Please let me know on or before Wednesday where you stand on the telephone records.

    **Request 7.** You indicate that all documents concerning the souring of the relationship with Mr. Hochhauser have been produced. (With respect to Request 7 as written, see above discussion concerning narrowing of Request 1 and related requests. Again, all documents concerning solicitation of Harte-Hanks employees must be produced.)

    **Requests 9 and 10.** Please re-read my letter concerning Requests 9 and 10. I was very clear in seeking all documents concerning the terms and conditions of Messrs. Martus and Bakal's employment with **Harte-Hanks**, not Protocol. The purpose of this request is obvious. Please confirm on or before Wednesday that you understand the request and will comply with it.

    **Requests 15-17.** Done.

    **Request 20.** Done.

    **Request 36.** You say that you do not understand the request. Perhaps a list of travel-related documents other than expense reports will assist: Passports, itineraries, parking receipts, taxi receipts, hotel bills, airplane tickets, train tickets, boat tickets, credit card bills, telephone bills showing remote calls, toll receipts, boarding passes, frequent flier account statements, calendars, diaries. I trust this has been of some assistance.

    **Request 44.** You promise to follow up with respect to the checks but ignore the rest of the request. ("Please produce other types of signature samples.") Please let me know on or before Wednesday where you stand with respect to the checks. Please let me know on or before Wednesday whether Mr. Dall'Acqua has searched for and will produce other documents bearing his original signature.

**Interrogatories To Mr. Dall'Acqua**

    You decline to rephrase the responses so as to delete incorporations by reference, saying, yet again, that you "do not understand [my] request . . .." The request is simple Dan, as was explained to Mr. Grygorcewicz. Rule 33 permits one to refer to business records, and only business records, and then only on certain conditions. Incorporation by reference of prior testimony and affidavits is "totally improper." Mahoney v. Kempton, 142 F.R.D. 32, 33 (D.

Daniel J. Winters, Esq.
January 10, 2005
Page 5

Mass. 1992) ("interrogatory answers must be complete in and of themselves; other documents or pleadings [with the exception of business records] may not be incorporated into an answer by reference"); see also Melius v. National Indian Gaming Commission, 2002 WL 1174994 n.2 (D.D.C. 2000). Please let me know on or before Wednesday whether you will comply with this request. (I assume you now understand it.) In this connection, I remind you that Judge Woodlock warned you that the interrogatory responses "better be good." We will seek sanctions.

**Interrogatories 2, 3, and 4.** Dan, you have completely dodged the issue as to these interrogatories, and you know it. Let me know on or before Wednesday whether you will provide the very small amount of information that we are seeking, and on which your client apparently intends to rely and has relied. You can't have things all ways. See above with respect to sanctions.

**Interrogatory 8.** See above as to Document Request 1. Again, Dan, we want all of the information concerning all efforts to solicit any Harte-Hanks employee. We are entitled to this information. See above with respect to sanctions.

**Interrogatory 9.** You have offered a reciprocal exchange. You are not entitled to reciprocity because you did not propound a like interrogatory. Please let me know on or before Wednesday whether you will provide a proper response. See above with respect to sanctions.

**Subpoena To Protocol**

**Request 3.** With respect to Martus and Bakal, see my comments above in connection with document requests 9 and 10. Again, documents concerning the terms and conditions of their employment with Harte-Hanks are sought. As to Kennedy, you agree to produce only her employment agreement. This, too, is a dodge. We also want all documents concerning how she came to be employed by Protocol. They obviously are relevant. Please let me have your position on this point on or before Wednesday.

**Request 7.** You miss the point as to this request. Protocol's response indicated that it was refusing to produce documents from (not in the exclusive possession, custody, or control of) outside investors. If Protocol has such documents from its outside investors, they should be produced. On or before Wednesday, please confirm that Protocol has no such documents, that it has such documents but will not produce them, or that it has such documents and will produce them.

Daniel J. Winters, Esq.
January 10, 2005
Page 6

**Requests 24, 25, and 26.** Once again, you claim not to understand the request. Please. You point to the other litigation as an excuse not to produce the documents. It is no excuse. Protocol has an obligation to respond to subpoenas in this case. You also note that we have served a document request of Mr. Dall'Acqua seeking similar documents. This is beside the point unless Mr. Dall'Acqua will be producing the same documents that requests 24, 25, and 26 seek, which I seriously doubt. Mr. Dall'Acqua has alleged interference with his ability to run Protocol. The documents sought relate to that claim. Please let me know on or before Wednesday whether these documents will be produced.

