UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HARTE-HANKS, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 04 CV 11548 DPW |
| CHARLES R. DALL'ACQUA, | ) ) ) | |
| Defendant. | ) ) | |

## DECLARATION OF DAVID B. CHAFFIN
## IN SUPPORT OF MOTION TO COMPEL

I, David B. Chaffin, state, under the penalties of perjury:

1.  I am co-counsel for plaintiff, Harte-Hanks, Inc. The statements herein are based on personal knowledge.

2.  Attached hereto as Exhibit A is a copy of Harte-Hanks's first request for the production of documents by Mr. Dall'Acqua.

3.  Attached hereto as Exhibit B is a letter from me to Matthew Grygorcewicz that confirms the substance of a lengthy Rule 37.1/Rule 7.1 conference between us on December 29, 2004.

4.  Attached hereto as Exhibit C is a copy of a letter from Daniel Winters, one of Mr. Dall'Acqua's Chicago lawyers, to me that responds to my letter of December 31. I received the letter on Friday, January 7, after 4:00 p.m.

5.  Attached hereto as Exhibit D is a copy of my response letter to Mr. Winters, dated Monday, January 10, 2005.

6.  Attached hereto as Exhibit E is a copy of a letter from Mr. Winters to me that I received this morning.

7.  Attached hereto as Exhibit F is a copy of Charles R. Dall'Acqua's First Amended Objections and Responses to Plaintiff's First Set of Interrogatories.

8.  On December 7, Harte-Hanks served two interrogatories and a second request for production, all seeking information concerning Mr. Dall'Acqua's counterclaim. Mr. Dall'Acqua responded on January 10. (Actually, the responses to the interrogatories are not complete, for no verification has been provided.) A copy of Mr. Dall'Acqua's responses is attached hereto as Exhibit G.

9.  On January 10 at close to midnight, I emailed Mr. Dall'Acqua's Chicago counsel, seeking a Rule 37.1 conference the next day.

10. The next day, Mr. Dall'Acqua's Chicago counsel indicated that he would not be available until the next day (January 12). I therefore expressed my concerns with the responses via email. Chicago counsel responded two days later. Some supplementation, was promised, but two issues remain.

11. Interrogatory 1 asked Mr. Dall'Acqua to identify all current and former Harte-Hanks personnel referenced in paragraphs 14-22 of Mr. Dall'Acqua's counterclaim. This interrogatory seeks information concerning the "who, what, when, where, etc.," of the alleged contact between Protocol and others on the one hand and "Harte-Hanks" and a "senior Harte Hanks human resources manager" on the other.

12. Mr. Dall'Acqua, by his Chicago counsel, is flatly refusing to provide this critical and manifestly relevant information.

13. Harte-Hanks requested documents relating to the damages alleged in Mr. Dall'Acqua's counterclaims. The requests are:

> 16. All documents concerning the damages Dall'Acqua and/or Protocol have sustained as a result of the alleged conduct of which Dall'Acqua complains.
>
> 17. Protocol's quarterly and annual financial statements for 2000 to the present.
>
> 18. All documents concerning the financial performance of Protocol during Dall'Acqua's tenure with Protocol.
>
> 19. All documents concerning the financial performance of Protocol during the three years preceding Dall'Acqua's hiring by Protocol.

14. Mr. Dall'Acqua, through his Chicago counsel, refuses to provide any documents in response to these requests.

SIGNED UNDER THE PENALTIES OF PERJURY
THIS 14TH DAY OF JANUARY, 2005

_____
David B. Chaffin

422004.0114