# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARTE-HANKS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES R. DALL'ACQUA and PROTOCOL MARKETING GROUP,<br><br>Defendants. | Civil Action No. 04 CV 11548 DPW |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT CHARLES R. DALL'ACQUA**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff, Harte-Hanks, Inc. ("Harte-Hanks"), by its attorneys, Hare & Chaffin, requests that defendant Charles R. Dall'Acqua produce for inspection and copying, at the offices of Hare & Chaffin, the documents specified below.

**DEFINITIONS**

1. "Document" shall be given the most expansive interpretation permitted by the Federal Rules of Civil Procedure. Without limiting its scope, the term "document" is intended to include any kind of printed, recorded, written, graphic or photographic matter (including tape recordings), however printed, produced, reproduced, coded, or stored, of any kind or description, whether or not sent or received, including reproductions, facsimiles, and drafts, and including, without limitation, papers, books, accounts, correspondence, reports, memoranda, tapes,

handwritten or stenographic notes, invoices, computer printouts, discs, tapes, data, email messages, telex messages, work papers, telephone logs, diaries, desk calendars, minutes, corporate resolutions, and things similar to any of the foregoing. Each and every non-identical copy of a document (whether different from the original because of stamps, indication of receipt, handwritten notes, marks, or any other reason) is itself a document to be produced.

2. "Harte-Hanks" refers to Harte-Hanks, Inc., and any affiliate, predecessor, successor, parent, subsidiary, agent, employee, or representative (including attorneys) of same.

3. "Dall'Acqua," "you," and "your" refer to Charles R. Dall'Acqua, and any affiliate, agent, employee, or representative (including attorneys) of same.

4. "Protocol" refers to Protocol Marketing Group a/k/a Protocol Services, Inc., Protocol Services, Inc., and any affiliate, predecessor, successor, parent, subsidiary, agent, employee, or representative (including attorneys) of same, and all other persons acting or purporting to act on its or their behalf.

5. As used herein, the word "each" includes the word "every." The word "every" includes the word "each." The word "any" includes the word "all," and the word "all" includes the word "any."

6. As used herein, "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

7. Where it is appropriate, the use of the singular incorporates the plural, and the use of the plural incorporates the singular.

8. As used herein, the term "concerning" means referring to, relating to, describing, evidencing, or constituting.

9. As used herein, the term "person" means any natural person, individual, firm, corporation, partnership, group, association, organization, or other legal, business, or governmental entity.

10. As used herein, the term "correspondence" means any document (as defined) sent by any means from one person to another, and includes internal documents and communications (including email) exchanged between employees, agents, or other representatives of a person or entity.

11. As used herein, the term "communication" means any transfer or exchange of information, or request for information, whether oral, written, electronic, or any other form, between or among two or more persons.

## INSTRUCTIONS

1. If Dall'Acqua objects to the production, inspection, or copying of any document responsive to this request on the ground that such document is protected by the attorney-client privilege, the work product doctrine, or any other legally recognized privilege against disclosure, Dall'Acqua, in addition to specifying the ground of such objection, shall specify the following information for each document:

a. the nature of the document (such as, for example, a letter, telegram, memorandum, etc.);

b. the date, if any, appearing on the document or, if none, the date that such document was prepared;

c. the identity of each person, if any, who was an addressee thereof, whether or not the name of such person appears on the document, and the position and occupation of said person;

d. the identity of each person who signed, dictated, or otherwise participated in the preparation of the document, and the position and occupation of said person;

e. the relationship, if any (e.g., attorney-client), between the author and addressee of the document;

f. whether the document is still in existence;

g. the identity of each person who presently has possession, custody, or control of the document;

h. the reason or reasons for the preparation of the document;

i. the location or locations where the document was prepared;

j. if the document was at any time transmitted by one person to another, the identity and location of the person transmitting the document at the time of transmittal and the identity and location of the person receiving same at the time of receipt;

k. the subject matter of the document; and

l. the basis for the contention that the document is protected by the attorney-client privilege, the work product doctrine, or any other privilege against disclosure.

2. With respect to each and every document called for by this request that has been destroyed or discarded, state (a) the date of destruction or discard, (b) the manner of destruction or discard, and (c) the reason for destruction or discard. In addition, identify each person who authorized or carried out the destruction or discard.

