# EXHIBIT G

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARTE-HANKS, INC. | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 04-11548-DPW |
| CHARLES R. DALL'ACQUA, | ) |
| Defendant. | ) |

## CHARLES R. DALL'ACQUA'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Defendant Charles R. Dall'Acqua ("Dall'Acqua"), by his attorneys, hereby objects and responds to Plaintiff Harte-Hanks, Inc.'s Second Set of Interrogatories as follows:

### GENERAL OBJECTIONS

1. Dall'Acqua objects to these interrogatories on the grounds that they exceed the maximum number of interrogatories a party may serve under Rule 33(a) of the Federal Rules of Civil Procedure. The interrogatories previously submitted by Harte-Hanks, including all discrete subparts, are in excess of the permitted twenty-five (25) interrogatories.

2. Dall'Acqua objects to these interrogatories to the extent they seek information which is within the attorney-client privilege, the attorney work product privilege or any other recognized privilege or immunity. Dall'Acqua and his counsel hereby assert such privileges and immunities and will not produce any such protected information.

3. Dall'Acqua objects to these interrogatories, including the definitions and instructions, to the extent they seek to impose discovery obligations on Dall'Acqua greater than those specified in the Federal Rules of Civil Procedure. Dall'Acqua will respond to these

interrogatories in accordance with his obligations pursuant to the Federal Rules of Civil Procedure.

4. Dall'Acqua objects to these interrogatories to the extent that any particular request is overly broad, vague, ambiguous, misleading, subject to differing interpretations or otherwise objectionable under the Federal Rules of Civil Procedure.

5. To the extent that any interrogatory calls for information generally available or otherwise known to defendants, Dall'Acqua objects on the grounds that such request is unduly burdensome and oppressive.

6. Dall'Acqua submits these answers and responses without conceding the relevancy or materiality of the subject matter of any interrogatory, and without prejudice to his right to object to any further discovery or to object to the admissibility of proof on the subject matter.

7. Dall'Acqua's investigation continues and, therefore, his responses are preliminary. Dall'Acqua expressly reserves the right to supplement these responses as necessary after discovery closes.

8. All of the above general objections are incorporated by reference into each and every one of the following specific responses.

## RESPONSES

1. Please identify all current and former Harte-Hanks personnel referenced in paragraphs 14-22 of the Counterclaim.

**RESPONSE:**

Dall'Acqua objects to this request to the extent it is vague and ambiguous in not identifying the particular references at issue. The nine paragraphs cited by Harte-Hanks include specific references to numerous different Harte-Hanks' personnel. Dall'Acqua further objects to this interrogatory to the extent it seeks information regarding Protocol's due diligence process

(which occurred before Dall'Acqua was hired). Without waiving said objection, Dall'Acqua states that it is his understanding that the current/former Harte-Hanks' representatives contacted included Robert Pinsky, Charles Plato and John Dennison. Dall'Acqua will supplement this response as necessary at the close of fact discovery.

2. Please describe in detail the damages Dall'Acqua claims, in paragraph 44 of the Counterclaim, to have suffered as a result of Harte-Hanks's alleged conduct.

**RESPONSE:**

Dall'Acqua has incurred, and continues to incur, substantial monetary damages as a result of Harte-Hanks' willful and knowing violation of Massachusetts' unfair competition statute. As a result of Harte-Hanks' conduct Dall'Acqua has incurred, among other damages, substantial legal fees and costs (in an amount to be proven after trial).

CHARLES R. DALL'ACQUA.

