UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARTE-HANKS, INC., ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 04 CV 11548 DPW |
| CHARLES R. DALL'ACQUA, ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
PROTOCOL TO COMPLY WITH SUBPOENA**

Plaintiff, Harte-Hanks, Inc., submits this memorandum in support of its motion to compel Protocol Service, Inc., to produce, in response to a subpoena, three categories of documents relating to Mr. Dall'Acqua's damages claim.

**Background**

Mr. Dall'Acqua alleges that "Harte-Hanks has engaged in unfair methods of competition . . .." (Defendants Charles R. Dall'Acqua's and Protocol Services, Inc.'s Amended Answer and Defendant Dall'Acqua's Counterclaims, ¶ 38.) He says that Harte-Hanks, by its allegedly wrongful behavior, "has and continues to interfere with the employment relationship between Dall'Acqua and Protocol . . ." (id., ¶ 39), and "has and continues to interfere with Dall'Acqua's ability to lawfully compete with Harte-Hanks in his capacity as Protocol's president and CEO." (Id., ¶ 40.) He goes on to allege that Harte-Hanks's purpose is "to undermine Dall'Aqua's ability to compete freely against Harte-Hanks, to improperly distract Dall'Acqua's attention away from

Protocol (sic) legitimate business objectives, and to unfairly gain a competitive advantage in the marketing services industry." (Id., ¶ 41.)

After the counterclaim had been filed and Protocol had been dismissed as a party, Harte-Hanks caused a subpoena duces tecum to be served on Protocol. Given Mr. Dall'Acqua's allegations, the subpoena sought, among other documents:

> 24. All documents detailing or reflecting the revenue and profit earned by Protocol from January 1, 1999 through the present.
>
> 25. All documents which reflect and/or relate to Dall'Acqua's allegation in ¶ 41 of his Counterclaim that Harte-Hanks has "interfered with Dall'Acqua's ability to lawfully compete with Harte-Hanks in his capacity as Protocol's president and CEO," including but not limited to documents relating to any opportunities Protocol has lost by reason of this action and preliminary injunction hearing.
>
> 26. All documents concerning any legally-compensable damages Protocol claims it has sustained as a result of any actions by Harte-Hanks.

(Declaration of David B. Chaffin in Support of Motion to Compel Protocol to Comply with Subpoena ("Chaffin Dec."), ¶ Ex. A, ¶¶ 24-26.) Protocol objected to producing any documents in response to any of these requests. As to Request 24, it said, "Protocol objects to this request as overly broad, burdensome, and seeking documents not reasonably likely to lead to the discovery of admissible evidence." (Chaffin Dec., Ex. B, ¶ 24.) As to Requests 25 and 26, it said, "Protocol objects to this request on the grounds that Protocol is no longer a party in the Massachusetts litigation and, therefore, has no claim for damages against Harte-Hanks in this jurisdiction." (Chaffin Dec., Ex. B, ¶¶ 25, 26.)

Protocol's refusal to provide any information in response to the requests quoted above was a subject of a December 29 Rule 37.1 conference and exchanges of correspondence between the undersigned and Protocol/Dall'Acqua's Chicago co-counsel, Daniel Winter. (Chaffin Dec., Exs.

2

C, D, E, F.)  On December 31, the undersigned wrote:

> These requests seek financial information and information concerning damages allegedly sustained by Dall'Acqua and Protocol as a result of this lawsuit. As discussed, Dall'Acqua is claiming that the lawsuit is interfering with his management of the company and claims damages as a result. The documents sought relate to the damages claim. Please either produce them or indicate that Mr. Dall'Acqua will not be claiming interference with his and Protocol's business.

(Chaffin Dec., Ex. C at 4.)  On January 7, Mr. Winters wrote:

> Protocol is no longer a party to this litigation. It is seeking its damages via an independent case pending in Illinois state court.[1] Moreover, I note that Harte-Hanks has served separate document requests on Mr. Dall'Acqua relating to his damages. Accordingly, I do not understand your objections.

