# EXHIBIT B

Case 1:04-cv-11548-DPW    Document 106-3    Filed 01/18/2005    Page 1 of 11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARTE-HANKS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 04-11548-DPW |
| CHARLES R. DALL'ACQUA and PROTOCOL MARKETING GROUP, | ) ) ) ) |
| Defendants. | ) |

## PROTOCOL SERVICES, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SUBPOENA REQUESTING DOCUMENTS

Protocol Services, Inc. ("Protocol"), by its attorneys, pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, hereby objects and responds to Plaintiff Harte-Hanks, Inc.'s ("Plaintiff") subpoena for documents directed to Protocol as follows:

### GENERAL OBJECTIONS

1. Protocol objects to this subpoena to the extent it was served on the "keeper of records" at Protocol's Braintree, Massachusetts facility. Few, if any, responsive documents reside at that facility. As Harte-Hanks is aware, Protocol's corporate office is located in Deerfield, Illinois.

2. Protocol objects to this subpoena to the extent it seeks a response in an unreasonably short period of time--namely, less than five business days. As such, this subpoena is burdensome and oppressive.

3. Protocol objects to the document requests to the extent that they seek the production of documents that are subject to the attorney-client privilege, or the attorney work product privilege. Protocol will not produce such documents.

4. Protocol objects to Harte-Hanks' "definitions" to the extent they seek to impose discovery obligations on Protocol greater than those specified in the Federal Rules of Civil Procedure. Protocol will respond to this document request in accordance with its obligations pursuant to the Federal Rules of Civil Procedure.

5. Protocol objects to the document requests to the extent that any particular request is overly broad, vague, ambiguous, misleading, subject to differing interpretations or otherwise objectionable under the Federal Rules of Civil Procedure.

6. The statement herein that Protocol will produce documents responsive to a request is neither a representation that such documents exist nor a representation that such documents will be located through a reasonable search pursuant to the Federal Rules of Civil Procedure.

7. Protocol objects to this request to the extent it requests materials previously produced in response to the subpoena served on Willis Stein or the document requests served on Charles Dall'Acqua. Protocol will not re-produce any such responsive documents.

8. The statement herein that Protocol will produce documents responsive to a request does not indicate and should not be construed as meaning that Protocol agrees, admits or otherwise acknowledges Plaintiff's characterization of fact or law or the factual expressions or assumptions contained in the request.

9. To the extent that any request may be construed as calling for documents not in the possession, custody or control of Protocol, Protocol objects to such request on the grounds that it is unduly burdensome and oppressive, and as such exceeds the scope of permissible discovery.

2

10. To the extent that any request calls for documents generally available to Plaintiff, Protocol objects on the grounds that such request is unduly burdensome and oppressive.

11. To the extent that any request calls for the production of documents already in the possession of Plaintiff, Protocol objects on the grounds that duplicative production of documents is unnecessary, unduly burdensome and oppressive and constitutes annoyance, harassment, and oppression. Even if Protocol produces documents in response to this demand for production of documents which Plaintiff already has in its possession, Protocol does not waive this objection.

12. Certain of the documents requested by Plaintiff contain confidential, private, personal, proprietary or business information of Protocol. Protocol will produce these documents only subject to entry of an appropriate protective order.

13. Inadvertent production of any information which is privileged or otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery with respect to such information or the subject matter thereof, or the right of Protocol to object to the use of any such information or the subject matter thereof during any subsequent proceeding.

14. All of the above general objections are incorporated by reference into each and every one of the following specific responses.

## RESPONSES

1. All documents concerning Charles R. Dall'Acqua's, including, but not limited to those constituting or relating to: his employment at Harte-Hanks; his employment at Protocol; correspondence between Protocol and Dall'Acqua prior to March 31, 2004; correspondence between Dall'Acqua and any investor in, or equity partner with, Protocol before March 31, 2004; his compensation by Protocol; the terms and conditions of his employment at Protocol; and the status of the negotiations between Dall'Acqua and Protocol on or about March 1, 2004.

**RESPONSE**: Protocol objects to this request as overbroad, burdensome and seeking documents not reasonably likely to lead to the discovery of admissible evidence. In

3

addition, this request seeks confidential and proprietary business information of Protocol utterly unrelated to this litigation. Without waiving said objections, Protocol states that it has already produced (in response to subpoena served on Willis Stein and document request served on Dall'Acqua) all documents regarding Protocol's recruitment and hiring of Dall'Acqua, all correspondence between Protocol and Dall'Acqua prior to his hiring, and Dall'Acqua's employment agreement with Protocol (which sets forth the terms and condition of his employment).

