# EXHIBIT C

Case 1:04-cv-11548-DPW   Document 106-4   Filed 01/18/2005   Page 1 of 11

HARE & CHAFFIN
ATTORNEYS AT LAW
160 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110-1701
(617) 330-5000
TELECOPIER (617) 330-1996

December 31, 2004

**BY FAX**

Matthew Grygorcewicz, Esq.
Melick Porter & Shea
28 State Street
Boston, MA 02109-1775

Re:  Harte-Hanks, Inc. v. Charles R. Dall'Acqua and Protocol Marketing Group, No. 04-11548-DPW (D. Mass.)

Dear Matt:

I write to confirm the substance of a portion of our conversations on December 29 and to identify precisely the additional documents and information we seek from Mr. Dall'Acqua and Protocol.

**Authenticity Of Other Agreements**

I asked whether you had an answer to my request that your client stipulate to the authenticity of the agreements signed by the other employees for whom Ms. Dernoga was responsible. You said that you did not. I mentioned that absent such an agreement, we would be required to seek leave to take more than ten depositions. You indicated that you would get an answer.

**Deposition Dates/Dernoga Deposition**

I asked whether you have any further information concerning the dates and locations of the depositions you wish to take. You said that you did not. You renewed the request that Ms. Dernoga's deposition be conducted in Boston, and I repeated our position. I offered to contact Ms. Dernoga again to determine her preference. As indicated, while we were speaking, I emailed her, and she responded, confirming that she prefers Baltimore. You told me that you would be moving to force us to produce Ms. Dernoga here. I told you that we believe there to be no requirement that we produce Ms. Dernoga here, but that I would be happy to review any authority to the contrary that you would like to provide.

**Dall'Acqua's Response To Plaintiff's Request For Production**

**General Comments**. During our discussion of Mr. Dall'Acqua's production, I mentioned that it appears that Mr. Dall'Acqua has produced very few emails and has not produced any calendar excerpts. I asked that you confirm that he has reviewed his email for responsive documents and produce his calendars for January 2002 and for all of 2004. (Entries concerning personal matters may be redacted from the calendar.)

We also discussed Harte-Hanks records. I asked that Mr. Dall'Acqua produce/return all Harte-Hanks records that he may still have. You asked me to explain their relevance, and I said that even assuming the records are not relevant, he has no right to retain them.

**Request 1.** Request 1 seeks all documents concerning Mr. Dall'Acqua's employment at Harte-Hanks. In response, Mr. Dall'Acqua objected and invited a narrowing of the request. I narrowed the request (and related ones, e.g., 22, 27, 46, and 49) to all documents concerning (1) Mr. Dall'Acqua's contention that he was unhappy at Harte-Hanks, (2) the terms and conditions of Mr. Dall'Acqua's employment at Harte-Hanks, (3) Mr. Dall'Acqua's compensation at Harte-Hanks, (4) Mr. Dall'Acqua's efforts to find other employment, (5) agreements with Harte-Hanks, and (6) efforts to solicit ANY Harte-Hanks employees or former employees, including Deb Kennedy. (As to item (6), an effort to limit the response to Martus and Bakal was made; we want all documents concerning any efforts concerning any Harte-Hanks employees or former employees.)

**Request 6.** Request 6 seeks telephone records. In response, Mr. Dall'Acqua objected and invited a narrowing of the request. I told you that we would be satisfied with records covering January 2002 and all of 2004.

**Request 7.** Request 7 seeks all documents concerning current or former employees of Harte-Hanks. In response, Mr. Dall'Acqua objected and invited a narrowing of the request. I told you that we would be satisfied with, in addition to the documents mentioned above, all documents concerning the claim that his relations with Mr. Hochhauser had soured.

**Request 9.** Request 9 seeks all documents concerning John Martus. Some documents were promised, and I received yesterday Mr. Martus's agreement with Protocol. As mentioned, I would like in addition all documents concerning the terms and conditions of Mr. Martus's employment with Harte-Hanks.

**Request 10.** Request 10 seeks all documents concerning Joel Bakal. Please see comments concerning Martus.

Matthew Grygorcewicz, Esq.
December 31, 2004
Page 3

**Requests 15-17.** Requests 15 through 17 seeks all documents concerning Mr. Dall'Acqua's efforts to seek employment other than with Protocol and Harte-Hanks. I told you that very few documents on this subject were produced and we would like any others that might exist.

**Request 20.** Request 20 seeks all documents concerning the terms and conditions of Mr. Dall'Acqua's employment with Protocol. I asked you to determine whether any side letters or amendments to the original agreement exist and, if so, to produce them.

