# EXHIBIT D

# JENNER&BLOCK

January 7, 2005

**BY FACSIMILE**

David B. Chaffin
Hare & Chaffin
160 Federal Street
23rd Floor
Boston, MA 02110

Jenner & Block LLP         Chicago
One IBM Plaza              Dallas
Chicago, IL 60611-7603     Washington, DC
Tel 312 222-9350
www.jenner.com

Daniel J. Winters
Tel  312 923-2985
Fax  312 840-7385
dwinters@jenner.com

Re:    **Harte-Hanks v. Dall'Acqua**

Dear David:

I am writing in response to your December 31, 2004 letter to Matt Grygorcewicz and to follow-up regarding various open discovery issues.

## Harte-Hanks' Deficient Discovery Responses

*Dernoga Expense Reports and Calendars (Request Nos. 15 and 26)*: You continue to refuse to produce these materials for the entire period requested. These materials are necessary, among other reasons, to probe the instances in which Ms. Dernoga met with Mr. Dall'Acqua outside the office (including at BWI Airport) and to determine how often she traveled via airplane. Given your position, we will move to compel.

*Missing Harte-Hanks' Privilege Log*: You have promised a privilege log for the 100+ documents withheld from production. No log, however, has as yet been received. I understand that you are withholding production of the log while discussions concerning supplementation of discovery are ongoing. Please promptly provide an adequate privilege log so we may avoid burdening the Court with this issue.

*Missing Franklin Memo Re Dall'Acqua Termination*: In Harte-Hanks' response to Interrogatory No. 8, it incorporated by reference a Larry Franklin memorandum to the Harte-Hanks' board regarding the termination of Mr. Dall'Acqua. Harte-Hanks represented that it would produce this memorandum. We could not locate this document within Harte-Hanks' productions to date. Please promptly produce the memo so we can avoid burdening the Court with this issue. (The suggestion in your recent letter that this document may be privileged is incorrect. Any privilege that may have attached to this document was waived by Harte-Hanks' reliance on it as part of its discovery response.)

*Failure to Provide Substantive Response to Third Set of Document Requests*: Harte-Hanks objected to our Third Set of Document Requests on the ground that it was untimely and,

JAN-07-2005 16:37 JENNER AND BLOCK LLP 312 527 0484 P.03/06
Case 1:04-cv-11548-DPW    Document 106-5    Filed 01/18/2005    Page 3 of 7

David Chaffin
January 7, 2005
Page 2

**JENNER&BLOCK**

therefore, refused to provide substantive responses. Your objection is invalid. I understand, however, that despite your objection you contend that Harte-Hanks has produced at least some of the responsive documents. To avoid burdening the Court with this issue, please provide an amended written response and confirm that all responsive documents have been produced.

*Miscellaneous Supplementation*: You have agreed to check regarding the existence of additional documents regarding the relationship between Messrs. Dall'Acqua and Hochhauser and also to supplement your response to Interrogatory No. 11 regarding pre-litigation communications within Harte-Hanks regarding the alleged agreement. Please promptly provide this information so we can avoid burdening the Court with this issue.

### Documents Produced By Third Parties Pursuant to Subpoena

Please be sure to immediately provide us with copies of all documents produced by third parties pursuant to subpoena (i.e., cell phone providers).

### Deposition Dates/Locations

As we discussed, we will take Ms. Demoga's deposition on January 20, 2005 in Baltimore. I will follow up with a notice of deposition providing the precise location.

Regarding the other requested deponents, please provide a few alternatives dates sometime during the weeks of January 17, 24 or 31, 2005 for the depositions of the following witnesses: Hochhauser, Chris Harte, Flawn, Franklin, Blythe, Hacker, Platto, Harrison and Gray. As indicated in my earlier e-mails, we'll only need half days with certain of these witnesses (including Mr. Harte).

Except for Mr. Platto, we insist that these depositions take place in Boston at the offices of Melick, Porter & Shea. As you are well aware, under Federal Rules of Civil Procedure 30 and 32(a)(2), a party may notice the deposition of a corporation (a named party in this case) by a particular officer, director or managing agent. In so doing, the 100-mile travel restriction of Fed. R. Civ. P. 45 is inapplicable. It is my understanding that, with the exception of Mr. Platto, each of the witnesses is an officer, director or managing agent. The test to determine if a witness is a managing agent is a functional one. *See Smith v. Shoe Show of Rocky Mount, Inc.*, 2001 WL 1757184, 87 Fair Empl. Prac. Cas. (BNA) 1396 (D.Mass.). Certainly, each of the above-noted witnesses (who are not otherwise officers or directors) are vested by Harte-Hanks "with general powers to exercise his judgment and discretion in dealing with corporate matters"; Harte-Hanks could demand that each of these witnesses provide deposition "testimony at the demand of a party engaged in litigation"; and it is without question that these witnesses will identify themselves "with the interest of the corporation rather than with those of other parties." *Reed*

David Chaffin
January 7, 2005
Page 3

**JENNER&BLOCK**

*Paper Company v. Proctor & Gamble Distrib. Co.*, 144 F.R.D. 2,4 (D. Me. 1992). I would respectfully direct your attention to the above cases in an effort to obviate a motion to compel.[1]

### Harte-Hanks' Discovery-Related and Other Requests

*Stipulation Re Authenticity of Other Agreements and Request to Depose up to 22 Fact Witnesses*: As we discussed this morning, given the issues raised in this case, and the complications caused by your client's "loss" of the originals of these other agreements, we cannot stipulate to their authenticity. As to your request to take up to 22 fact witness depositions, we cannot agree to such a stipulation.

