EXHIBIT F

# JENNER&BLOCK

January 14, 2005

Jenner & Block LLP       Chicago
One IBM Plaza           Dallas
Chicago, IL 60611-7603   Washington, DC
Tel 312 222-9350
www.jenner.com

## VIA FACSIMILE & U.S. MAIL

David B. Chaffin
Hare & Chaffin
160 Federal Street
23rd Floor
Boston, MA  02110

Daniel J. Winters
Tel 312 923-2985
Fax 312 840-7385
dwinters@jenner.com

Re:    **Harte-Hanks, Inc. v. Dall'Acqua**

Dear David:

I am writing to follow-up on my letter dated January 7, 2005, and to further respond to the issues raised in your letter dated January 10, 2005.

## Harte-Hanks Deficient Discovery Responses

*Dernoga Expense Reports and Calendars* (Request Nos. 15 and 26): Harte-Hanks refused to withdraw its objections or otherwise produce the requested expense reports in their entirety. We have moved to compel. Also, we continue to await the production of the promised expense reports and calendars referring or relating to any off-site meetings between Dernoga and Dall'Acqua (regardless of date or location)  and any flights taken by Dernoga on either commercial or private planes.

*Missing Harte-Hanks Privilege Log*: We continue to await the promised privilege log for the 100+ documents you have withheld from production. Please ensure the log is sufficiently detailed to permit the Court and Dall'Acqua to assess your claims of privilege.

*Withheld Franklin Memo Re Dall'Acqua Termination*: Harte-Hanks expressly agreed to produce this document in its written discovery responses. As such, it has waived any claim of privilege that may have attached to this document. We continue to await the production of this document. I trust we will able to avoid unnecessary motion practice on this issue.

*Failure to Provide Responses to 3rd Set of Document Requests*: Harte-Hanks refused to withdraw its objections, provide substantive responses or otherwise address the concerns raised in my January 7 correspondence. We have moved to compel.

*Miscellaneous Supplementation*: We continue to await your production of the promised materials. I trust we will able to avoid unnecessary motion practice on this issue.

David B. Chaffin
January 14, 2005
Page 2

# JENNER & BLOCK

## Documents Produced By Third Parties

You ignored my previous request on this issue. Please confirm that you will immediately produce any documents produced to date by any third-parties pursuant to subpoena or otherwise. We will move to exclude any documents or evidence not timely produced.

## Deposition Dates/Locations

For your convenience, I have summarized below the current deposition schedule as reflected in our respective notices of deposition and subpoenas:

| | |
|---|---|
| Elaine Dernoga | January 20 (Baltimore) |
| John Martus | January 21 |
| Larry Franklin | January 25 (9 am) |
| Chris Harte | January 25 (2 pm) |
| Andrew Harrison | January 26 (9 am) |
| Dr. Peter Flawn | January 26 (2 pm) |
| Richard Hochhauser | January 27 |
| Dean Blythe | January 28 |
| Steve Hacker | January 31 |
| Willa Gray | February 1 |
| Andrew Harrison | February 2 |
| Charles Dall'Acqua | February 7, 8 or 9 (pending confirmation re your preference) |

Unless otherwise indicated, the depositions are taking place in our respective Boston offices.

## Harte-Hanks Discovery-Related and Other Requests

*Dall'Acqua Calendar and E-mails*: I am collecting these materials and am preparing them for production early next week.

*Document Request No. 1* (all documents concerning Dall'Acqua's employment at Harte-Hanks): You still have not provided any explanation as to arguable relevance of your request for all documents regarding the terms and conditions of Mr. Dall'Acqua's employment, his compensation and all agreements between Mr. Dall'Acqua and Harte-Hanks (no matter the topic). Mr. Dall'Acqua worked for Harte-Hanks for over 20 years. Your request, as stated in our initial objections, is too expansive in scope and does not appear targeted to obtain relevant information. Moreover, we have provided documents which are sufficient to reflect his compensation and other terms of employment. There is no basis for your request for everything regarding this man's 20+ year career at Harte-Hanks. Dall'Acqua did not have a copy of the forged agreement in his possession--because he never signed it and never saw it until it suddenly appeared several months after his termination. Besides this issue, I do not understand the point of your request. For example, as to his compensation, what is in dispute? I am sure Harte-Hanks' own records more than adequately reflect this information. If there is some area in which

1200743.2

David B. Chaffin
January 14, 2005
Page 3

**JENNER&BLOCK**

your client's files are incomplete or inadequate, please let me know and I am willing to work with you to reach some accommodation. Pending some reasonable explanation and narrowing from you, we stand on our response and document production to date (which includes, for example, a recent summary of his stock options from 1984-02, a 12/00 severance agreement, and a summary of his compensation from 1998-04 including salary and bonuses).