**Dall'Acqua's Issues**

**Privilege Log.** The privilege log will be provided. Please note that, your suggestion to the contrary notwithstanding, I have **never** refused to provide a log. I have, however, pointed out that in view of the enormous amount of work we (unlike you) did in responding to your requests for production, the preparation of the log was no mean feat and would take some time. I told Mr. Grygorcewicz that I had a draft of the log, and that I wanted and intended to check the log against each of the documents, some of which I did late Friday night. I expect that you will have the log this week. (I hope I can count on you to be similarly diligent with respect to our requests and your obligations.)

**Dernoga Expense Reports.** You mischaracterize my conversation with Mr. Grygorcewicz. As noted in my 12/31 letter, he was unable to explain the relevance or potential relevance of the expense reports and calendars. You have articulated your reasons for wanting to see the expense reports, but the request remains overly broad. I will ask Ms. Dernoga to compile all expense reports and calendar entries that indicate or relate to any meetings at BWI and any travel via airplane. Purely personal entries on her calendar will be redacted. In contrast to your client's expense reports, all of which are relevant in view of his testimony at the hearing, all of Ms. Dernoga's expense reports and calendars are not either relevant or reasonably calculated to lead to the discovery of admissible evidence.

**Documents Concerning CRD/RMH Relationship.** In progress.

**Interrogatories 7 and 8.** Done.

**Interrogatory 11.** In progress. I hope to have the supplemental responses to you today or tomorrow.

**Franklin Memo To Board.** In progress. Your claim that the document could not be privileged is incorrect. It very well could contain privileged information. I will advise.

Daniel J. Winters, Esq.
January 10, 2005
Page 7

**Interrogatory 9.** Done.

**Response To Third Request For Production.** Our objection stands, particularly since you do not explain your claim that it is invalid.

I look forward to hearing from you on or before Wednesday.

Very truly yours,

David B. Chaffin

DBC:kgg
422004.0110

cc:   John F. Rooney III, Esq.
      Angela L. Lackard, Esq.
      Matthew Grygorcewicz, Esq.

HARE AND CHAFFIN        Fax:617-330-1996

## ** Transmit Conf.Report **

P.1                                                          Jan 10 '05   16:44

| Telephone Number     | Mode   | Start    | Time  | Pages | Result | Note    |
|----------------------|--------|----------|-------|-------|--------|---------|
| 13128407385-/422004  | NORMAL | 10,16:35 | 4'45" | 8     | * O K  | BRDCAST |

| Telephone Number | Mode   | Start    | Time  | Pages | Result | Note    |
|------------------|--------|----------|-------|-------|--------|---------|
| 6175238130       | NORMAL | 10,16:40 | 3'41" | 8     | * O K  | BRDCAST |

---

### HARE & CHAFFIN
### ATTORNEYS AT LAW
### 160 FEDERAL STREET
### BOSTON, MASSACHUSETTS 02110
### (617) 330-5000
### TELECOPIER (617) 330-1996

### TELECOPY COVER SHEET

|         | Daniel J. Winters, Esq.   (312) 840-7385 |
|---------|------------------------------------------|
|         | John F. Rooney III, Esq.  (617) 523-8130 |
|         | Matthew Grygorcewicz, Esq.               |
| TO:     | Angela L. Lackard, Esq.                  |

FROM:    David B. Chaffin, Esq.

WE ARE TRANSMITTING A TOTAL OF __8__ PAGES, INCLUDING THIS COVER LETTER.

DATE: January 10, 2005

IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE ADVISE US AS SOON AS POSSIBLE.

COMMENTS:

HARE & CHAFFIN
ATTORNEYS AT LAW
160 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110
(617) 330-5000
TELECOPIER (617) 330-1996

TELECOPY COVER SHEET

TO:    Daniel J. Winters, Esq.    (312) 840-7385
       John F. Rooney III, Esq.   (617) 523-8130
       Matthew Grygorcewicz, Esq.
       Angela L. Lackard, Esq.

FROM:  David B. Chaffin, Esq.

WE ARE TRANSMITTING A TOTAL OF __8__ PAGES, INCLUDING THIS COVER LETTER.

DATE: January 10, 2005

IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE ADVISE US AS SOON AS POSSIBLE.

COMMENTS:

***********************************************************************

The information contained in this facsimile message is intended only for the personal and confidential use of the designated recipient(s) named above. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.