3. This document request is deemed to be of a continuing nature. If, at any time, Dall'Acqua acquires possession, custody, or control, or become aware, of any additional documents responsive to this document request, Dall'Acqua shall promptly furnish such documents to the undersigned for inspection and copying.

4. Unless otherwise stated, the documents and things called for by this Request for Production of Documents relate to the period from January 1, 2000 through the present.

**DOCUMENTS REQUESTED**

1. All documents concerning your employment at Harte-Hanks.

2. All documents concerning any motivation by Elaine Dernoga to forge your signature to the agreement at issue in this case.

3. All documents concerning the identity of the person or persons who forged, or participated in the forgery of, your signature to the agreement at issue in this case.

4. All felt tip pens.

5. All documents concerning your whereabouts from January 15, 2002, through February 2, 2002.

6. All records of all telephone calls you placed or received from January 1, 2002, to the date of your response.

7. All documents concerning any current or former employee of Harte-Hanks.

8. All documents concerning any efforts or attempts to solicit any current or former Harte-Hanks employees for employment elsewhere, including, but not limited to, at or with Protocol.

9. All documents concerning John Martus.

10. All documents concerning Scott Bakal.

11. All documents concerning any delivery to, or shipment from, your home or home office of any documents during January and February 2002.

12. All documents concerning the delivery to, or shipment from, your home or home office of any documents during January through March 2004.

13. All documents concerning your employment by Protocol.

14. All documents concerning how you came to be employed by Protocol.

15. All documents concerning any efforts by you to seek employment other than with Harte-Hanks and Protocol.

16. All documents concerning any employment interview of Dall'Acqua.

17. All documents concerning any communications of any sort you had with any headhunter or recruiting firm from September 1, 2001, through March 1, 2004.

18. All documents concerning any communications, interviews, meetings, discussions, conferences, dining engagements, other social engagements, correspondence, or conversations you had with any representative of Protocol or with any of the investors in Protocol before March 31, 2004.

19. All documents concerning any agreement relating to the terms and/or conditions of your employment with Harte-Hanks.

20. All documents concerning the terms and conditions of your employment with Protocol.

21. All documents concerning the terms and conditions of the employment with Protocol of John Martus and Scott Bakal.

22. All documents concerning any plan, intention, or effort to solicit Hart-Hanks employees for employment at Protocol.

23. All documents you supplied to Protocol and/or investors in Protocol in connection with your discussions and/or negotiations relating to or leading to your employment with Protocol.

24. All documents concerning your divorce from Marie or Maria Dall'Acqua.

25. All documents concerning the reason(s) for your divorce from Marie or Maria Dall'Acqua.

26. All documents that identify the recruiter or headhunter who was involved in the events and circumstances leading to your employment by or with Protocol.

27. All documents concerning your contention that your were unhappy or dissatisfied with your employment with Hart-Hanks.

28. All documents concerning grants of stock options to you by Harte-Hanks.

29. All documents concerning the reason for and circumstances surrounding your execution of a non-competition and non-solicitation agreement with Protocol.

30. All expense reports you prepared in connection with your employment with Harte-Hanks.

31. All documents concerning compensation of any sort your received from Harte-Hanks.

32. All calendars, diaries, logs, to do lists, itineraries and other documents describing or recording your activities from September 2001 through May 2004.

33. All documents prepared by or on behalf of Harte-Hanks.

34. All business records of Harte-Hanks.

35. All documents you received in connection with your employment by Harte-Hanks.

36. All records relating to any travel in which you engaged from September 2001 through May 2004, including itineraries.

37. All documents concerning your January 24-25, 2002, trip to Kansas City.

38. All documents concerning meetings between you and Elaine Dernoga at the Baltimore-Washington International Airport.

39. All documents concerning any exchange of documents between you and Elaine Dernoga at any location other than the offices of Harte-Hanks.

40. All documents concerning any delivery of documents to you by Elaine Dernoga at any location other than the offices of Harte-Hanks.

41. All documents concerning any delivery of documents by you to Elaine Dernoga at any location other than the offices of Harte-Hanks.

42. All documents concerning methods or procedures by which you and Elaine Dernoga exchanged documents or by which you received documents from, or delivered documents to, Elaine Dernoga.