By: *[signature]*
One of His Attorneys

John F. Rooney III
Angela L. Lackard
Matthew Grygorcewicz
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109
(617) 523-6200

Susan C. Levy
Daniel J. Winters
JENNER & BLOCK, LLP
One IBM Plaza
330 North Wabash
Chicago, IL 60611
(312) 222-9350

Dated: January 10, 2005

1196435

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARTE-HANKS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 04-11548-DPW ) |
| CHARLES R. DALL'ACQUA, | ) ) |
| Defendant. | ) ) |

### CHARLES R. DALL'ACQUA'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Charles R. Dall'Acqua ("Dall'Acqua"), by his attorneys, hereby objects and responds to Plaintiff Harte-Hanks, Inc.'s ("Plaintiff" or "Harte-Hanks") Second Request for Production of Documents as follows:

### GENERAL OBJECTIONS

1. Dall'Acqua objects to the document requests to the extent that they seek the production of documents that are subject to the attorney-client privilege, or the attorney work product privilege. Dall'Acqua will not produce such documents.

2. Dall'Acqua objects to Plaintiff's definitions and instructions to the extent they seek to impose discovery obligations on Dall'Acqua greater than those specified in the Federal Rules of Civil Procedure. Dall'Acqua will respond to this document request in accordance with his obligations pursuant to the Federal Rules of Civil Procedure.

3. Dall'Acqua objects to the document requests to the extent that any particular request is overly broad, vague, ambiguous, misleading, subject to differing interpretations or otherwise objectionable under the Federal Rules of Civil Procedure.

4. The statement herein that Dall'Acqua will produce documents responsive to a request is neither a representation that such documents exist nor a representation that such documents will be located through a reasonable search pursuant to the Federal Rules of Civil Procedure.

5. The statement herein that Dall'Acqua will produce documents responsive to a request does not indicate and should not be construed as meaning that Dall'Acqua agrees, admits or otherwise acknowledges Plaintiff's characterization of fact or law or the factual expressions or assumptions contained in the request.

6. To the extent that any request may be construed as calling for documents not in the possession, custody or control of Dall'Acqua, Dall'Acqua objects to such request on the grounds that it is unduly burdensome and oppressive, and as such exceeds the scope of permissible discovery.

7. To the extent that any request calls for documents generally available to Plaintiff, Dall'Acqua objects on the grounds that such request is unduly burdensome and oppressive.

8. To the extent that any request calls for the production of documents already in the possession of Plaintiff, Dall'Acqua objects on the grounds that duplicative production of documents is unnecessary, unduly burdensome and oppressive and constitutes annoyance, harassment, and oppression. Even if Dall'Acqua produces documents in response to this demand for production of documents which Plaintiff already has in its possession, Dall'Acqua does not waive this objection.

9. Certain of the documents requested by Plaintiff contain confidential, private, personal, proprietary or business information of Dall'Acqua or his employer. Dall'Acqua will produce these documents only subject to entry of an appropriate protective order.

10. Inadvertent production of any information which is privileged or otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery with respect to such information or the subject matter thereof, or the right of Dall'Acqua to object to the use of any such information or the subject matter thereof during any subsequent proceeding.

11. All of the above general objections are incorporated by reference into each and every one of the following specific responses.

## RESPONSES

1. All documents concerning paragraph 12 of the Counterclaim.

**RESPONSE**:

Dall'Acqua will produce any documents responsive to this request.

2. All documents concerning paragraph 13 of the Counterclaim.

**RESPONSE**:

Dall'Acqua will produce any documents responsive to this request.

3. All documents concerning paragraph 14 of the Counterclaim.

**RESPONSE**:

Dall'Acqua will produce any documents responsive to this request.

4. All documents concerning paragraph 15 of the Counterclaim.

**RESPONSE**:

Dall'Acqua will produce any documents responsive to this request.

5. All documents concerning paragraph 20 of the Counterclaim.

**RESPONSE**:

Dall'Acqua will produce any documents responsive to this request.

6. All documents concerning paragraph 21 of the Counterclaim.

**RESPONSE**:

Dall'Acqua will produce any documents responsive to this request.

7. All documents concerning paragraph 22 of the Counterclaim.

**RESPONSE**:

Dall'Acqua will produce any documents responsive to this request.

8. All documents concerning paragraph 24 of the Counterclaim.

**RESPONSE**:

Dall'Acqua will produce any documents responsive to this request.