(Chaffin Dec., Ex. D at 5.)  On January 10, the undersigned responded:

> Once again, you claim not to understand the request.[2] Please. You point to the other litigation as an excuse not to produce the documents. It is no excuse. Protocol has an obligation to respond to subpoenas in this case. You also note that we have served a document request of Mr. Dall'Acqua seeking similar documents. This is beside the point unless Mr. Dall'Acqua will be producing the same documents that requests 24, 25, and 26 seek, which I seriously doubt.[3] Mr. Dall'Acqua has alleged interference with his ability to run Protocol. The documents sought relate to that claim. Please let me know on or before Wednesday whether these documents will be produced.

(Chaffin Dec., Ex. E at 6.)  On January 14, Mr. Winters wrote:

---

[1]  On November 19, 2004, Protocol, by Jenner & Block, filed an action in Illinois state court, entitled Protocol Services, Inc. v. Harte-Hanks, Inc., No. 04 L 013064 (Cook Cty. Cir. Ct.). (Chaffin Dec., Ex. G.) The factual allegations in Protocol's complaint are virtually identical to the factual allegations in Mr. Dall'Acqua's counterclaim. (Id.) Protocol alleges, among other things, that "Harte-Hanks has caused Dall'Acqua to fail to perform and to continue to fail to perform certain provisions of his employment contract with Protocol, including the provision that Dall'Acqua work to improve and advance the business and interests of Protocol . . .," and that "Protocol has suffered and continues to suffer severe and substantial financial losses as a direct result of Harte-Hanks' wrongful conduct." (Chaffin Dec., Ex. G, ¶¶ 41, 44.) Harte-Hanks has moved to dismiss or stay the Illinois action on the basis of this prior pending action.

[2]  In his letter of January 7, Mr. Winters repeatedly claimed that he did "not understand" an assertion in the undersigned's letter of December 31. (Chaffin Dec., Ex. D at 3, 4 (twice), 5 (twice).)

[3]  As predicted, Mr. Dall'Acqua has not produced the documents. He also has objected to producing them. The objection is a subject of Harte-Hanks's motion to compel filed on January 14.

3

>Protocol is not longer a party to this litigation. It is seeking its damages from Harte-Hanks via an independent action pending in Illinois state court. Accordingly, and for the reasons set forth in my previous correspondence and in our responses, we stand on our objections.

(Chaffin Dec., Ex. F at 4.)

## Argument

### PROTOCOL SHOULD PRODUCE THE DOCUMENTS

Documents concerning Protocol's finances were requested because Protocol's performance is implicated by the allegations that Harte-Hanks has interfered with Mr. Dall'Acqua's ability to perform his job as CEO of Protocol and to compete with Harte-Hanks. The documents could show, for example, that Protocol has been spectacularly successful (as compared to prior years) since suit was filed. If they do, short work could be made of Mr. Dall'Acqua's allegations.

Mr. Dall'Acqua's allegations put Protocol's performance in issue.[4] Were Mr. Dall'Acqua a low-level employee, Protocol perhaps would have an argument. But he is not. He is the CEO. The documents should be produced.

---

[4] Harte-Hanks assumes that Protocol's only objection is as to relevance, although this is not entirely clear. Its objection to Requests 25 and 26, quoted above, is only that it is no longer a party to this litigation and is pursuing its claim for damages elsewhere. Harte-Hanks is unaware of any valid objection based solely on Protocol's dismissal and filing of a separate action, so it is assumed that relevance is the issue.

## Conclusion

For the foregoing reasons, Protocol should be compelled to provide the documents described above.

Dated: January 18, 2005

HARTE-HANKS, INC.,

By its Attorneys,

s/David B. Chaffin
David B. Chaffin
BBO No. 549245
Kathleen A. Kelley
BBO No. 562342
HARE & CHAFFIN
160 Federal Street
Boston, MA 02110
(617) 330-5000

## CERTIFICATE PURSUANT TO LOCAL RULE 37.1

I certify that I conferred and exchanged extensive correspondence with opposing counsel on numerous occasions concerning the matters at issue. The conferences and correspondence are described in detail in the text above. A number of issues were resolved, but those identified above could not be.

s/David B. Chaffin