2.  All documents concerning the alleged forgery of the Agreement at issue in this case.

**RESPONSE**: Protocol objects to this request in that it seeks documents within the exclusive control of Harte-Hanks. Without waiving said objections, Protocol has no documents regarding the circumstances of Harte-Hanks' forging of the alleged agreement. Protocol's investigation continues and it will supplement its response/production as necessary as additional information becomes available.

3.  All documents concerning any current or former employee of Harte-Hanks, including but not limited to John Martus, Joel Bakal, and Deb Kennedy, and including but not limited to the terms of the individuals' employment at Protocol.

**RESPONSE**: Protocol objects to this request as overbroad, burdensome and seeking documents not reasonably likely to lead to the discovery of admissible evidence. Without waiving said objections, Protocol will produce any employment agreements between Protocol and Bakal and Martus (the only former Harte-Hanks' employees relevant to this proceeding).

4.  All documents concerning any efforts or attempts to solicit any current or former Harte-Hanks employees for employment at or with Protocol.

4

**RESPONSE**:    Protocol will produce any documents responsive to this request.

5.    All documents concerning interviews of Dall'Acqua by or on behalf of Protocol before the commencement of Dall'Acqua's employment by Protocol.

**RESPONSE**:    Protocol will produce any documents responsive to this request.

6.    All documents concerning any communications of any sort concerning Dall'Acqua that you had with any headhunter or recruiting firm from September 1, 2001, through March 31, 2004.

**RESPONSE**:    Protocol will produce any documents responsive to this request.

7.    All documents concerning any communications, interviews, meetings, discussions, conferences, dining engagements, other social engagements, correspondence, or conversations Dall'Acqua had with any representative of Protocol or with any of the investors in Protocol before March 31, 2004.

**RESPONSE**:    Protocol objects to this request to the extent it seeks the production of documents from any outside investors in Protocol. Without waiving said objections, Protocol will produce any documents responsive to this request relating to any Protocol communications or conversations with Dall'Acqua from prior to his hiring.

8.    All documents constituting or concerning the terms and/or conditions of Dall'Acqua's employment with Harte-Hanks.

**RESPONSE**:    Protocol objects to this request as vague, ambiguous, overly broad, ambiguous and seeking documents not reasonably likely to lead to the discovery of admissible evidence. Without waiving said objections, Protocol states that it has already produced Dall'Acqua's employment agreement which sets forth the terms and conditions of his employment.

9.    All documents concerning any plan, intention, or effort to solicit Hart[sic]-Hanks employees for employment at Protocol.

**RESPONSE**:    Protocol will produce any documents responsive to this request.

10. All documents that were supplied to Protocol and/or investors in Protocol in connection with Dall'Acqua's discussions and/or negotiations relating to or leading to his employment with Protocol.

**RESPONSE**: Protocol will produce any documents responsive to this request.

11. All documents that identify the recruiter, headhunter, or executive search firm who or that was involved in the events and circumstances leading to Dall'Acqua's employment by or with Protocol.

**RESPONSE**: Protocol will produce any documents responsive to this request.

12. All documents concerning the reason for and circumstances surrounding Dall'Acqua's execution of a non-competition and non-solicitation agreement with Protocol.

**RESPONSE**: Protocol objects to this request as vague and ambiguous. Protocol further objects to this request as seeking information not reasonably likely to lead to the discovery of admissible evidence. Without waiving said objections, Protocol will produce any documents responsive to this request.

13. All documents concerning any representation made by Dall'Acqua to Protocol concerning the terms and conditions of his employment by Harte-Hanks.

**RESPONSE**: Protocol will produce any documents responsive to this request.

14. All business records of Harte-Hanks.

**RESPONSE**: Protocol objects to this request as vague, ambiguous and seeking documents not reasonably likely to lead to the discovery of admissible evidence. Protocol further objects on the grounds that this request seeks business records of Harte-Hanks, the very party requesting the documents. Without waiving said objections, Protocol states that it has no documents responsive to this request.

15. All documents concerning any of the assertions contained in any affidavit, declaration, or affirmation submitted on behalf of Protocol in connection with this action.

6

**RESPONSE**:   Protocol objects to this request as vague and ambiguous. Protocol further objects on the grounds that this request seeks materials which may be protected from discovery by the attorney-client privilege or attorney work product privilege. Without waiving said objections, Protocol will produce any non-privileged documents responsive to this request.