**Request 36.** Request 36 seeks all records of travel. Mr. Dall'Acqua objected and invited a narrowing of the request. I indicated that we want other records (in addition to the expense records that were produced) of travel.

**Request 44.** Request 44 seeks all documents from 1/1/01 through 12/31/02 that bear an original signature of Mr. Dall'Acqua. We received some checks, but little else. Please produce other types of signature samples. Also, many, if not most, of the requested checks were not produced. We would like all of them. To assist you in gathering the missing checks, a list of what was produced accompanies this letter.

**Interrogatories To Mr. Dall'Acqua**

I mentioned that many of Mr. Dall'Acqua's responses purport to incorporate by reference testimony and affidavits. This is not an appropriate approach. Please provide appropriate responses.

**Interrogatory 2.** Interrogatory 2 asks Mr. Dall'Acqua to state the basis for his contention that the signature on the Agreement is a forgery. In his response, there is a vague reference to conversations between Protocol and Harte-Hanks. As discussed, we are entitled to the details on these conversations. Mr. Dall'Acqua needs to tell us, as I said, the who, what, when, where, etc., of these conversations. As discussed, if this information is not provided, we will move to preclude.

**Interrogatory 3.** See above with respect to Interrogatory 2.

**Interrogatory 4.** See above with respect to Interrogatory 2. As discussed, we are entitled to the details concerning the alleged due diligence.

**Interrogatory 8.** This interrogatory seeks all information on attempts to solicit Harte-Hanks employees. Mr. Dall'Acqua, as noted, has provided only information concerning Martus, Bakal, and Kennedy. As mentioned, we would like the information as to all attempts. (These

Matthew Grygorcewicz, Esq.
December 31, 2004
Page 4

comments apply to the response to Interrogatory 13 as well.)

**Interrogatory 9.** This interrogatory seeks the identity of all persons with relevant knowledge and a summary of each such person's knowledge. The response is useless. As discussed, Mr. Dall'Acqua listed dozens of people in his Rule 26 voluntary disclosures. With respect to each of those individuals, please provide the requested information.

**Subpoena To Protocol**

**Request 3.** This request seeks all documents concerning Martus, Bakal, and Kennedy. Protocol has provided no documents as to Kennedy. For the reasons discussed, they should be provided. As to Martus and Bakal, please provide any documents Protocol has in its possession, custody, or control concerning the terms and conditions of their employment with Harte-Hanks.

**Request 7.** This request seeks all documents concerning contact between Dall'Acqua and Protocol or its investors before 3/31/04. Protocol objected to providing such documents from any outside investors. The objection, as noted, is baseless. Please produce the documents.

**Requests 24, 25, and 26.** These requests seek financial information and information concerning damages allegedly sustained by Dall'Acqua and Protocol as a result of this lawsuit. As discussed, Dall'Acqua is claiming that the lawsuit is interfering with his management of the company and claims damages as a result. The documents sought relate to the damages claim. Please either produce them or indicate that Mr. Dall'Acqua will not be claiming interference with his and Protocol's business.

**Dall'Acqua's Issues**

By my count, you raised eight issues.

**Privilege Log.** You asked for a privilege log. We will supply one in due course.

**Dernoga Expense Reports.** We supplied Ms. Dernoga's expense reports for early 2002 and part of 2004, i.e., the period during which the Agreement was signed and the period from Mr. Dall'Acqua's termination to the initiation of this action. You asked for all other expense reports. I asked you to explain why these other expense reports are relevant or reasonably calculated to lead to the discovery of admissible evidence. You could not do so. Until an explanation is provided, we will decline to produce the documents, with one exception. You said that we had not produced the expense report for May 2004. If this is true, we will produce it.

Matthew Grygorcewicz, Esq.
December 31, 2004
Page 5

**Documents Concerning CRD/RMH Relationship.** You said that we had not produced documents concerning the relationship between your client and Mr. Hochhauser. I believe that such documents were produced, including email of both gentlemen. I will check, however, for additional documents.

**Interrogatories 7 and 8.** You inquired about the promised supplementation of the responses to these interrogatories. As discussed, we have supplemented.

**Interrogatory 11.** You asked us to supplement with respect to pre-litigation communications concerning the Agreement. I agreed to do so.

**Franklin Memo To Board.** You asked us to produce Mr. Franklin's memorandum to the Board of Directors concerning the termination of Mr. Dall'Acqua. I will try to find this document, and, if I succeed and it is not privileged, produce it.

**Interrogatory 9.** You asked me to identify documents referenced in the response to interrogatory 9. I think we resolved this issue. If not, please advise.