*Dall'Acqua Calendars and E-Mail*: We will follow-up with Mr. Dall'Acqua regarding these requests and supplement our production, as necessary, in due course.

*Harte-Hanks' Business Records*: As previously indicated, Mr. Dall'Acqua did not take any Harte-Hanks' business records with him when he was terminated. Accordingly, he has nothing to return.

*Document Request No. 1*: Dall'Acqua has already produced any documents relating to his contention that he was unhappy at Harte-Hanks and his efforts to find other employment. As to your request for documents regarding the terms and conditions of his employment at Harte-Hanks, his compensation at Harte-Hanks, and any agreements he had with Harte-Hanks, we do not understand this request. These materials are all within your client's exclusive possession, custody and control. Also, given Mr. Dall'Acqua's 20+ year career at Harte-Hanks, your requests are overly broad and burdensome. If there is something in particular you are interested in, please advise. Finally, as to your item six, though we stand on our stated objections, we will follow-up regarding any pre-TRO potential employment-related communications with Ms. Kennedy and any other Harte-Hanks' employees and supplement our production, as necessary, in due course.

*Document Request No. 6*: Pursuant to your revised request, we will follow-up with Mr. Dall'Acqua and supplement our production, as necessary, in due course.

*Document Request No. 7*: Mr. Dall'Acqua has already produced any documents relating to his soured relations with Mr. Hochhauser.

*Document Requests Nos. 9-10*: We have recently produced the employment agreements of Messrs. Martus and Bakal. These documents set forth the terms and conditions of their employment with Protocol. There are no side letters or amendments to these original agreements. There are documents in which the employees agree to comply with Protocol's Code

---

[1] *See also Boston Diagnostics Development Corp., Inc. v. Kollsman Manuf. Co.*, 123 F.R.D. 415, 416 (D. Mass 1988); *Calgene, Inc. v. Enzo Biochem, Inc.*, 1993 WL 645999 (E.D. Cal.).

David Chaffin
January 7, 2005
Page 4

**JENNER&BLOCK**

of Business Conduct. Though seemingly irrelevant to this action, we will supplement our production with these documents and any other related materials.

*Document Requests Nos. 15-17*: We have already produced any documents responsive to this request.

*Document Request No. 20*: There are no side letters or amendments to Mr. Dall'Acqua's original agreement.

*Document Request No. 36*: We have already produced Mr. Dall'Acqua's expense reports for the period 2002-04. I do not understand what additional documents you are seeking. Please advise.

*Document Request 44*: We will follow-up with Mr. Dall'Acqua regarding your list of allegedly missing checks. We will keep you apprised of what we learn.

*Reference to Testimony and Affidavits*: Given the rather limited amount of testimony and declarations submitted to date in this case, I do not understand your request in this regard. If there is a particular response that you do not understand, please advise.

*Interrogatory Nos. 2-3*: We do not know who was involved in forging the agreement. We intend to continue to investigate that subject in discovery. And, we hereby renew our request that Harte-Hanks disclose all information within its possession regarding the circumstances of the forgery.

*Interrogatory No. 4*: We believe that our response provides more than adequate detail regarding the circumstances surrounding the hiring of Mr. Dall'Acqua, and is consistent with the responses Harte-Hanks has provided in response to our discovery requests. Please advise what information within Mr. Dall'Acqua's knowledge you believe is missing.

*Interrogatory No. 8*: See response to Document Request No. 1, item six above.

*Interrogatory No. 9*: We will supplement our Rule 26 Disclosures to include a "Subject(s)" column comparable to that provided by Harte-Hanks. To the extent you seek more detailed information, then any such exchange will need to be reciprocal.

*Protocol Subpoena Request 3*: See response to Document Requests Nos. 9-10 above. As to Deb Kennedy, we will produce any employment agreement setting forth the terms or conditions of her employment.

*Protocol Subpoena Request No. 7*: Protocol has produced any documents in its possession, custody or control relating to the hiring and/or solicitation of Mr. Dall'Acqua. Protocol cannot produce documents in the possession of third party, outside investors. I do not understand your contention that this position is baseless. Moreover, given that you have already received these

David Chaffin
January 7, 2005
Page 5

**JENNER&BLOCK**

very documents pursuant to subpoenas served on Willis Stein, BCI Partners and Nightingale Associates, I do not understand the point of your objection.

*Protocol Subpoena Requests Nos. 24-26*: Protocol is no longer a party to this litigation. It is seeking its damages via an independent case pending in Illinois state court. Moreover, I note that Harte-Hanks has served separate document requests on Mr. Dall'Acqua relating to his damages. Accordingly, I do not understand your objections.

I look forward to the prompt resolution by Harte-Hanks of the various deficiencies noted above. I trust we will be able to work together to avoid unnecessarily burdening the Court with discovery-related matters.

Sincerely,

*[signature]*

Daniel J. Winters

cc: John F. Rooney, III

DJW:jml

CHICAGO_1197022_1

# FAX TRANSMITTAL

# JENNER&BLOCK

Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
Tel 312 222-9350
www.jenner.com

Chicago
Dallas
Washington, DC

Date: January 5, 2005

To: David Chaffin
Hare & Chaffin

Fax: (617) 330-1996
Voice:

From: Daniel J. Winters
dwinters@jenner.com

Fax: 312 840-7385
Voice: 312 923-2985

Employee Number:

Client Number: —

**Important:** This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is attorney work product, privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via postal service. Thank you.

**Message:**

Total number of pages including this cover sheet: 6

Time Sent: 3:30 PM

If you do not receive all pages, please call: 312 222-9350

Sent By: Janine

Secretary: Susan A. Cihlar

Extension: 6557