*Document Request No. 6* (phone records): Mr. Dall'Acqua has no documents responsive to this request. The only phone records he possesses do not provide any detail regarding the numbers called or the calls received.

*Document Request Nos. 9-10* (terms and conditions of Martus' and Bakal's employment at Harte-Hanks): Thank you for the clarification. I did misinterpret your request. Mr. Dall'Acqua has no documents regarding the terms or conditions of Martus' or Bakal's employment at Harte-Hanks.

*Document Request No. 36* (expense reports): Mr. Dall'Acqua has previously produced his expense reports for 2002-04. We produced everything he retained regarding these requests. I note that Harte-Hanks possesses the originals of these requests, which appear to include the underlying receipts. Mr. Dall'Acqua does not have copies of any itineraries from these trips. In addition to his copies of the expense reports, Mr. Dall'Acqua is also producing his calendars, which include some reference to his business trips. Your request for his passport, etc. appears totally unnecessary, unreasonable and intended solely to harass Mr. Dall'Acqua. Absent some reasonable explanation as to why you need his passport or the other extraneous items identified in your letter, we stand on our response and document production to date (including the calendars which will be produced next week).

*Document Request 44* (missing checks): We have looked for the checks identified on your list. We were able to locate certain of them. Copies will be produced early next week. Other than these checks and the other original documents previously produced, Mr. Dall'Acqua is unaware of any other documents responsive to this request.

*Incorporation of Prior Testimony*: I do not understand your insistence on this point. Nevertheless, as a further sign of our good faith, and so that there can be no confusion, I will provide you with page and line cites to the specific testimony referenced.

*Interrogatory Nos. 2-3* (circumstances of forgery): We stand on our responses. And, we renew our request that Harte-Hanks reveal the circumstances of the forgery.

*Interrogatory No. 4* (circumstances of hiring by Protocol): We stand on our response. Your letter seems to be demanding detailed information regarding the circumstances of Protocol's due diligence efforts. Mr. Dall'Acqua, obviously, is not the proper person to provide that information.

*Interrogatory No. 8* (solicitation of H-H employees): Without waiving our noted objections, as a sign of our continued good faith, we will provide an amended response next week.

1200743.2

David B. Chaffin
January 14, 2005
Page 4

# JENNER&BLOCK

*Interrogatory No. 9* (persons with knowledge): Your demand for one-sided discovery is unfortunate and improper, though reflective of your litigation tactics. The dictates of Rule 26 apply equally to both parties. As indicated, we will provide an amended Rule 26(a)(1)(A) disclosure next week.

*Protocol Subpoena Request 3* (terms and conditions of Martus, Bakal, and Kennedy's employment with Harte-Hanks): Thank you for the clarification. I did misinterpret your request. Protocol has no documents regarding the terms or conditions of Martus, Bakal, Kennedy or any other Harte-Hanks employees' employment at Harte-Hanks. And, as indicated, we will produce next week any employment agreement with Kennedy and any other communications relating to her hiring by Protocol.

*Protocol Request No. 7* (outside investors): Protocol has produced all documents relating to its hiring of Dall'Acqua, including any documents in its possession from its outside investors.

*Protocol Subpoena Requests Nos. 24-26* (Protocol's financial information and damages): Protocol is no longer a party to this litigation. It is seeking its damages from Harte-Hanks via an independent action pending in Illinois state court. Accordingly, and for the reasons set forth in my previous correspondence and in our responses, we stand on our objections.

I trust this addresses your concerns. I remain available to work together to attempt to resolve our respective discovery issues.

Sincerely,

Daniel J. Winters

cc: John F. Rooney, III

DJW:yd

1200743.2

# FAX TRANSMITTAL                    J E N N E R & B L O C K

| | |
|---|---|
| Jenner & Block LLP | Chicago |
| One IBM Plaza | Dallas |
| Chicago, IL 60611 | Washington, DC |
| Tel 312 222-9350 | |
| www.jenner.com | |

Date:            January 14, 2005

To:              David Chaffin                Fax:     617-330-1996
                 Hare & Chaffin               Voice:   617-330-5000

From:            Daniel J. Winters            Fax:     312 840-7385
                 dwinters@jenner.com          Voice:   312 923-2985

Employee Number:   231697                     Client Number:   43025-10056

**Important:** This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is attorney work product, privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via postal service. Thank you.

**Message:**    Please see attached.

---

Total number of pages including this cover sheet: _5_         Time Sent: _11:37 a.m._

If you do not receive all pages, please call: 312 222-9350      Sent By: _A. Daniel_

Secretary:  Susan A. Cihlar                                    Extension: 6557