43. All documents concerning any of the assertions contained in any affidavit, declaration, or affirmation you have signed in connection with this action.

44. The originals of all documents dated January 1, 2001, through December 31, 2002, that bear your signature.

45. All documents concerning your contention that your signature on the agreement at issue in this case is a forgery.

46. All documents that identify salaried personnel hired by Protocol since March 1, 2004.

47. All documents concerning your knowledge of the salary and other compensation received by John Martus and Scott Bakal in connection with their employment by Harte-Hanks.

48. All documents concerning any work performed by Elaine Dernoga outside of normal business hours.

49. All documents concerning the questioning of any of your decisions in connection with your employment by Harte-Hanks.

50. All documents concerning your testimony that you flew four days per week while employed by Harte-Hanks.

51. All documents concerning your testimony that you worked seven days per week while employed by Harte-Hanks.

52. All documents concerning Paula Collins.

53. All documents concerning work you performed for Harte-Hanks in or around Chicago, Illinois.

54. All documents concerning your solicitation of James Davis for employment by Protocol or your discussions with James Davis concerning employment opportunities for James Davis with any employer other than Harte-Hanks.

55. All documents concerning your consultation with attorneys concerning any employment agreement between you and Protocol.

56. All documents concerning litigation or threatened litigation to which you were or are a party or potential party.

57. All documents concerning your communications with Dean H. Blythe in March 2004.

58. Any Statement of Integrity you signed while employed by Harte-Hanks.

59. All documents concerning your contention that not all Harte-Hanks employees were required to sign restrictive agreements.

60. All documents concerning your contention that you would not have signed any restrictive agreement of any sort, other than a Statement of Integrity, with Harte-Hanks.

61. All documents concerning your contention that you were not required to sign the agreement at issue or a form thereof.

62. All documents concerning your compensation by Protocol.

63. The employment agreements between Protocol and John Martus and Scott Bakal.

64. All documents concerning any modifications or amendments to your agreements with Protocol.

65. All "legal documents" (as referenced in your testimony on August 12, 2004) you signed from January 1, 2001, through December 31, 2002.

66. All bank checks you signed from January 1, 2001, through December 31, 2002.

67. All email you sent or received through any business or personal email account or facility (including through America Online) from September 1, 2001, through March 1, 2002, and from December 1, 2003, through June 1, 2004.

68. All documents concerning any contact you have had with any customers, clients, or prospects of Harte-Hanks since March 1, 2004, including H&R Block.

69. All documents concerning your use of information concerning Harte-Hanks, including information concerning the terms and conditions of contractual relationships, in connection with attempts to solicit the business of Harte-Hanks customers, including H&R Block.

70. All documents concerning contact between Elaine Dernoga and you outside normal business hours, including email and records of telephone calls or meetings at such times.

71. All documents concerning the meeting in New York City at which you were confronted with allegations that you had other employment.

72. All documents concerning the status of your negotiations with Protocol at the time of the meeting referenced in request 71.

73. All documents concerning your contention that it would have been impossible for you to have met with Ms. Dernoga on January 25, 2002.

74. All documents concerning your use of Harte-Hanks assets or personnel to assist you in connection with your negotiations or discussions concerning potential employment with Protocol, including all research materials developed as a result of such use.

75. All documents supplied or provided by you or by anyone acting on your behalf to any expert witness you have consulted or retained in connection with this matter.

76. All documents prepared by any expert witness you have consulted or retained in connection with this matter.

77. All documents on which any expert witness you have consulted or retained in connection with this matter has relied in forming his or her opinions.

72. All documents on which you will rely to support any of your contentions in this matter.

73. All documents concerning complaints to, or discussions with, any Harte-Hanks employee concerning the execution by Harte-Hanks employees of confidentiality agreements, non-solicitation agreements, non-competition agreements, or any other sort of agreement restricting post-employment activities.

74. All documents concerning any application by you for unemployment compensation.

Dated: September 1, 2004

HARTE-HANKS, INC.,

By its attorneys,

David B. Chaffin
BBO# 549245
Kathleen A. Kelley
BBO # 562342
HARE & CHAFFIN
160 Federal Street
Boston, Massachusetts 02110
(617) 330-5000

CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing document was served by hand on counsel of record for defendants this 1st day of September 2004.

David B. Chaffin

422004.0830