9. All documents concerning paragraph 26 of the Counterclaim.

**RESPONSE**:

Dall'Acqua will produce any documents responsive to this request.

10. All documents concerning paragraph 32 of the Counterclaim.

**RESPONSE**:

Dall'Acqua will produce any documents responsive to this request.

11. All documents concerning paragraph 39 of the Counterclaim.

**RESPONSE**:

Dall'Acqua will produce any documents responsive to this request.

12. All documents concerning paragraph 40 of the Counterclaim.

**RESPONSE**:

Dall'Acqua will produce any documents responsive to this request.

13. All documents concerning paragraph 41 of the Counterclaim.

**RESPONSE**:

Dall'Acqua will produce any documents responsive to this request.

14. All documents concerning paragraph 42 of the Counterclaim.

**RESPONSE**:

Dall'Acqua will produce any documents responsive to this request.

15. All documents concerning paragraph 44 of the Counterclaim.

**RESPONSE**:

Dall'Acqua will produce any documents responsive to this request.

16. All documents concerning the damages Dall'Acqua and/or Protocol have sustained as a result of the alleged conduct of which Dall'Acqua complains.

**RESPONSE**:

Dall'Acqua objects to this request to the extent it seeks documents regarding any damages suffered by Protocol Services, Inc. Protocol is seeking its damages in an independent

case pending against Harte-Hanks in Illinois state court. Without waiving said objections, Dall'Acqua will produce any documents responsive to this request regarding his claim for damages.

17. Protocol's quarterly and annual financial statements for 2000 to the present.

**RESPONSE**:

Dall'Acqua objects to this request on the grounds it seeks materials in the control of Protocol. Dall'Acqua further objects on the grounds that this request is overly broad and seeks materials not reasonably likely to lead to the discovery of admissible evidence.

18. All documents concerning the financial performance of Protocol during Dall'Acqua's tenure with Protocol.

**RESPONSE**:

Dall'Acqua objects to this request on the grounds it seeks materials in the control of Protocol. Dall'Acqua further objects on the grounds that this request is overly broad and seeks materials not reasonably likely to lead to the discovery of admissible evidence.

19. All documents concerning the financial performance of Protocol during the three years preceding Dall'Acqua's hiring by Protocol.

**RESPONSE**:

Dall'Acqua objects to this request on the grounds it seeks materials in the control of Protocol. Dall'Acqua further objects on the grounds that this request is overly broad and seeks materials not reasonably likely to lead to the discovery of admissible evidence.

20. All documents concerning how Dall'Acqua has been hindered in his work for Protocol by reason of the alleged conduct of which Dall'Acqua complains.

**RESPONSE**:

Dall'Acqua will produce any documents responsive to this request.

21.  Any and all documents concerning warning letters, reprimands, poor reviews, or demotions received by Dall'Acqua as a result of the alleged conduct of which Dall'Acqua complains.

**RESPONSE**:

Dall'Acqua will produce any documents responsive to this request.

> Respectfully submitted,
>
> CHARLES R. DALL'ACQUA
>
> By: _____
> John F. Rooney III
> Angela L. Lackard
> Matthew Grygorcewicz
> MELICK, PORTER & SHEA, LLP
> 28 State Street
> Boston, MA 02109
> (617) 523-6200
>
> Susan C. Levy
> Daniel J. Winters
> JENNER & BLOCK LLP
> One IBM Plaza
> 330 North Wabash
> Chicago, IL 60611
> (312) 222-9350

Dated: January 10, 2005

Document No. 1196446

7

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of Mr. Dall'Acqua's Responses to Harte-Hanks' Second Set of Interrogatories and Document Requests were served this 10th day of January, 2005, via Facsimile and U.S. First-Class mail, postage prepaid, on the following counsel of record:

>David B. Chaffin
>Hare & Chaffin
>160 Federal Street
>23rd Floor
>Boston, MA 02110

*Daniel J. Winters*
Daniel J. Winters

CHICAGO_1199136_1