16.  All documents that identify salaried personnel hired by Protocol since March 1, 2004.

**RESPONSE**:   Protocol objects to this request on the grounds that it seeks information not reasonably likely to lead to the discovery of admissible evidence. Protocol further objects on the grounds that it seeks confidential information utterly unrelated to the issues in this lawsuit. Protocol will not produce documents responsive to this request.

17.  All documents concerning any solicitation of James David for employment by Protocol.

**RESPONSE**:   Protocol has no documents responsive to this request.

18.  All documents concerning Dall'Acqua's consultation with attorneys concerning any employment agreement between him and Protocol.

**RESPONSE**:   Protocol objects to this request to the extent it seeks documents protected from discovery by the attorney-client privilege and/or attorney work product doctrines. Protocol will not produce documents responsive to this request.

19.  All documents concerning Dall'Acqua's communications with Dean H. Blythe in March 2004.

**RESPONSE**:   Protocol will produce any documents responsive to this request.

20.  All documents concerning any contact you have had with any customers, clients, or prospects of Harte-Hanks since March 1, 2004, including but not limited to H&R Block.

**RESPONSE**: Protocol objects to this request as seeking information not reasonably likely to lead to the discovery of admissible evidence. Protocol will not produce documents responsive to this request.

21. All documents concerning your use of information concerning, or of, Harte-Hanks, including information concerning the terms and conditions of Harte-Hanks contractual relationships, in connection with attempts to solicit the business of Harte-Hanks customers, including H&R Block.

**RESPONSE**: Protocol objects to this request as seeking information not reasonably likely to lead to the discovery of admissible evidence. Without waiving said objections, Protocol states that it has no documents responsive to this request.

22. All documents concerning Dall'Acqua's use of Harte-Hanks assets or personnel to assist him in connection with his negotiations or discussions concerning potential employment with Protocol, including all research materials developed as a result of such use.

**RESPONSE**: Protocol objects to this request as vague, ambiguous and seeking documents not reasonably likely to lead to the discovery of admissible evidence. Without waiving said objections, Protocol states that it has no documents responsive to this request.

23. All documents concerning efforts by Protocol to ascertain whether Dall'Acqua was a party to any agreement with Harte-Hanks that restricts his activities after his employment with Harte-Hanks, including but not limited to documents concerning the identity of the individual calling Harte-Hanks on behalf of Protocol and the "senior Harte-Hanks human resources manager" he/she called, as referenced in ¶ 21 of Dall'Acqua's Counterclaim.

**RESPONSE**: Protocol will produce any documents responsive to this request.

24. All documents detailing or reflecting the revenue and profits earned by Protocol from January 1, 1999 through the present.

**RESPONSE**: Protocol objects to this request as overly broad, burdensome, and seeking documents not reasonably likely to lead to the discovery of admissible evidence.

25.    All documents which reflect and/or relate to Dall'Acqua's allegation in ¶ 41 of his Counterclaim that Harte-Hanks has "interfere[d] with Dall'Acqua's ability to lawfully compete with Harte-Hanks in his capacity as Protocol's president and CEO," including but not limited to documents relating to any opportunities Protocol has lost by reason of this action and preliminary injunction hearing.

**RESPONSE**:    Protocol objects to this request on the grounds that Protocol is no longer a party in the Massachusetts litigation and, therefore, has no claim for damages against Harte-Hanks in this jurisdiction.

26.    All documents concerning any legally-compensable damages Protocol claims it has sustained as a result of any actions by Harte-Hanks.

**RESPONSE**:    Protocol objects to this request on the grounds that Protocol is no longer a party in the Massachusetts litigation and, therefore, has no claim for damages against Harte-Hanks in this jurisdiction.

Respectfully submitted,

PROTOCOL SERVICES, INC.

By: _____
John F. Rooney III
Angela L. Lackard
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA  02109
(617) 523-6200

Susan C. Levy
Daniel J. Winters
JENNER & BLOCK LLP
One IBM Plaza
330 North Wabash
Chicago, IL  60611
(312) 222-9350

Dated: December 3, 2004

Document No. 1185856

## CERTIFICATE OF SERVICE

I, Daniel J. Winters, an attorney, hereby certify that I caused to be served a true and correct copy of the attached Protocol Services, Inc.'s Objections and Responses to Plaintiff's Subpoena Requesting Documents on December 3, 2004, via facsimile and U.S. First-Class mail, postage prepaid, upon:

>David B. Chaffin
>Hare & Chaffin
>160 Federal Street, Floor 23
>Boston, Massachusetts  02110-1700
>Facsimile No.: 617-330-1996

_____
Daniel J. Winters