We concluded with a discussion concerning your response to my requests. As you know, I attempted to convene our conference last week but agreed to postpone it to Tuesday of this week (to accommodate principally your schedule) on the condition that you respond promptly after the conference. On Tuesday, you asked to postpone the conference to Wednesday. On Wednesday, you said that you could not promise a response on Thursday because you needed to consult with Chicago counsel and Mr. Dall'Acqua (directly or indirectly).

I renew my request for a prompt response to the concerns listed above. As you know, we have a tight schedule.

Thank you.

Very truly yours,

David B. Chaffin

DBC:kgg
422004.1231
Enclosure

| Bank of America | |
|---|---|
| Check # | Date |
| 1001 | 3/15/2002 |
| 1002 | 3/15/2002 |
| 1003 | 3/17/2002 |
| 1004 | 3/17/2002 |
| 1005 | 3/18/2002 |
| 1006 | 3/18/2002 |
| 1007 | 3/18/2002 |
| 1008 | 3/18/2002 |
| 1009 | 3/18/2002 |
| 1010 | 3/18/2002 |
| 1011 | 3/18/2002 |
| 1012 | 3/19/2002 |
| 1013 | 4/3/2002 |
| 1014 | 4/3/2002 |
| 1015 | 4/5/2002 |
| | |
| | |
| 1019 | 4/5/2002 |
| 1020 | 4/5/2002 |
| 1021 | 4/5/2002 |
| 1022 | 4/5/2002 |
| | |
| | |
| 1025 | 4/5/2002 |
| | |
| 1028 | 4/14/2002 |
| | |
| 1031 | 4/17/2002 |
| | |
| 1033 | 4/20/2002 |
| | |
| | |
| | |
| | |
| 1039 | 5/4/2002 |
| | |
| 1041 | 5/2/2002 |
| | |
| 1265 | 12/30/02 |
| | |
| 1267 | 01/01/03 |
| | |
| 1367 | 09/17/01 |
| 1368 | 09/22/01 |
| | |
| | |

| | |
|---|---|
| 1371 | 10/02/01 |
| 1372 | 10/02/01 |
| 1373 | 10/02/01 |
| 1374 | 10/02/01 |
| 1375 | 10/02/01 |
| 1376 | 10/02/01 |
| 1377 | 10/02/01 |
| 1378 | 10/02/01 |
| 1379 | 10/02/01 |
| 1380 | 10/02/01 |
| 1381 | 10/02/01 |
| 1382 | 10/02/01 |
| 1383 | 11/03/01 |
| 1384 | 10/04/01 |
| 1384 | 10/03/01 |
| | |
| 1387 | 10/06/01 |
| 1388 | 10/04/01 |
| | |
| 1390 | 10/15/01 |
| 1391 | 10/15/01 |
| 1392 | 10/08/01 |
| 1393 | 10/15/01 |
| 1394 | 10/01/01 |
| 1395 | 11/01/01 |
| 1396 | 12/01/01 |
| 1397 | 10/18/01 |
| 1398 | 10/20/01 |
| 1399 | 10/20/2001 |
| 1400 | 10/20/2001 |
| 1401 | 10/20/2001 |
| 1402 | 10/20/2001 |
| 1403 | 10/26/2001 |
| 1404 | 10/27/2001 |
| 1405 | 10/30/2001 |
| 1406 | 10/31/2001 |
| 1407 | 11/2/2001 |
| 1408 | 11/4/2001 |
| 1409 | 11/8/2001 |
| 1410 | 11/1/2001 |
| 1411 | 11/08/01 |
| 1412 | 11/8/2001 |
| 1413 | 11/8/2001 |
| 1414 | 11/8/2001 |
| 1415 | 11/8/2001 |
| 1416 | 11/8/2001 |
| 1417 | 11/8/2001 |
| 1418 | 11/8/2001 |
| 1419 | 11/8/2001 |
| 1420 | 11/8/2001 |
| 1421 | 11/8/2001 |
| 1422 | 11/8/2001 |

| | |
|---|---|
| 1423 | 11/8/2001 |
| 1424 | 11/8/2001 |
| 1425 | 11/8/2001 |
| 1426 | 12/1/2001 |
| 1427 | 11/9/2001 |
| 1428 | 11/16/2001 |
| 1429 | 11/25/2001 |
| 1430 | 12/1/2001 |
| 1431 | 11/8/2001 |
| 1432 | 11/8/2001 |
| 1433 | 12/2/2001 |
| 1434 | 12/06/01 |
| 1435 | 12/1/2001 |
| 1436 | 12/1/2001 |
| 1437 | 12/1/2001 |
| 1438 | 12/1/2001 |
| 1439 | 12/1/2001 |
| 1440 | 12/1/2001 |
| 1441 | 12/1/2001 |
| 1442 | 12/1/2001 |
| 1443 | 12/1/2001 |
| 1444 | 12/1/2001 |
| 1445 | 12/1/2001 |
| 1446 | 12/7/2001 |
| 1447 | 12/6/2001 |
| 1448 | 12/6/2001 |
| 1449 | 12/6/2001 |
| 1450 | 12/6/2001 |
| 1451 | 12/6/2001 |
| 1452 | 12/6/2001 |
| 1453 | 12/11/2001 |
| 1454 | 12/13/2001 |
| 1455 | 12/15/2001 |
| 1456 | 12/18/2001 |
| 1457 | 12/18/2001 |
| 1458 | 12/18/2001 |
| 1459 | 12/18/54 |
| 1460 | 12/18/2001 |
| 1461 | 12/18/2001 |
| 1462 | 12/18/2001 |
| 1463 | 12/19/2001 |
| 1464 | 12/22/2001 |
| 1465 | 12/22/2001 |
| 1466 | 12/28/2001 |
| 1467 | 12/28/2001 |
| 1468 | 12/28/2001 |
| 1469 | 12/28/2001 |
| 1470 | 12/28/2001 |
| 1471 | 12/28/2001 |
| 1472 | 12/28/2001 |
| 1473 | 12/28/2001 |
| 1474 | 12/28/2001 |

| | |
|---:|---:|
| 1475 | 12/28/2001 |
| 1476 | 12/28/2001 |
| 1477 | 12/28/2001 |
| 1478 | 12/28/2001 |
| 1479 | 12/28/2001 |
| 1480 | 2/1/2002 |
| | |
| 1482 | 12/28/2001 |
| 1483 | 1/1/2002 |
| 1484 | 1/1/2002 |
| 1485 | 1/2/2002 |
| 1486 | 1/2/2002 |
| 1487 | 1/5/2002 |
| 1488 | 1/10/2002 |
| 1489 | 1/9/2002 |
| 1490 | 1/19/2002 |
| | |
| 1492 | 1/21/2002 |
| 1493 | 1/21/2002 |
| 1494 | 1/22/2002 |
| 1495 | 1/23/2002 |
| 1496 | 1/23/2002 |
| 1497 | 1/23/2002 |
| 1498 | 1/23/2002 |
| 1499 | 1/23/2002 |
| 1500 | 1/23/2002 |
| 1501 | 1/23/2002 |
| 1502 | 1/23/2002 |
| 1503 | 1/23/2002 |
| 1504 | 1/23/2002 |
| 1505 | 1/27/2002 |
| 1506 | 2/1/2002 |
| 1507 | 2/1/2002 |
| 1508 | 1/23/2002 |
| 1509 | 2/1/2002 |
| 1510 | 2/2/2002 |
| 1511 | 2/2/2002 |
| 1512 | 2/2/2002 |
| 1513 | 2/2/2002 |
| 1514 | 2/2/2002 |
| 1515 | 2/2/2002 |
| 1516 | 2/2/2002 |
| 1517 | 2/2/2002 |
| 1518 | 2/9/2002 |
| 1519 | 2/18/2002 |
| 1520 | 2/15/2002 |
| 1521 | 2/15/2002 |
| 1522 | 2/15/2002 |
| 1523 | 2/15/2002 |
| 1524 | 2/15/2002 |
| | |
| 1526 | 2/20/2002 |

| | |
|---|---|
| 1527 | 2/20/2002 |
| 1528 | 2/20/2002 |
| 1529 | 2/20/2002 |
| 1530 | 2/20/2002 |
| 1531 | 2/20/2002 |
| 1532 | 2/20/2002 |
| 1533 | Feb-02 |
| | |
| 1535 | 2/20/2002 |
| 1536 | 2/21/2002 |
| 1537 | 2/25/2002 |
| 1538 | 2/20/2002 |
| 1539 | 3/1/2002 |
| | |
| 1541 | 3/2/2002 |
| 1542 | 3/9/2002 |
| 1543 | 3/10/2002 |
| 1544 | 3/8/2002 |
| 1545 | 3/10/2002 |
| 1546 | 3/11/2002 |
| 1547 | 3/11/2002 |
| 1548 | 3/11/2002 |
| 1549 | 3/11/2002 |
| 1550 | 3/11/2002 |
| 1551 | ? 21.50 |
| 1552 | 3/12/2002 |
| 1553 | 3/13/2002 |